UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **S3 20 Cr. 188 (JSR)** |
| Hamid Akhavan,<br>    a/k/a "Ray Akhavan," and<br>Ruben Weigand, | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need

for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued

during the course of the investigation, from various computers, cell phones, and other devices and storage media. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

**Return or Destruction of Material**

9. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. The defendant may not maintain disclosure material. In the alternative, upon notice to the Government, counsel for the defendant may maintain disclosure material so long as the disclosure material is maintained in a secure manner in facilities controlled by defense counsel. In either case, if disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant, nor does it restrict defendant's use or disclosure of any other material belonging to the defendant, that the defendant obtains from an independent source, or is publicly available.

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____   Date:   4/10/2020
    Christopher DiMase/Nicholas Folly/
    Tara La Morte
    Assistant United States Attorneys


_____   Date: _____
David Chesnoff, Esq.
Counsel for Hamid Akhavan


_____   Date: _____
Michael Artan, Esq.


_____
Andrew J. Levander, Esq.
Michael Gilbert, Esq.
Dechert LLP

Counsel for Ruben Weigand

SO ORDERED:

Dated: New York, New York
       _____, 2020

                                    _____
                                    THE HONORABLE JED S. RAKOFF
                                    UNITED STATES DISTRICT JUDGE

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    GEOFFREY S. BERMAN
    United States Attorney

by: _____                         Date: _____
    Christopher Dimase/Nicholas Folly/
    Tara La Morte
    Assistant United States Attorneys

_____                         Date: _____
David Chesnoff, Esq.
Counsel for Hamid Akhavan

_____                         Date: _____
Michael Artan, Esq.
Michael Gilbert, Esq.
Counsel for Ruben Weigand

SO ORDERED:

Dated: New York, New York
         _____, 2020

                                            _____
                                            THE HONORABLE JED S. RAKOFF
                                            UNITED STATES DISTRICT JUDGE

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    GEOFFREY S. BERMAN
    United States Attorney

by: _____ Date: _____
    Christopher Dimase/Nicholas Folly/
    Tara La Morte
    Assistant United States Attorneys


_____ Date: _____
    David Chesnoff, Esq.
    Counsel for Hamid Akhavan

_____ Date: 4/9/20
    Michael Artan, Esq.

_____
    Andrew J. Levander, Esq.
    Michael Gilbert, Esq.
    Dechert LLP

    Counsel for Ruben Weigand

SO ORDERED:

Dated: New York, New York
    _____, 2020

                              _____
                              THE HONORABLE JED S. RAKOFF
                              UNITED STATES DISTRICT JUDGE

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    GEOFFREY S. BERMAN
    United States Attorney

by: _____      Date: _____
    Christopher Dimase/Nicholas Folly/
    Tara La Morte
    Assistant United States Attorneys


_____      Date: _____
David Chesnoff, Esq.
Counsel for Hamid Akhavan

_____/s/_____      Date: **APRIL 9, 2020**
Michael Artan, Esq.


_____
Andrew J. Levander, Esq.
Michael Gilbert, Esq.
Dechert LLP

Counsel for Ruben Weigand

SO ORDERED:

Dated: New York, New York
    April 10, 2020

                                                       _____
                                                       United States District Judge