K4S6WEIC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4               v.                        20CR188(JSR)

5   RUBEN WEIGAND and HAMID
    AKHAVEN,
6
                Defendants.
7
    ------------------------------x
8
                                         New York, N.Y.
9                                        April 28, 2020
                                         2:00 p.m.
10

11  Before:

12                    HON. JED S. RAKOFF,

13                                       District Judge

14
                         APPEARANCES
15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    TARA LA MORT
17  CHRISTOPHER DIMASE
    NICHOLAS FOLLY
18       Assistant United States Attorneys

19  DAVID CHESNOFF
         Attorney for Defendant Akhaven
20
    ANDREW LEVANBER
21  MICHAEL ARTAN
    MICHAEL GILBERT
22       Attorneys for Defendant Weigand

23

24

25

K4S6WEIC

1            (Telephone Conference)

2            LAW CLERK:  We now have Judge Rakoff on the line.

3            THE COURT:  This is Judge Rakoff.

4            Counsel, please identify themselves for the record.

5            MS. LAMORTE:  Good afternoon.  This is Tara LaMorte

6    for the government.  With me on the line AUSAs Christopher

7    DiMase and Nicholas Folly and we also have FBI Special Agents

8    Matthew Mahaffey and.

9            THE DEPUTY CLERK:  Can you spell the FBI agents' last

10   names.

11           MS. LAMORTE:  Matthew Mahaffey, M-a-h-a-f-f-e-y; and

12   Ronald Shimko, S-h-i-m-k-o.

13           MR. CHESNOFF:  Good morning, your Honor.  David

14   Chesnoff appearing on behalf of Mr. Akhaven, who is present on

15   the telephone in California.  I am in Las Vegas.  I have

16   arranged, your Honor, to have a colleague of mine in Los

17   Angeles by the name of Stephanie Aims be there with Mr. Akhaven

18   with a separate phone in case he has some questions for me and

19   he can call me privately.  I am not assuming that that is going

20   to occur, but I did it as a precaution.

21           THE COURT:  That's very good.

22           MR. ARTAN:  Good afternoon, your Honor.  This is

23   Andrew Levanber, and on the phone with me are Michael Gilbert

24   of Decker and Michael Artan.  We represent the defendant,

25   Mr. Weigand, and Mr. Weigand is also on the phone.  Due to the

K4S6WEIC

```
 1    circumstances, we cannot have not somebody standing with him to
 2    confer.
 3              THE COURT:  Right.  He's in jail.
 4              So thank you all for calling --
 5              UNIDENTIFIED SPEAKER:  Judge, you are a little bit
 6    hard to hear.  I don't know if there is a volume--
 7              THE COURT:  I will see if I can do anything about
 8    that.  Hold on.
 9              Is that better?
10              UNIDENTIFIED SPEAKER:  That is better.
11              THE COURT:  So of course this proceeding is not being
12    taken in open court because of the coronavirus situation, but
13    both defendants are present telephonically.
14              Let me first ask counsel for each defendant whether
15    they have gone over the indictment with their respective
16    clients.
17              MR. CHESNOFF:  This is David Chesnoff, and Mr. Akhaven
18    has reviewed the indictment and he would waiver a reading of
19    it.
20              MR. ARTAN:  Your Honor, this is Michael Artan.  I have
21    gone over the indictment with Mr. Weigand and we also waive
22    reading of it.
23              THE COURT:  Very good.
24              I assume that both defendants wish a plea of not
25    guilty to be entered at this time; is that correct?
```

K4S6WEIC

1          MR. CHESNOFF:  That is correct for Mr. Akhaven, your
2    Honor.
3          MR. ARTAN:  That is correct for Mr. Weigand.
4          THE COURT:  How long does the government want to
5    complete discovery?
6          MS. LAMORTE:  Your Honor, you had given us a deadline
7    of today to complete discovery, and where we are now is
8    discovery is largely complete.  We have limited additional
9    discovery going out today and then beyond that we have two sort
10   of tranches of electronic evidence that still needs to be
11   produced.  Those sets of electronic data are -- my
12   understanding they are currently being burned onto drives.  It
13   has been a little bit slow for obvious reasons.  I believe if
14   we had an additional two weeks to complete everything that that
15   would be sufficient.
16         THE COURT:  I will give you two weeks from today to
17   complete discovery with no further adjournments.  Today is
18   April 28 and so I that would be May 12th.
19         I can't remember whether I previously set a date, but
20   how long after the completion of discovery would defense
21   counsel want for the making of any motions?
22         MR. ARTAN:  Your Honor, I haven't had a chance to
23   confer with other counsel; but we would propose sort of a
24   two-step process.  I think the first step would be a bill of
25   particulars some time after the discovery is complete and then

K4S6WEIC

1    after the bill of particulars are applied to or enforced or

2    whatever, grant a certain amount of time after that to file

3    motions.

4          MR. CHESNOFF:  Your Honor, on behalf of Mr. Akhaven,

5    we understand the discovery is quite voluminous.  I am not even

6    sure the number of terabytes.  I suggest that the Court allow

7    us an opportunity to index and get our arms wrapped around the

8    discovery so that we can give you an intelligent estimation of

9    how long it is going to take to review and what that leads to

10   in terms of motions.

