UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

UNITED STATES OF AMERICA

-v-

HAMID AKHAVAN,

a/k/a "Ray Akhavan",

Defendant.

---------------------------------------------------------------X

CASE NO. 20 -CR-188

**DEFENDANT'S MOTION FOR BILL OF PARTICULARS PURSUANT TO FED. R. CRIM. P. 7(f) AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW, Defendant, HAMID AKHAVAN ("Mr. Akhavan"), by and through his undersigned counsel of record, DAVID Z. CHESNOFF, ESQ., and hereby submits this Motion for Bill of Particulars Pursuant to Fed. R. Crim. P. 7(f) and Memorandum of Law in Support.

This Motion is made and based upon the papers and pleadings on file in this matter, and the attached Memorandum of Points & Authorities.

DATED this 11th day of May, 2020.

Respectfully submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
Admitted Pro Hac Vice
Nevada Bar No. 2292
520 South Fourth Street
Las Vegas, Nevada 89101
Tel: (702) 384-5563
dzchesnoff@cslawoffice.net
Attorney for Defendant Hamid Akhavan

**TABLE OF CONTENTS**

I. INTRODUCTION…………………………………………………………………..1

II. ARGUMENT……………………………………………………………………..1

A. Identities of Uncharged Co-Conspirators and Others Involved in the Alleged Scheme (Requests 1, 2, and 3)………………………………………………..4

B. Identities of Allegedly Defrauded United States Banks and Other Financial Institutions and Their Means of Processing Payments (Requests 4, 5, and 6)…………………………………………………………7

C. Dates and Locations of Mr. Akhavan's Alleged "Miscoding" and List of Phony Merchants Allegedly Created (Requests 7 and 8)……………………………..……9

D. Whether the Relevant Transactions Involved Medical Marijuana (Request 9)……………………………………………………………………...11

III. CONCLUSION…………………………………………………………………..11

# TABLE OF AUTHORITIES

**CASES** **PAGES(S)**

*United States v. Alegria*,
No. 90-CR-0450, 1991 WL 33284 (S.D.N.Y. Mar. 7, 1991)………………….7, 8, 9

*United States v. Altimari*,
No. 93-CR-650, 1994 WL 116086 (S.D.N.Y. Mar. 25, 1994)…………………….. 9

*United States v. Barnes*,
158 F.3d 662 (2d Cir. 1998)…………………………………………………….. 2

*United States v. Bin Laden*,
92 F. Supp. 2d 225 (S.D.N.Y. 2000)……………………………………………. 4

*United States v. Bortnovsky*,
820 F.2d 572 (2d Cir. 1987)…………………………………………………...1, 2, 3

*United States v. Davidoff*,
845 F.2d 1151 (2d Cir. 1988)………………..……………………………...2, 7, 9

*United States v. Gupta*,
No. 11-CR-907 (S.D.N.Y. Jan. 5, 2012)……………………………………………4

*United States v. Hennessy*,
No. 92-CR-0709, 1993 WL 137766 (S.D.N.Y. Apr. 23, 1993)………………...7, 10

*United States v. Ikoli*,
No. 16-CR-148, 2017 WL 396681 (S.D.N.Y. Jan. 26, 2017)……………………..10

*United States v. Lino*,
No. 00-CR-632, 2001 WL 8356 (S.D.N.Y. Jan. 2, 2001)………………………..4, 6

*United States v. Nachamie*,
91 F. Supp. 2d 565 (S.D.N.Y. 2000)………………………………………..4, 5

*United States v. O'Connor*,
237 F.2d 466 (2d Cir. 1956)……………………………………..………… 1

*United States v. Orena*,
32 F.3d 704 (2d Cir. 1994)……………………………………………………… 7

*United States v. Pinto-Thomaz*,
352 F. Supp. 3d 287 (S.D.N.Y. 2018)………………………………….........4, 10

*United States v. Rajaratnam*,
No. 09-CR-1184, 2010 WL 2788168 (S.D.N.Y. July 13, 2010) ……………….7, 10

*United States v. Rosenthal*,
No. 91-CR-412, 1991 WL 267767 (S.D.N.Y. Dec. 3, 1991)……………………… 4

*United States v. Savin*,
No. 00-CR-45, 2001 WL 243533 (S.D.N.Y. Mar. 7, 2001)…………………….. 4, 6

*United States v. Zandstra*,
No. 00-CR-209, 2000 WL 1368050 (S.D.N.Y. Sept. 20, 2000)……………………7

