```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :    S3 20-cr-188(JSR)
         -v-                        :
                                    :    MEMORANDUM ORDER
HAMID AKHAVAN                       :
                                    :
     Defendant.                     :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Defendant Hamid Akhavan moves the court to relieve his counsel of record, David Z. Chesnoff, and to substitute William Burck and Christopher Tayback of Quinn Emanuel Urquhart & Sullivan LLP and Ira P. Rothken and Jared Smith of the Rothken Law Firm. In a responsive letter, dated May 22 and filed under seal, the Government informed the Court that it does not object to this request. However, because of potential conflicts of interest on the part of both Quinn Emanuel and the Rothken Firm, the Government moved in the same letter for a hearing pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982). Having held such a hearing on May 27, the motion for substitution of counsel is now granted.[1]

The Court began the May 27 hearing by inquiring of proposed defense counsel about their potential conflicts. The basic issue

---

[1] The hearing was sealed in order to afford the defendant a full opportunity to state any concerns he might have regarding the potential conflicts.

1

is that Quinn Emanuel already represents two persons and one corporate entity that are subjects (but not targets as of now) of a criminal investigation related to the instant matter. Although the Government has not identified any particular reasons why Akhavan's interests conflict with those of the three others, there is, nonetheless, the general possibility that Akhavan might desire to advance a defense that is adverse to one or all of the three others, or vice versa. None of the three others is currently named as a defendant in this case; Quinn Emanuel proffered to the Court, however, that if one of the others were to be indicted in this matter, the firm would at that point not seek to represent more than one defendant. Quinn Emanuel further proffered that, while the entity is currently advancing Akhavan's legal fees, Akhavan is ultimately not reliant on the other subjects for the payment of legal fees to Quinn Emanuel. Quinn Emanuel further represented that, if either or both of the two other individual subjects were to testify at Akhavan's trial, Quinn Emanuel would have independent counsel cross-examine either or both.

The Rothken Firm, in contrast, does not currently represent any party in connection with the instant criminal case. However, it has previously represented both Akhavan and the three other subjects in civil litigation. Additionally, the Rothken Firm now seeks to represent both Akhavan and the corporate entity in the

instant matter, which could give rise to a potential conflict similar to that above.

The Court then conducted a Curcio examination of defendant Akhavan. The defendant consistently expressed his desire that Quinn Emanuel and the Rothken Firm represent him in this matter. The Court explained to him the potential conflicts at length, and he indicated that he understood them and was fully prepared to waive them. Among other things, the Court cautioned the defendant that these firms might be forced to forego certain defenses or to withdraw as his lawyers entirely. The Court further cautioned him that, even if he does not currently view his own interests as adverse to those of the three other subjects, the facts of the case could develop in unexpected ways, even as late as the trial itself, and by that point it may be too late for him to hire new counsel who could pursue different lines of defense. The defendant indicated that he understood all of these risks and, regardless, wished for Quinn Emanuel and the Rothken Firm to represent him. The Court finally offered Akhavan the opportunity to discuss these issues with an independent, Court-appointed attorney, and he declined to do so.

The Sixth Amendment grants a defendant the qualified right to be represented by counsel of his choosing. Wheat v. United States, 486 U.S. 153, 159 (1988). This right is qualified, rather than absolute, because the trial court may disqualify

certain counsel on the ground of a potential or actual conflict of interest. United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994). The general standard is that the court must disqualify prospective counsel when it discovers a conflict of interest so "severe . . . that no rational defendant would knowingly and intentionally desire the conflicted lawyer's representation." Id. The Court has broad discretion in determining whether a conflict is sufficiently severe as to be unwaivable by the defendant. United States v. Perez, 325 F.3d 115, 125 (2d Cir. 2003); United States v. Zichettello, 208 F.3d 72, 104 (2d Cir. 2000).

The Court here finds that both Quinn Emanuel and the Rothken Firm do have potential conflicts of interest, but not actual conflicts, because no party yet knows of any specific facts suggesting that Akhavan's interests are in tension with those of the other three subjects. See Levy, 25 F.3d at 153; Perez, 325 F.3d at 125.

At this point, these potential conflicts are not so severe as to be unwaivable. Certain factual developments — including, most obviously, the naming of one of the other three subjects as a defendant in this case — could force the Court to reexamine this conclusion, but as of now the Court finds that the defendant's interest in having the counsel of his choice outweighs the detriment of a potentially-conflicted

representation. See Wheat, 486 U.S. at 157. In reaching this conclusion, the Court places substantial weight on the defendant's desire, expressed clearly and consistently throughout the hearing, and with full understanding of the inherent risks, that Quinn Emanuel and the Rothken Firm represent him. The Court also places some weight on the fact that the Government has declined to oppose this representation.

The Court also finds that the potential conflicts here are not so serious as to require disqualification under the relevant case law. Unlike conflicts between an attorney's self-interest and that of the defendant, "an attorney's representation of two or more defendants . . . [is] generally waivable." Perez, 325 F.3d at 127; see United States v. Fulton, 5 F.3d 605, 613 (2d Cir. 1993). Even where courts have found conflicts of this type to be unwaivable, the facts are often far more egregious than those here. For example, in Wheat, the Supreme Court affirmed the district court's denial of a defendant's motion to substitute as his counsel the lawyer who also represented two of his co-defendants. There, at least one of the co-defendants was likely to be called as a witness at the defendant's trial. 486 U.S. at 156. Moreover, the motion for substitution was brought less than a week before the scheduled start of the defendant's trial. See id. at 155. Here, in contrast, trial is scheduled to begin more than six months hence, and, as noted above, none of

5

the other subjects is currently named as a co-defendant, much less one who is likely to be called to testify at Akhavan's trial.

    The Court accordingly finds that a rational defendant could knowingly and intentionally waive the conflict at issue here, and that defendant Akhavan has in fact done so. The motion for substitution of counsel is therefore granted. Mr. Chesnoff is relieved as counsel of record, to be replaced by the above-named counsel from Quinn Emanuel and the Rothken Firm.

    SO ORDERED.

Dated: New York, NY
      May 30, 2020

_____
United States District Judge