# EXHIBIT B

quinn emanuel    trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3170**

WRITER'S EMAIL ADDRESS
**christayback@quinnemanuel.com**

June 17, 2020

## VIA ELECTRONIC MAIL

Tara LaMorte
Nicholas Folly
Christopher DiMase
United States Attorney
Southern District of New York
The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007
tara.lamorte2@usdoj.gov
nicholas.folly@usdoj.gov
christopher.dimase@usdoj.gov

Re:    United States v. Hamid Akhavan & Ruben Weigand, S3 20 Cr. 188 (JSR)

Dear Tara, Nicholas, and Christopher:

As you know, in the above-referenced matter, Quinn Emanuel Urquhart & Sullivan, LLP represents Hamid ("Ray") Akhavan (the "Defendant"). We write to you regarding discovery in this case.

As a threshold matter, we request that, to the extent you have not already done so, you produce by **June 19, 2020**, all discovery to which the Defendant is entitled under the United States Constitution, Federal Rules of Criminal Procedure (Fed. R. Crim. P.), Federal Rules of Evidence, local rules, statutes, case law, court orders, and any other source of legal obligation. We also request that you produce without delay and material responsive to this request that you obtain after June 19, 2020.

In addition, please produce all exculpatory and impeachment material required under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, including under *U.S. v. Giglio*, 45 U.S. 150 (1972), as contemplated by Judge Rakoff's Individual Rule 13(1).

If you are unable or unwilling to provide any of the requested discovery in the requested timeframe(s) or otherwise, please advise so that we can discuss the issue.

### 1.   Statements by Defendant and Alleged Co-Conspirators

Pursuant to Fed. R. Crim. P. 16(a)(1)(A)-(C), please produce all written and oral statements of the Defendant. Please also produce all notes, transcripts, memorandum, and recordings of any interview conducted of, or of statements otherwise made or adopted by, the Defendants or any alleged co-conspirators. If you believe that all such statements have been produced, please provide written confirmation that the Government has fulfilled this obligation.

### 2.   Interview Memoranda and Notes

Please produce all memoranda regarding interviews or meetings that were conducted in association with this matter, including but not limited to memoranda generated by employees or agents of the Federal Bureau of Investigation ("FBI"). This request includes, but is not limited to, interview memoranda for all current or former employees, officers, directors, owners, or other personnel of (i) the Online Marijuana Marketplace (as defined in the Indictment[1]); (ii) Eaze Technologies, Inc. ("Eaze"); (iii) any of the Payment Processors (as defined in the Indictment) and any of the acquiring, merchantor issuing banks or other financial institutions referenced in the Indictment; (iv) any of the alleged Phony Merchants (as defined in the Indictment); and (v) any of the Credit Card Companies (as defined in the Indictment). This request also includes any interview memoranda regarding any interview with "Tanya," "Ollie," Kanye Wilkins, Nina Akhavan, Medhat Mourid, Greg D'Amore, Will Ayala, or "CW-1" (as defined in produced document HA_USAO_00000248, *et seq.*) (Agent Affidavit in Support of Application for Search and Seizure Warrant), and any other individual interviewed by the FBI or other government agency in connection with this matter.

Please also produce complete copies of all notes taken during any such meeting or interview, including but not limited to handwritten notes. This request includes, but is not limited to, complete copies of notes taken during interviews of all individuals (personally, or through their counsel).

### 3.   Prior Criminal Records

To the extent not already produced, pursuant to Fed. R. Crim. P. 16(a)(1)(D), please produce any prior criminal record for the Defendant.

---

[1]   "Indictment" refers to the Sealed Indictment filed March 31, 2020, at ECF 16, in *United States v. Akhavan,* et al., No. 20-cr-00188-JSR, currently pending before the United States District Court for the Southern District of New York.

**4. Documents and Objects**

Pursuant to Fed. R. Crim. P. 16(a)(1)(E), please produce or make available for inspection and copying, documents and objects that are (i) material to preparing the defense, or which (ii) the Government intends to use at trial, or (iii) were obtained from or belong to the Defendant.

When producing, please specifically indicate which documents and objects fall into each of these categories. To the extent such material has already been produced, please specifically identify (via Bates range) the documents and objects that fall into each of these categories.

Please note that this request includes materials in the possession and control of other agencies, including but not limited to federal or state law enforcement, administrative, and intelligence agencies.

