# EXHIBIT D



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 23, 2020

**VIA EMAIL**
Christopher Tayback
christayback@quinnemanuel.com

William Burck
williamburck@quinnemanuel.com

Ira Rothken
ira@techfirm.net

      Re:    *United States v. Hamid Akhavan & Ruben Weigand*, S3 20 Cr. 188 (JSR)

Dear Counsel:

      The Government writes in response to your letter of June 17, 2020, which was emailed to us, seeking seven categories of materials, exclusive of subparts (each a "Request," and collectively, the "Requests"), which you state you are entitled to under Federal Rule of Criminal Procedure 16, *Brady*, *Giglio*, and/or the Jencks Act.

      As an initial matter, we are aware of our disclosure obligations, including those arising under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972) and its progeny, we have complied with those obligations, and we will continue to do so irrespective of whether you specifically request particular material or how you may characterize any material that you request. We have made substantial productions of discovery already in this matter, beyond what is required by Rule 16, and to assist your review, we have also provided you indices accompanying each discovery production.

      An assertion, such as that in your letter, that particular categories of documents, if they exist, constitute or contains *Brady* or *Giglio* material does not render such documents subject to disclosure, let alone disclosure multiple months from trial. Indeed, a significant portion of the material sought in the Requests appear to be that to which the defendant is entitled, if at all, pursuant to Title 18, United States Code, Section 3500. As you are aware, it is the standard practice in this district that 3500 and *Giglio* material is produced soon before trial, a practice that has been widely held to be sufficient to satisfy the requirement that such material be produced "in sufficient time that the defendant will have a reasonable opportunity to act upon the information efficaciously." *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007). In this particular case, the Government will begin to produce any 3500 material reasonably before trial, and to complete production soon before trial. The Government will also produce *Giglio* material in

accordance with Judge Rakoff's Individual Rules. Earlier disclosure is not warranted simply because the defendant prefers it. *See, e.g.*, *United States v. Gatto*, 316 F. Supp.3d 654, 657-60 (S.D.N.Y. 2018) (declining to order immediate disclosure of purported "'exculpatory and impeaching witness statements'").

We also note that we have not yet received any reciprocal discovery from the defendant, despite our request for reciprocal discovery contained in our April 10, 2020, discovery letter. We reiterate our request for such discovery. *See, e.g.*, *United States v. Weiss,* 930 F.2d 185, 199 (2d Cir. 1991) (affirming preclusion of evidence defendant had failed to produce; *United States v. Rajaratnam*, No. 09 Cr. 1184, 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011) ("A defendant would always like more information about the government's case before revealing anything about his or her own, but Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction.").

We also request any materials obtained, or that may be obtained, by the defendant pursuant to Rule 17(c) subpoenas. Since a Rule 17(c) subpoena may only properly be used to obtain documents and other records that are "evidentiary and relevant," *United States v. Nixon*, 418 U.S. 683, 699 (1974), we in any event presume that all or substantially all of the materials that the defendant has obtained or will obtain pursuant to a Rule 17(c) subpoena fall within her reciprocal disclosure obligations under Rule 16(b)(1).

If you would like to confer further regarding any of the subjects in this letter, or this matter generally, we are available at your convenience.

Very truly yours,

AUDREY STRAUSS
Acting United States Attorney

by: _____/s/_____
Christopher J. DiMase / Nicholas S. Folly / Tara LaMorte
Assistant United States Attorneys