**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 | FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3170**

WRITER'S INTERNET ADDRESS
**christayback@quinnemanuel.com**

December 1, 2020

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Weigand, et al.*, 20 cr. 188 (Pre-trial writ and detention of Defendant Akhavan)

Dear Judge Rakoff:

On behalf of Defendant Hamid "Ray" Akhavan, undersigned counsel respectfully submits this letter outlining relevant authority regarding the location of a defendant awaiting trial in custody, in support of the Defense's request that Mr. Akhavan be writ into federal custody but detained in the Central District of California until a more certain trial date is set in order to facilitate trial preparations with his California-based counsel.

**Background:** This matter was previously set for trial on December 1, 2020. That date was adjourned due to concerns about rising incidence of Covid-19 in the greater New York area, and a new date has not been set.[1] On November 5, 2020, Mr. Akhavan was arrested on unrelated state charges in California, where he and his family reside. He is currently in the custody of the Los Angeles County Sheriff's Department, and, due to potential exposure to Covid-19 while in custody, has been unable to attend state court hearings or meet with his counsel, who is also based in Los Angeles. Counsel for Mr. Akhavan understand from the Government that the federal authorities have issued a separate warrant.

On November 25, 2020, the Government indicated its intent to seek the issuance of a writ ad prosequendum seeking Mr. Akhavan's transfer from state to federal custody, and from California to New York, despite the lack of a trial date. Counsel for Mr. Akhavan expressed that, because Mr.

---

[1] The undersigned understands that the case is likely to proceed to trial in the first quarter of 2021, with the earliest possible setting on January 19, 2021, but the precise date is not likely to be decided until the middle of this month.

quinn emanuel urquhart & sullivan, llp

09820-00002/12446364.3
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

Akhavan's counsel resides in Los Angeles, it would be preferable for Mr. Akhavan to remain physically located in California pending trial (or any other necessary appearance before this Court).

During the conference, the Court requested the parties provide any relevant authority regarding the Court's authority to issue such a writ with a condition that the Defendant be housed in a federal detention facility in California until such time as this Court sets a firm trial date, rather than in a facility in the Southern District of New York, where the charges are pending.

**Argument and Authority:** While undersigned counsel has not identified any authority on all fours with the situation presented here, analogous statutory authority and applicable law suggest that the Court could *recommend* that Mr. Akhavan be housed in California prior to his anticipated transfer to New York, and that such a request would likely be considered by the U.S. Marshals Service (the "Marshals") and U.S. Bureau of Prisons ("BOP") in making the final decision as to where to house Mr. Akhavan pending trial.

The location of a prisoner in federal custody is determined by the Executive branch—as applicable here, the Marshals (in coordination with the BOP). "The Marshals assume custody of individuals arrested by all federal agencies and is responsible for the housing and transportation of prisoners from the time they are brought into federal custody until they are either acquitted or incarcerated." *See* U.S. Marshals Service, *Defendant and Prisoner Custody and Detention*, https://www.usmarshals.gov/prisoner/detention.htm; 18 U.S.C. § 3142(i)(4) (noting that a pretrial detention order shall direct the director of any detention facility to release the prisoner to the U.S. Marshals on order of the Court or at the request of the Government for purposes of appearance in connection with a court proceeding).

That responsibility is necessarily carried out in coordination with the BOP, which provides facilities to house charged defendants. *See* 18 U.S.C. § 4042(a) ("The Bureau of Prisons, under the direction of the Attorney General, shall—(1) have charge of the management and regulation of all Federal penal and correctional institutions" and "(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise."). As a general matter, the BOP must "place [a convicted] prisoner in a facility as close as practicable to the prisoner's primary residence." 18 U.S.C. § 3621(b).

Under normal circumstances, a writ of habeas corpus ad prosequendum provides the Marshals with both a date and location at which to produce the prisoner for trial, though it is the purview of the Marshals to determine how to ensure that a prisoner arrives at the correct location on the date specified. Here, of course, although the Court has the authority to issue a writ requiring the Defendant to appear for trial, *see Carbo v. United States*, 364 U.S. 611 (1961), there is no date on which the Marshals can be instructed to cause the Defendant to appear—there is neither a proceeding nor trial set for which the Court could order the Defendant's appearance.[2] In effect, the writ the

---

[2] The Government does not need a writ to transfer Mr. Akhavan from federal custody in California to federal custody in New York, *see United States v. Gigante*, 2002 U.S. Dist. LEXIS 10740, at *9 (E.D.N.Y. Mar. 12, 2002); *Mills v. Fenger*, 2000 U.S. Dist. LEXIS 5155, at *11 n.3 (W.D.N.Y. Apr. 11, 2000). A simple request by the Government or Court is sufficient to begin the transport process once a trial date is set.

Government seeks would require indefinite detention in, if the Government has its druthers, a facility almost as far away as the continent permits from Mr. Akhavan's family and counsel. In these unusual circumstances, it makes sense to borrow from analogous authority regarding the logistics of housing convicted prisoners.

Courts routinely recommend convicted prisoners be held in particular facilities—such requests are both common and contemplated by statute. For example, in housing convicted prisoners, the BOP takes into consideration the recommendations of the Court, in addition to statutory direction to place the prisoner as close as practicable to his primary residence. 18 U.S.C. § 3621(b). This principle should apply to a circumstance of indefinite confinement pending an uncertain trial. And courts do make requests of the Marshals regarding where a prisoner is held, and how quickly he may be transported there. *See, e.g.*, *United States v. McNeal*, 2018 WL 3023092, at *3 (M.D. Ala. June 18, 2018) (requesting the Marshals provide for a "greatly expedited, if not immediate return" of a mentally unsound prisoner to an "appropriate federal mental-health facility"). Additionally, under 18 U.S.C. § 3142(i)(3), a Court may "direct that the person be afforded reasonable opportunity for private consultation with counsel." Such an order would be most easily effectuated in a detention facility in California—reasonably close to the Defendant's counsel.

Finally, while Mr. Akhavan appreciates the logistical challenges of Covid-19, counsel is aware of no state that has imposed a quarantine period of longer than two weeks. Even if the trial date is not announced until mid-December, the Government will have ample time to request Mr. Akhavan's transfer to the New York once a trial date is set, especially if Mr. Akhavan is already in federal custody.

**Conclusion:** Although Mr. Akhavan is not a convicted prisoner, given the undeniable uncertainty over the trial date, and potential for further delays from Covid-19, it is unclear when the Marshals might need to produce Mr. Akhavan for trial in the Southern District of New York—so he is facing an indefinite period of custody. The governing statutes support Mr. Akhavan's detention in a facility as close as possible to his home and his counsel pending trial, and this Court is well within its discretion to request such an accommodation from the Marshals and BOP.

Respectfully Submitted,

Christopher Tayback

CC:
AUSA Christopher J. DiMase
AUSA Nicholas S. Folly
AUSA Tara LaMorte
Ira Rothken
William A. Burck

09820-00002/12446364.3