

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 1, 2020

**BY ECF**

Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
New York, New York 10007

    Re:    *United States v. Hamid Akhavan et al*, S3 20 Cr. 188 (JSR)

Dear Judge Rakoff:

    At the Court's direction, the Government writes regarding the Court's authority to writ Hamid Akhavan from state custody into federal custody in the Central District of California, as opposed to the Southern District of New York, where charges are pending against the defendant in the above-captioned case. Writs ad prosequendum enable federal courts to "order[] the production of a prisoner in court for the purpose of standing trial." *Lugo v. Hudson*, 785 F.3d 852, 854 (2d Cir. 2015), *see also Carbo v. United States*, 81 S. Ct. 338, 340 (1961) (noting that writs ad prosequendum have historically been issued when it was "necessary to remove a prisoner in order to prosecute him in the proper jurisdiction wherein the offense was committed"), *see also* 28 U.S.C. § 2241(c)(5) (authorizing writ when it "is necessary to bring [defendant] into court to testify or for trial"). Use of a writ ad prosequendum to bring a defendant into the custody of *another* federal jurisdiction where there is no prosecution pending against the defendant in that jurisdiction appears inconsistent with the intended purpose of such writs. Similar to defense counsel, the Government has found no authority that empowers federal courts to use the writ in this fashion.[1] Nevertheless, the Government has not found any authority that indicates that the Court is without power to *request* that the Marshals and the BOP hold the defendant in the Central District of California pending further order of the Court, as the

---

[1] The authority cited by defense, which primarily addresses situations in which defendants have already been convicted, has little bearing on the facts presented here.

defendant has requested here.

                                                       Respectfully submitted,

                                                       AUDREY STRAUSS
                                                       Acting United States Attorney

                              By:      /s/
                                          Christopher J. DiMase / Nicholas Folly/
                                          Tara LaMorte
                                          Assistant United States Attorneys
                                          (212) 637-2433 / (212) 637-1060/
                                          (212) 335-1041

Cc: Defense counsel (ECF)