**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 | FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3170**

WRITER'S INTERNET ADDRESS
**christayback@quinnemanuel.com**

February 5, 2021

The Honorable Jed R. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Weigand, et al.*, 20 cr. 188 (Request for Advanced Violation and Pretrial Release Hearing)

Dear Judge Rakoff:

At Mr. Akhavan's request, the Court advanced the February 26 hearing on his alleged violation of conditions of pretrial release to February 10, and permitted Mr. Akhavan to request reinstatement of his release on bond. In light of the impending March 2 trial, on behalf of Defendant Hamid "Ray" Akhavan, we respectfully request that Mr. Akhavan be released from custody on bond pending trial under strict conditions in order to allow him and his counsel to adequately prepare for trial.

Mr. Akhavan suffers from the disease of drug addiction, and coupled with the tremendous stress of facing his upcoming trial and potential imprisonment, he unfortunately made poor choices that resulted in separate charges against him in the State of California.[1]

However, keeping Mr. Akhavan in custody is not warranted. As your Honor stated at the September 3, 2020 hearing regarding Pretrial Services initial request for remand, Mr. Akhavan is

---

[1] Nothing herein should be construed as an admission of guilt with respect to the charges filed in California, to which Mr. Akhavan has pleaded not guilty and for which no probable cause hearing has yet been held. For the instant purposes, however, even if Mr. Akhavan violated the conditions of his release, he should nonetheless be released on bond for the few remaining weeks prior to, and during, his federal trial.

quinn emanuel urquhart & sullivan, llp
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

neither a flight risk, nor a danger to society.  The Los Angeles County Deputy District Attorney handling Mr. Akhavan's state case also confirmed to undersigned counsel that he will not object to our request to release the state custodial hold on Mr. Akhavan in the event that this Court determines he should be released on conditions pending trial.

Instead, given the that trial is now set for March 2, we ask that Mr. Akhavan be permitted to be released on his current bond (which remains posted) on house arrest in New York City under armed guard, at Mr. Akhavan's cost.

With trial less than one month away, we ask that Mr. Akhavan be allowed to reside in an apartment, where he will submit to regular drug tests in any manner required by the Court and Pretrial Services.  Much like the strict release conditions his co-defendant, Ruben Weigand, was granted, here, Mr. Akhavan can be released on conditions that will (1) ensure his attendance at trial; (2) ensure the safety of himself and the community; and (3) allow him and his lawyers to prepare for trial.  These conditions include:

- 24/7 confinement in an apartment without visitors (except when meeting with counsel or as approved by Pre-Trial Services).

- 24/7 surveillance by armed security guards retained at Mr. Akhavan's expense.

- Supervision, electronic monitoring, and drug testing and counseling as directed by Pre-Trial Services.

I. **MR. AKHAVAN SUFFERS FROM A DISEASE AND WHILE HE HAS LAPSED IN HIS ROAD TO RECOVERY, HE SEEKS TO CONTINUE HIS RECOVERY EFFORTS IN NEW YORK**

Mr. Akhavan unfortunately lapsed in his recovery efforts.  Yet, we are asking the Court to credit Mr. Akhavan's significant and continuing efforts to overcome his addiction.

Since March, Mr. Akhavan has attended three in-patient residential treatment facilities.  He successfully completed a 90-day program at Alo House and later completed a 30-day stay at MFI Recovery Center.  MFI considered Mr. Akhavan to have made strides towards recovery and recommended that he be discharged from treatment on October 21, 2020.

As discussed in our September letter to the court, the road to recovery from substance addiction is not linear and "expands far beyond abstinence versus relapse," according to American Addiction Centers.  Seventy to 80 percent of in-patient drug treatment participants relapse on the road to sobriety.[2]  At the September 3, 2020 hearing regarding Pretrial Services initial request for remand, your Honor recognized and stated that the neuroscience of addiction is that it is very difficult to overcome.

---

[2] *Rehab Success Rates and Statistics*, American Addiction Centers (2020), https://americanaddictioncenters.org/rehab-guide/success-rates-and-statistics.

2

Mr. Akhavan's recovery is fragile and it is important to encourage the steps he is taking to continue to modify behavior. Mr. Akhavan has been in custody for three months, which is incredibly detrimental to his recovery efforts and has severely inhibited his ability to prepare for trial, as explained below.

Moreover, Mr. Akhavan's health has declined since his entry into custody and remaining at Metropolitan Correctional Center (MCC) without adequate medical attention could have severe and long term consequences. For instance, while at MCC, Mr. Akhavan suffered a seizure, hit his head and bled from his head. He has requested to see a doctor multiple times, but MCC has not yet accommodated his request. He is still waiting to be prescribed anti-seizure medication to prevent another adverse medical event.

Mr. Akhavan would like another opportunity to focus on his health while on pretrial release. He is ready, willing and able to resume counseling, treatment and to submit to any type of monitoring ordered by Pretrial Services.