11         THE COURT:  So you don't understand my practice.  I do

12   not ever enter into that kind of open-ended arrangement.  We

13   set firm dates and they are firmly enforced.  It doesn't mean I

14   won't give you a greater and more extended period than I

15   normally would, but we can inquire now as to anything you need

16   to know about the nature the discovery.  The government I am

17   sure can tell you here on the record what it is.

18         As Mr. Levanber asked for a bill of particulars, I see

19   no reason why.  If you need particulars, tell me now what you

20   want.

21         MR. LEVANBER:  I will try to answer your question.

22   The first one is that the indictment can tell you what my

23   client did.  It says he was part of a conspiracy and tracks the

24   language of the statute.  It kind of describes the overall

25   problem but doesn't articulate even generally what my client

K4S6WEIC

1    did in furtherance of that conspiracy.  Number one.

2          Number two--

3          THE COURT:  Excuse me.  Excuse me.  Excuse me.

4          You are talking about bill of particulars.  So it is

5    of no use to the Court for you to tell me, *It doesn't tell me*

6    *exactly what he did.*  You are entitled to some information,

7    probably more than what is in the indictment, and I usually

8    grant bills of particulars but you are not entitled to every

9    detail as you know.

10          MR. LEVANBER:  I am not asking for that.

11          UNIDENTIFIED SPEAKER:  Your Honor, this is--

12          THE COURT:  Excuse me.  Excuse me.

13          I will tell you what we'll do if all counsel are

14   agreeable.  The two defense counsel can confer and provide the

15   Court with a written bill of particulars by Thursday of this

16   week and the government can raise any objection to that as it

17   involves the particular requests.  A submission can be made to

18   the Court by no later than noon on Saturday.  I don't need oral

19   argument on bill of particulars.  I have had hundreds of them.

20   So I will give you a ruling by the close of business on Monday

21   and I will set a date for the government to give whatever

22   particulars I order, which typically would be maybe two or

23   three weeks after the ruling on the bill of particulars.

24          MS. LAMORTE:  Your Honor, may I be heard on the

25   schedule?

K4S6WEIC

1          THE COURT:  Yep.

2          MS. LAMORTE:  The government would request and suggest

3     that any bill of particulars wait until the completion of

4     discovery.  Oftentimes in the government's practice, we will

5     respond to a motion for bills of particulars and alike by not

6     only relying on the indictment but upon the discovery that has

7     been produced, which often provides, especially in this case,

8     substantial additional detail that may obviate the need for

9     particulars altogether.

10          THE COURT:  Hold on.  Hold on.

11          I don't understand that because you know right now

12     what discovery you have.  You haven't yet had a chance to

13     introduce it all because of logistical problems, but you know

14     right this minute what discovery you are going to produce.

15          MS. LAMORTE:  That's exactly right, your Honor.  I

16     just meant to say that once the defense has had an opportunity

17     to have that discovery, it may obviate the need for a motion.

18     That is what the government was suggesting.  Of course we know

19     what our discovery is.

20          THE COURT:  I think the chances that the defendants

21     will not move for a bill of particulars even after getting all

22     discovery zero, and this normally would be rejected by me as

23     just idle talk and having no practical meaning whatsoever, in

24     light of all the unusual circumstances that we face, discovery

25     can be completed by May 12th.  The request for bill of

K4S6WEIC

 1    particulars must be made by May 14th.  I don't want to hear

 2    that defense counsel won't have a chance to review all the

 3    discovery by that time because of course that is right that

 4    they will have enough of an idea to know what they will need

 5    for a bill of particulars.  The government will respond to the

 6    bill of particulars on May 18th.  I will rule on May 20th.

 7              Now, let's set a date for any other motions.

 8              MR. CHESNOFF:  Your Honor, I apologize for being

 9    presumptuous earlier.  Would the Court give an indication of

10    what a normal motion schedule is and then I can tell you what

11    my request would be if that is fair with the Court?

12              THE COURT:  Yeah.  So normally in most cases I give

13    two weeks after the completion of discovery.  When discovery is

14    voluminous as it is in this case, I normally give four weeks.

15    So I would propose four weeks.

16              MR. CHESNOFF:  And would the Court be upset if counsel

17    asked for six?

18              THE COURT:  No, I wouldn't be upset.  I am going to

19    have to deny it, but I am not going to be upset.

20              MR. CHESNOFF:  I will take the four, your Honor.

21              MR. LEVANBER:  Your Honor, what I would propose is

22    four weeks from May 20th.