**FEDERAL RULES OF CRIMINAL PROCEDURE**

Fed. R. Crim. P. 7(f)………………………………………………………… 1, 11

Fed. R. Crim. P. 18……………………………………………………………... 8

**FEDERAL RULES OF EVIDENCE**

Fed. R. Evid. 801(d)(2)(E)……………………………………………………….6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant, Hamid Akhavan, through counsel, respectfully submits this memorandum of law in support of his motion for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). The Superseding Indictment charges a wide-ranging conspiracy to commit bank fraud on an unspecified number of "United States banks and other financial institutions" over the course of an approximately three-year period ("[f]rom at least in or about 2016, up to and including in or about 2019"). Superseding Indictment, p. 1, para. 1. The scheme is alleged to have involved multiple unidentified and uncharged parties, including "several of the principals of the Online Marijuana Marketplace Company," certain "third party payment processors," certain unnamed "co-conspirators," and the "dispensaries" that "contracted with the Online Marijuana Marketplace Company to fulfill orders." *Id.* at p. 2-3, para. 2-3.

The Superseding Indictment provides very little factual detail in support of its broad allegations. The document does not include a single date, the name of any individual or entity other than the two Defendants, or the details any specific act undertaken by the Defendants in furtherance of the alleged conspiratorial objective.

## II. ARGUMENT

Fed. R. Crim. P. 7(f) allows district courts to "direct the government to file a bill of particulars." This Rule is intended "to enable the accused to meet the charges presented against him" and accordingly "should be liberally interpreted to carry out this purpose." *United States v. O'Connor*, 237 F.2d 466, 476 (2d Cir. 1956). A bill of particulars may be necessary for a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [him] to prepare for trial" or "to prevent surprise." *United States v. Bortnovsky*,

820 F.2d 572, 574 (2d Cir. 1987); *see also United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). While a bill of particulars generally should not be used "as a means of learning the government's evidence and theories," it will, "if necessary to give the defendant enough information about the charge to prepare his defense, . . . be required even if the effect is disclosure of evidence or of theories." *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (citation omitted). Ultimately, "[t]he decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court." *Bortnovsky*, 820 F.2d at 574.

Here, the Superseding Indictment fails to sufficiently inform the Defendant of the rudimentary factual details of the charged conspiracy to permit him to investigate and prepare trial defenses. Accordingly, Mr. Akhavan requests that this Court Order the government to provide a bill of particulars containing the following information:

1. The identities of all alleged unindicted co-conspirators, including but not limited to:

    a. The "several . . . principals of the Online Marijuana Marketplace Company" that allegedly "arranged for the money received from the Online Marijuana Marketplace Company's customers to be disguised as payments to over a dozen phony online merchants and other non-marijuana businesses." Superseding Indictment, p. 2, para. 2.

    b. The "other co-conspirators" that allegedly "create[d] phony offshore corporations and websites . . . and open[ed] offshore merchant bank accounts." *Id.*

    c. The "third party payment processors" (identified by name, location, and ownership) that allegedly "worked with" the Defendants and "other co-conspirators to create phony offshore corporations and websites . . . and open offshore merchant bank accounts." *Id.*

    d. The "other members of the conspiracy" that allegedly "used several strategies to trick United States issuing banks into authorizing marijuana transactions for the Online Marijuana Marketplace." *Id.* at p. 10, para. 12.

2. The identities of all dispensaries alleged to have sold marijuana in connection with any transaction that involved the deception of any United States bank or financial institution and each of their locations. *See id.* at p. 3, para. 3.

3. The identities of all "offshore acquiring banks" that the Defendants and "other co-conspirators" allegedly used to process any transaction that involved the deception of any United States bank or financial institution and their locations. *See id.* at p. 10, para. 13.

4. The identities of all "United States banks and other financial institutions" that were allegedly deceived by the Defendants' scheme and their locations. *See id.* at p. 1, para. 1.

5. The identities of the United States banks and other financial institutions that "offer[ed] payment processing services directly to merchants," and the identities of the dispensaries involved in those transactions. *Id.* at p. 5, para. 7.

6. The identities of the United States banks and other financial institutions that used Independent Sales Organizations or other third parties to process payments, and the identities of the dispensaries involved in those transactions. *See id.*

7. The dates and locations of Mr. Akhavan's alleged "miscoding" of any processing transaction and the name(s) of the specific United States bank(s) or financial institution(s) deceived as a result. *See id.* at p. 6, para. 9.

8. A complete list of the "phony online merchants" allegedly created by the Defendants and others. *See* Superseding Indictment at p. 2, para. 2.