This request includes, but is not limited to, the following:

A. **Seized Documents**: All documents, objects, and anything else seized by the Government, during any search or seizure conducted in this matter;

B. **Third Party Productions**: To the extent not already produced, all documents, including electronic data, produced to the Government by any third party during the investigation of this matter;

C. **Proffers**: Memoranda, notes, or recordings of any and all proffers that the Government has received from anyone in connection with this matter, including attorneys representing individuals or companies, and any materials the Government received in connection with any proffers;

D. **Taint Team Protocols**: Any protocols utilized by taint teams to review the contents of email and cloud-based accounts or the content of any electronic devices associated with the Defendant. If no taint team or Chinese Wall process was utilized in this search, please advise;

E. **Grand Jury Transcripts**: Copies of all grand jury testimony in the investigation of this matter. This includes a specific request for grand jury testimony of all potential witnesses;

F. **Potential Trial Exhibits**: All potential trial exhibits and any other documents the Government may introduce at trial;

G. **Accounting and Transaction Analysis**: Any and all documents, interviews, analyses or any other item relating to the financial transactions and/or transaction processing at issue in the Transaction Laundering Scheme (as defined in the Indictment);

H. **Names of Unindicted Co-Conspirators**: The Indictment alleges that the Defendant, Ruben Weigand, "and other co-conspirators" committed the crime of conspiracy. In connection with this request and pursuant to the Court's order on the defendants' motions

for a Bill of Particulars, please identify the "other co-conspirators" – i.e. the unindicted coconspirators, if any.  If there are none, please advise;

**I.** **Bank Polices**:  Please produce any and all policies or guidelines utilized by the acquiring, merchant or issuing banks as described in the Indictment with respect to the processing of marijuana sales, whether medical or recreational; and

**J.** **Credit Card Company Materials**:  Please produce any and all Visa and MasterCard contracts and rules, regulations and other evidence relevant to the charges in the Indictment, including, but not limited to such materials (1) applicable to each of the entities and classes of entities and issues alleged in the superseding indictment such as the acquiring/merchant banks in the EU, the issuing banks in the US, credit card processing entities, and the merchants in the EU and US; (2) relevant to which members or entities or persons were responsible for onboarding the merchants and choosing the exact Merchant Category Codes ("MCC[s]") for merchants, including those alleged in the superseding indictment, and implementing them in the Visa and MasterCard networks, and any and all contractual remedies and penalties for negligently or willfully selecting inaccurate MCC codes or any other conduct alleged in the superseding indictment; (3) related to whether or not an MCC code in the Visa and MasterCard networks is recognized, contractually or otherwise, as a method of discerning and rejecting credit card transactions involving cannabis in the US; and (4) that permit the on boarding of merchants by acquiring banks, even if some, but not all, issuing banks prefer not to process such transactions.

Please also produce any and all public and private communications by Visa and MasterCard, and any of their members or affiliates, on processing cannabis credit card transactions in the US.

**5.** ***Brady* Material**

To the extent you have already produced any exculpatory and impeachment material required under *Brady*, please identify the Bates number of such material.

To the extent not already provided, please produce any any exculpatory and impeachment material required under *Brady* and its progeny (including but not limited to agent notes, memoranda of interviews, grand jury testimony, communications or documents), including in which any individual provided information responsive to these requests.  This request includes but is not limited to:

**A.** Statements, documents, communications or other material that contradicts in any way that the Credit Card Processors or financial institutions would categorically reject any marijuana-related transaction, including evidence suggesting that these entities turned a blind eye to such activity.  This request includes, but is not limited to communications, whether public or private, by Visa, MasterCard, and any of their members, regarding processing of cannabis credit card transactions, including admissions that they permit the same;

**B.** Statements, documents, communications and/or other materials that contradict in any way that the Defendant "used merchant codes for other products" (Indictment ¶ 9); "create[d] the Phony Merchants" and "establish[ed] Visa and Mastercard merchant processing accounts" (Indictment ¶13); or "worked with and directed others to apply incorrect MCCs to the Online Marijuana Marketplace Company marijuana transactions" (Indictment ¶ 14); and

**C.** All evidence related to the legality of the Eaze cannabis dispensaries and their conduct under the State law where such dispensaries were located - for example medical cannabis dispensaries in California.

**6.** *Giglio* **Material**

Please identify any non-prosecution or plea agreements for any witness you intend to call in this case, as well as any documentation or communications regarding the same. This request includes, but is not limited to, such information with respect to "CW-1", as defined in government production HA_USAO_00000248, *et seq* (Agent Affidavit in Support of Application for Search and Seizure Warrant) and Eaze, as well as "CEO" and "CEO-2", as defined in HA_USAO_00000248, *et seq.* (Agent Affidavit in Support of Application for Search and Seizure Warrant).

**7.** **Jenks Act Material**

To the extent not provided prior to trial, the Defendant hereby requests the prompt production of any witness statements as required under 18 U.S.C. § 3500.

Sincerely,

Christopher Tayback

Christopher Tayback