## II. **MR. AKHAVAN WILL BE UNABLE TO SUFFICIENTLY PREPARE FOR TRIAL IF HE REMAINS IN CUSTODY**

Not only does Mr. Akhavan risk exposure to, and infection of, COVID-19 the longer he remains in custody, but his incarceration has and will continue to severely inhibit his ability to prepare a defense for trial. When granting Mr. Akhavan's co-defendant, Ruben Weigand's, request for release, Your Honor explained the following:

> Under 18 U.S.C. § 3142(i), a court may order the "temporary release" of a defendant "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." This is a complex, document-heavy white-collar case. Although, despite the pandemic, federal jails in this district now permit some in-person attorney visits, if the defendant were housed in such a facility this unusually complex case would present that facility with significant challenges leading up to trial and it seems almost certain that the facility would not be able to provide the kind of full access needed here for proper preparation.

Mr. Akhavan's trial, where he potentially faces a sentencing guideline range of 30 years to life, is now less than one month away. The alleged conspiracy purports to have spanned many years, and includes more than 100 alleged co-conspirators. The government has produced more than two million files and more than 60 GB of data in discovery thus far. The government also designated 8,730 electronic files as exhibits, with some exhibits containing multiple files.

In order to prepare for trial, counsel needs to be able to review written and recorded materials with Mr. Akhavan. This is a highly complex case with scores of individuals and entities involved. In the coming weeks we need to frequently consult with Mr. Akhavan in order to fully understand and prepare for direct and cross examination of fact witnesses, expert witnesses, and a whole host of other trial preparation matters.

Since Mr. Akhavan first entered custody on November 5, 2020, his ability to prepare for trial has been severely inhibited.  Mr. Akhavan was placed in quarantine more than once while at Twin Towers Correctional Facility in Los Angeles due to COVID outbreaks.  During these quarantine periods, he was not allowed any visitors.

Over the last three months, even regular phone calls have been difficult to arrange, let alone meeting in person to prepare.  At MCC, counsel are limited to only four hours a day when they must compete for limited call and videoconference space, not only within Mr. Akhavan's unit, but across all units.  For example, there are only two hours of video conference time available each day for all defense attorneys.  These two hours are split across inmates in nine units.  Seeking to secure a space is effectively a lottery.  While calls are more available, time slots fill quickly within the unit each day, the timing of any individual call is uncertain, call quality varies, and there is no way to call back if a call is dropped.

Moreover, since his entry into state and then federal custody, he has obviously not had access to a computer to review evidence and pleadings.  Between COVID-restrictions and the generally inaccessible custodial environment, Mr. Akhavan has not been able to meaningfully contribute to his defense whatsoever over the last 90 days.

Indeed, even preparing for trial with Mr. Akhavan in person at MCC presents health risks to his trial counsel, two of whom are already unable to travel to New York for the trial on advice of doctors.  Should his remaining primary counsel become infected, it could disrupt the current trial schedule.

As a result, we ask that you afford Mr. Akhavan the opportunity to adequately prepare with his counsel for trial under similar conditions as his co-defendant.  These conditions include:

1) Immediately upon Mr. Akhavan's release from custody, he shall be escorted by his private security guards to an apartment in Manhattan rented at his expense, the location of which shall be furnished beforehand to Pre-Trial Services and the Government.

2) He shall remain there at all times of day and night but may leave to meet his counsel at their New York office and hotel under the supervision of armed security guards. Any other exceptions must be expressly authorized by Pre-Trial Services or this Court, in writing, in advance.

3)  Mr. Akhavan's detention in the rented apartment will be secured at all times by on-premises armed security guards, paid for by Mr. Akhavan.

4) Mr. Akhavan will give his express consent in writing to the use of reasonable force by the armed security guards to thwart any attempt to flee or to leave his apartment for any reason not authorized by this Order, Pre-Trial Services, or the Court.

5) With the exception of Mr. Akhavan's counsel, who will be permitted to visit Mr. Akhavan freely, any visitors for Mr. Akhavan will require express pre-approval in writing by Pre-Trial Services.

6) Mr. Akhavan will be subject to strict supervision and electronic GPS monitoring, as directed by Pre-Trial Services.

Mr. Akhavan will also submit to any and all drug testing recommended by Pretrial Services and will avail himself of outpatient care, including the assistance of sober living coaches, attendance at virtual Narcotics Anonymous meetings and counseling sessions.

### III. CONCLUSION

For the reasons above, we respectfully request that the Court reinstate Mr. Akhavan's release on bond under the conditions proposed herein.

Respectfully Submitted,

*[signature]*

Christopher Tayback

CC:
John Moscato, Intensive Supervision Specialist U.S. Pretrial Services Officer
Gianfranco Furelli, U.S. Pretrial Services Officer
AUSA Nicholas S. Folly
AUSA Tara LaMorte