23              THE COURT:  Four weeks from May 20th because why?

24              MR. LEVANBER:  For two reasons.  The first is it is

25    very voluminous discovery; the second is those answers to bills

K4S6WEIC

1   of particulars will educate us further as we're going through

2   discovery; and third, this is an incredibly difficult situation

3   for us.  Our client is not only incarcerated, but in this super

4   intensive case, the way we ask questions and try to get answers

5   is impossible because I get, you know, a very short phone call

6   and even in a public place when he calls.  When Mr. Artan goes

7   to visit him, it is through a plexiglass divider, which makes

8   hearing really impossible and they have to yell at each other

9   and you have to show him a document one page at a time up on

10  the plexiglass and have Mr. Weigand yell back at him what the

11  answer is that he has asked him after they communicate three

12  times to try to make sure they understand the question and

13  answer.  So under those circumstances and given the entirety

14  of--

15          THE COURT:  On the one hand, I don't find that

16  argument particularly persuasive because the motions for the

17  most part will be matters of law rather than fact.  Second, I

18  am blessed here with very experienced counsel for both

19  defendants who probably already have a fair notion of what

20  motion they might or might not want to bring.  Thirdly, if I

21  agree to your request, it is in effect giving you six weeks.

22          Having said all that you have worn me down with your

23  fatal blow, so I will give you four weeks from May 20th.

24          Let's see what that is -- June 17th.

25          MR. LEVANBER:  Thank you, your Honor.

K4S6WEIC

| | |
|---|---|
| 1 | THE COURT:  So those motions is June 17th. |
| 2 | How long does the government want to respond? |
| 3 | MS. LAMORTE:  Your Honor, two weeks. |
| 4 | What are my choices, your Honor?  Is it a |
| 5 | multiple-choice question. |
| 6 | THE COURT:  No.  It is two weeks or two weeks, and you |
| 7 | very cleverly figured out the right answer. |
| 8 | So we were at June 17th.  So that is July 1st.  I |
| 9 | don't need reply papers, but I will need oral argument on any |
| 10 | such motions.  We have the July 4th holiday somewhere in there. |
| 11 | So let's say for the oral argument, which I hope will be in |
| 12 | court but maybe telephonically and we'll just have to see what |
| 13 | the situation is then and I will advise in advance, but let's |
| 14 | say Monday, July 13th. |
| 15 | Linda, do we have anything else on that day? |
| 16 | THE DEPUTY CLERK:  We have a criminal trial. |
| 17 | THE COURT:  Let's put it on for 4:00 p.m. New York |
| 18 | time on July 13th. |
| 19 | Now, the one other thing that I think we should set is |
| 20 | the trial date itself.  How long a trial does the government |
| 21 | anticipate assuming both defendants go to trial on all charges? |
| 22 | MS. LAMORTE:  Your Honor, an estimate right now would |
| 23 | be approximately three weeks assuming both defendants are |
| 24 | going. |
| 25 | THE COURT:  Okay. |

K4S6WEIC

1            MR. CHESNOFF:  Your Honor, I mentioned to your clerk

2      on the first call we had with the government and your chambers

3      that I am presently engaged in a trial, which has been

4      suspended but that the judge has indicated he is trying to

5      figure out a manner to commence some time after May 26th, and

6      we're going to be speaking to him again.  As I explained in

7      that initial call, this trial is a four-month trial.  It's a

8      homicide involving three different separate homicides with one

9      as the charged crime.  I brought that up early on so that the

10     Court would be aware that that is occurring.  I just wanted to

11     present that to you, your Honor, so you were aware that I am

12     presently engaged in a trial that is suspended.

13            THE COURT:  Thank you for reminding me and that is

14     very important.

15            MR. LEVANBER:  Your Honor, I have trial dates.  Things

16     have gotten backed up and I have trials now in September,

17     October and November.

18            THE COURT:  So --

19            MR. ARTAN:  Pardon me, your Honor.  I have an

20     August 4th trial with a two- to three-week estimate in the

21     Central District of California.

22            THE COURT:  So I'm willing given all those

23     circumstances to put the trial off until December if which is

24     much, much, much, much, much, much, much, much later than I

25     normally would do; but if that is the desire of all parties, we

K4S6WEIC

1    can pick a date in December.

2              MR. CHESNOFF:  I am amenable to that, your Honor, and

3    very appreciative.

4              MR. LEVANBER:  That's acceptable.  I would propose

5    that we start as early in December as possible.

6              THE COURT:  Why don't we start on Tuesday,

7    December 1st.  I am quite confident we'll be done before the

8    Christmas holiday.  Needless to say barring truly extraordinary

9    circumstances that date they will not be extended because that

10   is much longer than I would normally give.

11             Is there anything else that we have to take up today

12   other than excluding time under the Speedy Trial Act?

13             MS. LAMORTE:  Nothing from the government, your Honor.

14             MR. CHESNOFF:  No.  Thank you, your Honor.

15             MR. LEVANBER:  We're okay.

16             THE COURT:  So pursuant to the Speedy Trial Act, I

17   will exclude all time between now and December 1st finding that

18   such time is necessary for the completion of discovery, the

19   making and deciding of motions, the accommodation of counsel's

20   complicated schedules, the special delays put in place by the

21   coronavirus crisis and that for those and other reasons

22   apparent in this transcript, in the best interest of justice in

23   excluding such time substantially outweighs the interests of

24   the public and defendants in a speedy trial.

25             Thank you all very much and I will look forward to

K4S6WEIC

1    hopefully seeing you in July.

2            Bye-bye.

3                                     o0o