9. Whether the illegal cannabis transactions allegedly involved the distribution of medical marijuana and, if so, the identities of any dispensaries that were solely involved in distributing medical marijuana, as contrasted to marijuana for sale for non-medical purposes.

As set forth more fully below, disclosure of the foregoing items is necessary to "enable[e] [Mr. Akhavan] to prepare for trial" and "to prevent surprise." *Bortnovsky*, 820 F.2d at 574.

///

### A. Identities of Uncharged Co-Conspirators and Others Involved in the Alleged Scheme (Requests 1, 2, and 3)

As a general matter, whether to require the government to identify unindicted co-conspirators is a decision committed to the discretion of the district court judge. Indeed, "[t]he Second Circuit has affirmed both the grant and the denial of such a request." *United States v. Nachamie*, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000) (citing cases). Factors relevant to the inquiry include, "(1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the Government otherwise has provided adequate notice of the particulars; (4) the volume of pretrial disclosure; (5) the potential danger to co-conspirators and the nature of the alleged criminal conduct; and (6) the potential harm to the Government's investigation." *Id.* While the case law on this issue has not been unanimous, judges in this District have repeatedly granted requests similar to the ones at issue here. *See, e.g.*, *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 303 (S.D.N.Y. 2018) (Rakoff, J.) (granting "motion for a bill of particulars as to the identities of unindicted co-conspirators"); *United States v. Gupta*, No. 11-CR-907 (S.D.N.Y. Jan. 5, 2012) (Rakoff, J.) (ordering government to "disclose co-conspirators"); *United States v. Lino*, No. 00-CR-632, 2001 WL 8356, at *12 (S.D.N.Y. Jan. 2, 2001) ("Requests for names of unindicted co-conspirators are fairly common and often are granted by district courts."); *United States v. Savin*, No. 00-CR-45, 2001 WL 243533, at *5 (S.D.N.Y. Mar. 7, 2001) (finding that the defendant was "entitled to a list of known unindicted co-conspirators"); *United States v. Bin Laden*, 92 F. Supp. 2d 225, 241 (S.D.N.Y. 2000) (requiring the government to provide "the identities, including all aliases and code names, of all unindicted co-conspirators to whom it will refer at trial"); *United States v. Rosenthal*, No. 91-CR-412, 1991 WL 267767, at *7 (S.D.N.Y. Dec. 3, 1991) ("To the extent that the government knows of other persons who took part in the charged offenses with the intent of furthering the

illegal goals alleged, the government is ordered to disclose their identities and a general description of each of their alleged roles.").

The *Nachamie* factors weigh in favor of disclosure in the present case. While there are only two Defendants, the Superseding Indictment makes clear that many other (as yet unidentified) individuals and entities were involved in the alleged conspiracy. Some of these anonymous parties, namely the "principals of the Online Marijuana Marketplace Company" and the "third party payment processors" are expressly implicated in the charged criminal conduct. *See* Superseding Indictment, p. 2, para. 2. Others, such as the dispensaries selling marijuana through the Online Marijuana Marketplace and the offshore acquiring banks allegedly used by the Defendants to perpetuate their scheme, are said to have been involved in the relevant transactions, but their knowledge of and complicity in the charged fraud is unclear. While the precise number of individuals involved is impossible to determine due to the lack of detail provided by the Superseding Indictment, for the time being it suffices that the conspiracy extended well beyond the two Defendants. The temporal scope of the charged crime is similarly broad, spanning approximately three years. *See Nachamie*, 91 F. Supp. 2d at 573 (finding that this factor weighed in favor of disclosure where the alleged conspiracy operated for "more than three years"). These considerations are relevant because "[i]f there are a large number of co-conspirators and a long-running conspiracy, a defendant is more likely to be surprised by the identity of other co-conspirators, whom he may never have met." *Id.* at 572. The Superseding Indictment, which again fails to identify a single person or entity other than the Defendants or any specific date, clearly fails to provide "adequate notice of the particulars." *Id.* The voluminous nature of the discovery disclosed in this case thus far, including approximately 42,000 bates stamped pages and a drive containing about one terabyte of information,

complicates matters further. A bill of particulars naming all unindicted co-conspirators will, in addition to facilitating a factual investigation, assist the Defense in preparing for a trial that may involve certain out-of-court statements by alleged co-conspirators. Without this information, the Defense will lack the notice required to easily recognize out-of-court statements which may be offered into evidence under Fed. R. Evid. 801(d)(2)(E).

Identification of uncharged co-conspirators in a case where the allegations span multiple years and involve several different individuals is necessary to permit the defense to identify and investigate potentially relevant witnesses. This logic is no less applicable to others who participated in the events giving rise to the charges, regardless of whether or not the government deems them co-conspirators. Accordingly, judges in this District have ordered the government to identify such other participants. *See Lino*, 2001 WL 8356, at *5 ("[T]he Government shall specify each of the publicly traded companies that entered into unlawful agreements with the enterprise and each of the names of the union locals that were the objects of the pension fund fraud."); *Savin*, 2001 WL 243533, at *2 (requiring identification of "each of the 'others' to whom [the defendant] allegedly arranged for [client's] funds 'to be transferred through a series of intercompany transfers'"). In the present case, Mr. Akhavan requests that the government be ordered to identify the dispensaries and offshore acquiring banks involved in the transactions at issue. The Defense anticipates that such disclosure will lead to evidence supporting the legitimacy of Mr. Akhavan's business and the relevant transactions.

///

### B. Identities of Allegedly Defrauded United States Banks and Other Financial Institutions and Their Means of Processing Payments (Requests 4, 5, and 6)

"An indictment should name . . . the persons defrauded when they are known by the government." *United States v. Orena*, 32 F.3d 704, 714–15 (2d Cir. 1994) (citation omitted). Thus, the Second Circuit has held that a trial judge "exceeded his discretion . . . by denying a bill of particulars identifying at least the victims of discrete extortionate schemes that the prosecution intended to prove." *Davidoff*, 845 F.2d at 1154. While the result reached in *Davidoff* was driven in part by the court's concern regarding the breadth of the RICO statute, the Superseding Indictment in the present case raises similar concerns. *See United States v. Rajaratnam*, No. 09-CR-1184, 2010 WL 2788168, at *2 (S.D.N.Y. July 13, 2010) ("[I]n complex conspiracy cases like this one, the potential for unfair surprise and the difficulty of preparing a defense are amplified."); *United States v. Alegria*, No. 90-CR-0450, 1991 WL 33284, at *3 (S.D.N.Y. Mar. 7, 1991) (applying *Davidoff* to indictment "on the similarly broad charge of conspiracy"). Several judges in this District have, moreover, required the government to identify alleged victims where the indictment failed to provide that information. *See United States v. Zandstra*, No. 00-CR-209, 2000 WL 1368050, at *6 (S.D.N.Y. Sept. 20, 2000) ("[T]he Government is directed to provide [the defendant] with a bill of particulars identifying the approximate dates of the allegedly fraudulent mailings, and the names of the alleged victims, if known."); *United States v. Hennessy*, No. 92-CR-0709, 1993 WL 137766, at *3 (S.D.N.Y. Apr. 23, 1993) ("[T]he Government in this case must disclose which union members will be alleged to have turned over their ballots in response to the defendants' extortionate demands."); *Alegria*, 1991 WL 33284, at

*3 ("[T]he Government must provide any known identity of the owners of the stolen vehicles as to which the Government intends to adduce proof.").[1]

In the present case, not only is disclosure of the relevant banks necessary for the Defense to identify and investigate the transactions underlying the government's charges, but it is also necessary to a potential argument that venue is lacking under Fed. R. Crim. P. 18. The only mention of this District in the Superseding Indictment is the conclusory allegation that the crime occurred "in the Southern District of New York and elsewhere." Superseding Indictment, p. 12, para. 15. The utter lack of underlying factual detail regarding the location of the offense renders it impossible for Mr. Akhavan to conclusively verify or refute this assertion. The Defense, however, is not presently aware of any connection between the conduct alleged in the Superseding Indictment and this District. To the extent the government will argue that venue is proper in the Southern District of New York due to the location of the relevant banks, the identities of those banks should be disclosed to the Defense forthwith.

Mr. Akhavan additionally requests the identities of those banks that offered payment processing services directly to merchants and those that used third-party entities to process payments. *See* Superseding Indictment, p. 5, para. 7. Because the alleged fraud at issue in this case occurred, if at all, in the processing of credit and debit card payments, it is crucial that the Defendant know the means by which this processing is alleged to have occurred for the relevant financial institutions. The requested disclosure will also assist the Defense in locating potential witnesses for banks that utilized third-party processors.

[1] Much like the issue of unindicted co-conspirators, there are decisions in this District both granting and denying requests for identification of alleged victims. The Defense respectfully submits that, in the present case, disclosure is warranted in light of the breadth of the charge, the lack of factual detail provided by the Superseding Indictment, and the relevance of this information to the venue issue discussed below.

**C. Dates and Locations of Mr. Akhavan's Alleged "Miscoding" and List of Phony Merchants Allegedly Created (Requests 7 and 8)**

While defendants are not entitled to advance knowledge "of the evidence the government will introduce," they "should have some notice . . . of particular illegal acts the government will seek to prove, if not identified in the indictment. . . . Where a conspiracy is charged, those 'specific acts' include particular illegal actions on the part of a defendant within the alleged object of the conspiracy . . . ." *United States v. Altimari*, No. 93-CR-650, 1994 WL 116086, at *3 (S.D.N.Y. Mar. 25, 1994); *Alegria*, 1991 WL 33284, at *3 (holding that information "regarding the dates, times, and places of the alleged offenses . . . falls within the ambit of the rule in" *Davidoff* "as information essential for the defendants to prepare a defense against the charges"). Here, the Superseding Indictment alleges that, at some point in an approximately three-year period ("[f]rom at least in or about 2016, up to and including in or about 2019," Superseding Indictment p. 1, para. 1), Mr. Akhavan joined a conspiracy "to deceive United States banks and other financial institutions into processing in excess of one hundred million dollars in credit and debit card payments for the purchase and delivery of marijuana products." *See id.* This charge is not supported by reference to any particular action (identified by time and/or place) on Mr. Akhavan's part. Rather, the Superseding Indictment proceeds with general averments, devoid of any meaningful factual detail, such as the allegation that the Defendants and others "used merchant codes for other products – typically referred to as 'miscoding' – in order to get around" credit card company rules, *id.* at p. 6, para. 9, and "arranged for the money received from the Online Marijuana Marketplace Company's customers to be disguised as payments to over a dozen phony online merchants and other non-marijuana businesses," *id.* at p. 2, para. 2.

These charges are, "quite obviously, much less specific than" those at issue in other conspiracy cases, "*e.g.*, a charge that a defendant, on or about a particular date, possessed drugs with the intent to distribute them." *Altimari*, 1994 WL 116086, at *3. Accordingly, while not all defendants are entitled to a bill of particulars regarding actions taken in furtherance of an alleged conspiracy, *see, e.g.*, *Hennessy*, 1993 WL 137766, at *3, such information is necessary to Mr. Akhavan's ability to prepare a defense in this case. *See Pinto-Thomaz*, 352 F. Supp. 3d at 302 ("[C]ourts' decisions to grant bills of particulars are not predetermined by the nature of the charges filed, but dependent upon the complexity of the facts at issue and degree of disclosure already offered."); *United States v. Ikoli*, No. 16-CR-148, 2017 WL 396681, at *5 (S.D.N.Y. Jan. 26, 2017) (finding bank fraud indictment "arguably insufficient to satisfy the Government's obligations" where, among other things, it "broadly identifie[d] the timeframe of the charges," "provide[d] limited location information" (alleging that the crime was committed "in the Southern District of New York and elsewhere"), failed to "identify any particular institution" that was allegedly defrauded, and did not identify the specific transactions at issue); *Rajaratnam*, 2010 WL 2788168, at *3 ("[C]ourts have sometimes ordered the government to provide more particulars about overt acts alleged in terms too general to enable the defendant to defend against them.").

///

Mr. Akhavan cannot meaningfully prepare his trial defenses without additional detail regarding the very acts that he is accused to have taken in furtherance of the alleged fraud. He should not, for example, be required to exhaustively review approximately three years of transactions in an attempt to identify the purported miscoding referenced in the Superseding Indictment. Mr. Akhavan similarly is entitled to know the identities of the so-called phony merchants that he is accused of creating in order to perpetuate the fraud. While the Superseding Indictment does list some of those entities, that list is expressly characterized as non-exhaustive. *See* Superseding Indictment, p. 11, para. 13.

### D. Whether the Relevant Transactions Involved Medical Marijuana (Request 8)

Lastly, Mr. Akhavan requests that the government be required to specify whether the relevant transactions involved medicinal marijuana. To the extent that the transactions were for medicinal purposes, including to fill prescriptions issued by medical doctors, that fact supports an argument that Mr. Akhavan harbored a good-faith belief in the legality of his actions.

## III. CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Honorable Court grant his motion for a bill of particulars pursuant to Fed. R. Crim. P. 7(f).

DATED this 11th day of May, 2020.

Respectfully submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
Admitted Pro Hac Vice
Nevada Bar No. 2292
520 South Fourth Street
Las Vegas, Nevada 89101
Tel: (702) 384-5563
dzchesnoff@cslawoffice.net
Attorney for Defendant Hamid Akhavan