UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>HAMID "RAY" AKHAVAN, and<br>RUBEN WEIGAND,<br><br>Defendants. | 20-CR-188-JSR |

**MEMORANDUM OF LAW IN OPPOSITION TO CIRCLE INTERNET FINANCIAL
LLC'S MOTION TO QUASH**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................2

I.   *NIXON* SHOULD NOT BE APPLIED TO THE CIRCLE SUBPOENA ...........................2

II.  THE SUBPOENA MEETS *NIXON*'S REQUIREMENTS .................................................3

III. THE PROTECTIVE ORDER MITIGATES ANY HARM TO CIRCLE ...........................6

CONCLUSION ................................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**  **Page(s)**

*Neder v. United States*, 527 U.S. 1 (1999) .................................................................................. 4

*United States v. Amato*, 2006 U.S. Dist. LEXIS 34145 (E.D.N.Y. May 26, 2006) ....................... 5

*United States v. Caruso*, 948 F. Supp. 382 (D.N.J. 1996) ............................................................. 6

*United States v. Dupree*, 706 F.3d 131 (2d Cir. 2013) .................................................................. 5

*United States v. Ferguson*, 2007 U.S. Dist. LEXIS 70786 (D. Conn. Sep. 26, 2007) ................... 6

*United States v. Matthews*, 2005 U.S. Dist. LEXIS 63199 (E.D.N.Y. Aug. 1, 2005) ................... 6

*United States v. Nixon*, 418 U.S. 683 (1974) ..................................................................... 1, 2, 3, 5

*United States v. Nosal*, 291 F.R.D. 403 (N.D. Cal. 2013) ............................................................. 3

*United States v. Rajaratnam*, 753 F. Supp. 2d 317 (S.D.N.Y. 2011) ............................................ 3

*United States v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008) .......................................................... 3, 5

**Rules**

Fed. R. Crim. P. 17 ................................................................................................................ 2, 3, 6

Fed. R. Evid. 401 ............................................................................................................................ 4

Defendant Hamid Akhavan respectfully submits this memorandum of law in opposition to non-party Circle Internet Financial LLC's ("Circle's") motion to quash.

### PRELIMINARY STATEMENT

This Court should deny Circle's motion to quash the Rule 17(c) subpoena (the "Circle Subpoena"). Circle overstates the requirements for a Rule 17(c) subpoena. This Court has joined those Courts that have opined that the stringent standard articulated by the Supreme Court in *United States v. Nixon*, 418 U.S. 683 (1974) should not be extended to cover subpoenas issued to a non-party by a defendant in a criminal case.

Distilled to its essence, the Indictment alleges that Visa and Mastercard and some of their member banks that issue Visa and Mastercard credit cards ("Issuing Banks") had a policy against processing cannabis transactions[1], that issuing banks would use some unknown filter to reject such transactions if properly coded, and defendants inaccurately coded cannabis transactions in order to get them through the unknown filter.[2] Circle—working with Eaze to accept such cards for cannabis transactions—provides evidence that these banks' purported policies against cannabis transactions are in label only and not in substance, that there is no real merchant category or other "code" filter for cannabis transactions, and that there is a high tolerance for imprecision on coding for cannabis card transactions because Circle, through its member merchant bank, uses a merchant category code for "quasi cash" (or similar).[3]

---

[1] Discovery and investigation have revealed that the issuing banks' purported cannabis policies have not changed and remained materially the same after the Indictment period.

[2] According to the Visa and Mastercard rules there is no product level code for cannabis. Codes are not product-based —for example there are no merchant category codes for Advil, multi vitamins, or a tripod – but are instead, merchant-based.

[3] "Quasi-cash" is used to refer to instruments that are not cash but that are readily converted to cash, like money orders, travelers checks, lottery tickets, or mobile/web-based wallet top-ups.

The Circle Subpoena satisfies *Nixon*'s requirements. The subpoenaed documents are relevant to the issue of materiality—whether the Issuing Banks that are the supposed victims of the alleged bank fraud charged here had a real (as opposed to an illusory) policy and *cared* if they were processing marijuana transactions. Their willingness to process marijuana transactions today through Circle—explicitly referencing Eaze no less—is evidence tending to show that Defendants' alleged misstatements were immaterial to the Issuing Banks' decisions to process those transactions from 2016 to 2019. Consumers are using their issuing bank branded cards, like Visa, to buy cannabis on the Eaze platform using Circle's plug in—the fig leaf intricacies of converting a microsecond intermediary step into a crypto coin are well known, and the credit card networks and issuing banks are ratifying such cannabis-related conduct through their behavior.

Moreover, Circle's hearsay objections to admissibility are speculative and premature. The Circle Subpoena's requests are also sufficiently specific because they seek specific categories of documents created in a limited timeframe. Rule 17(c) does not require more.

Finally, the protective order this Court issued in this case mitigates any potential harm to Circle from disclosing its proprietary information. Circle's motion should be denied.

## ARGUMENT

### I.   *NIXON* SHOULD NOT BE APPLIED TO THE CIRCLE SUBPOENA

Circle erroneously asserts that *Nixon* supplies the relevant legal standard. But, in a November 9, 2020 sealed order regarding Rule 17 discovery in this matter (the "Order"), this Court "join[ed]" other courts that have "expressed doubt about the imbalance created by the

*Nixon* standard."[4]  Order at 2 (citing *United States v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008)); *see also United States v. Rajaratnam*, 753 F. Supp. 2d 317, 320 n.1 (S.D.N.Y. 2011).  *Nixon* "should not be unnecessarily expanded" to situations in which a criminal defendant issues a Rule 17(c) subpoena to a non-party "on the eve of trial" and the defendant has "an articulable suspicion that the documents may be material to his defense."  Order at 2 (quoting *Tucker*, 249 F.R.D. at 66).  "A defendant in such a situation need only show that the request is (1) reasonable, construed as 'material to the defense,' and (2) not unduly oppressive for the producing party to respond."  *Id.* (quoting *Tucker*, 249 F.R.D. at 66).

The subpoena easily meets this standard.  As set forth in further detail below, the subpoena seeks documents and communications that bear directly on the question of the materiality of the alleged misrepresentations, and the requests are not oppressive.

## II.   THE SUBPOENA MEETS *NIXON*'S REQUIREMENTS

Even if *Nixon* applied, the Circle Subpoena satisfies the more stringent standard.  "[A] Rule 17(c) subpoena may only be quashed if it is 'unreasonable or oppressive.'"  *United States v. Nosal*, 291 F.R.D. 403, 412 (N.D. Cal. 2013) (quoting *Nixon*, 418 U.S. at 689).  Under *Nixon*, evidence sought in a Rule 17(c) subpoena must be relevant, admissible, and specific.  418 U.S. at 700.  The Circle Subpoena meets these requirements.

*First*, the Circle Subpoena seeks relevant evidence.  Circle's relevance objection rests on the premise that because it did not begin its relationship with Eaze until after the period charged in the indictment (2016-19), the subpoenaed documents are irrelevant "by definition."  Circle's Memorandum of Law in Support of Motion to Quash ("Mem."), ECF No. 137-1, at 8.  But these

---

[4]  Circle, of course, should not be faulted for being unaware of this Order.  But it is nevertheless misguided in its statement of the applicable standard.  Because the Order is under seal, defense counsel has not attached it to this Opposition.

documents are directly relevant to materiality.[5]  To satisfy that element, the government must at least show that the Issuing Banks might not have processed their customers' marijuana transactions had they known that those transactions were for marijuana.

The subpoenaed documents are directly relevant to this issue—Defendants have reason to believe that the current processing solution provides the Issuing Banks with a descriptor that includes the word "Eaze":

| Processing | CHECKCARD 11/07 CIRCLE WALLET *EAZE LONDON, UK | ⊖ | [P] | -226.22 |

If the Issuing Banks are content to process Circle-enabled marijuana transactions for Eaze customers now, it is more probable that Defendants' alleged misrepresentations were immaterial to the Issuing Banks during the charged time period.  *See* Fed. R. Evid. 401.[6]  "A rose by any other name [] smell[s] as sweet"[7] and the Defendants should be permitted to explore the issue of materiality of their purported misrepresentations by exploring the apparent approval of marijuana processing under the current system.

Circle apparently proposes a *per se* rule under which evidence is irrelevant if it is created after the period charged in an indictment.  Tellingly, Circle cites no authority for that untenable

---

[5]  In a bank fraud prosecution, the government must prove, among other elements, that a defendant's statements were material.  *See Neder v. United States*, 527 U.S. 1, 3 (1999).  "[A] false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed."  *Id.* at 16 (cleaned up).

[6]  Further, the Indictment alleges that Visa and Mastercard were likewise tricked into facilitating these transactions—but Visa and Circle have recently publicly announced a partnership involving what appears to be the same processing mechanism use by Circle and Eaze today.  *See Circle Announced Partnership with Visa to Bring the Benefits of Stablecoins to Businesses Worldwide* (Dec. 3, 2020), https://www.circle.com/blog/circle-announces-partnership-with-visa-to-bring-the-benefits-of-stablecoins-to-businesses-worldwide.

[7]  William Shakespeare, *Romeo and Juliet*, Act I, Scene II.

proposition. Because the subpoenaed documents are relevant to the issue of materiality, they satisfy *Nixon*'s first prong.[8]

*Second*, the subpoenaed documents are likely admissible. Circle's argument that any responsive documents are inadmissible hearsay (Mem. at 9) is premature, at best. *United States v. Amato*, 2006 U.S. Dist. LEXIS 34145, at *19 (E.D.N.Y. May 26, 2006) (declining to rule on "potential hearsay objections" as "premature" because the "court is not aware of the precise evidence sought to be admitted, or the theories of admissibility"). Defendants may, for example, offer statements in the subpoenaed documents, not for their truth, but for their effect on the recipient. *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("[A] statement offered to show its effect on the listener is not hearsay.") (citations omitted). Further, the Defendants have every right to subpoena Circle itself to testify at trial, or others at Eaze or third-party institutions that have communicated with Circle, and may yet do so. This Court should decline to adjudicate such speculative objections.

*Third*, the requests in the Circle Subpoena are specific. The Circle Subpoena seeks specific categories of documents—related to Eaze, marijuana dispensaries, credit card companies, and financial institutions—over a limited time period. Defendants have reason to believe that these documents exist because, as Circle admits, it currently facilitates payments for Eaze. *See* Allaire Affidavit, ECF No. 137-3, ¶ 7. The Circle Subpoena is thus not a "fishing expedition" for which Defendants "merely hope[] [that] something useful will turn up." Mem. at 10–11 (cleaned up). Rather, it "is targeted at uncovering specific documents, or types of documents, which are relevant to establishing" that the alleged misrepresentations are

---

[8] For the same reasons, the subpoenaed documents are material to the defense and satisfy the first prong of the less onerous *Tucker* standard. Circle does not meaningfully argue that complying with the subpoena would be unduly burdensome or oppressive. *See* Mem. at 8 (stating in conclusory fashion that "[i]t would be unreasonable

immaterial. *United States v. Caruso*, 948 F. Supp. 382, 399 (D.N.J. 1996) (denying motion to quash).[9]

Even if Circle's specificity objections had some merit (they do not), this Court should exercise its discretion to modify the Circle Subpoena instead of quashing it outright. A district court has discretion "to modify [a] subpoena instead of fully quashing it." *United States v. Ferguson*, 2007 U.S. Dist. LEXIS 70786, at *9 (D. Conn. Sep. 26, 2007) (citing Fed. R. Crim. P. 17(c)(2)). The Circle Subpoena identifies three specific parties with which Circle is particularly likely to have relevant communications: Eaze, Visa, and MasterCard. Circle does not object to a subpoena directed to its communications with those parties on specificity grounds. Thus, if the Court concludes that the requests directed to communications between Circle and financial institutions or marijuana dispensaries are not sufficiently specific, it should still require Circle to produce such communications between Circle on the one hand and Eaze, Visa, and MasterCard on the other.

### III. THE PROTECTIVE ORDER MITIGATES ANY HARM TO CIRCLE

Circle's final objection is that complying with the subpoena would require it to disclose "commercially sensitive business information." Mem. at 12. But the Court has entered a third-party protective order in this case. *See* ECF No. 126. That protective order mitigates any concern about the "improvident disclosure of information." *United States v. Matthews*, 2005 U.S. Dist. LEXIS 63199, at *7 (E.D.N.Y. Aug. 1, 2005) (denying motion to quash). This

---

and oppressive" for Circle to comply with the subpoena but failing to substantiate this argument). Thus, the Circle Subpoena satisfies both *Tucker* prongs.

[9] Circle objects that the subpoena does not identify specific financial institutions or marijuana dispensaries. Mem. at 11. But Rule 17(c) contains no such requirement. Indeed, courts have upheld Rule 17(c) subpoenas that are "as specific as could be reasonably expected under the circumstances." *Caruso*, 948 F. Supp. at 399. That is true here. Defendants cannot reasonably be expected to identify the specific banks and marijuana dispensaries with which Circle has business relationships because that information is uniquely within Circle's control.

6

objection is also premature. If Circle has specific concerns about documents that Defendants might seek to introduce at trial, it can lodge a specific objection as to those documents. This Court can then decide whether to admit the evidence in the context of a concrete controversy, instead of adjudicating Circle's speculative objection.

## CONCLUSION

For the foregoing reasons, Circle's motion to quash should be denied.


Dated: February 9, 2021

| | |
|---|---|
| ROTHKEN LAW FIRM<br>*/s/ Ira Rothken*<br>Ira Rothken<br>Jared Smith<br>3 Hamilton Landing<br>Suite 280<br>Novato, CA 94949<br>Telephone: (415) 924-0425<br>Email: ira@techfirm.net<br>Email: jared@techfirm.net | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>*/s/ William A. Burck*<br>William A. Burck<br>Derek L. Shaffer<br>777 6th Street NW 11th floor<br>Washington, DC 20005<br>Telephone: (202) 538-8000<br>Fax: (202) 538-8100<br>Email: williamburck@quinnemanuel.com<br>Email: derekshaffer@quinnemauel.com<br><br>Christopher Tayback<br>Mari F. Henderson<br>865 S Figueroa Street 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Fax: (213) 443-3100<br>Email: christayback@quinnemanuel.com<br>Email: marihenderson@quinnemanuel.com<br><br>Sara C. Clark<br>711 Louisiana St., Ste. 500<br>Houston, Texas 77002<br>Telephone: (713) 221-7000<br>Fax: (713) 221-7100<br>Email: saraclark@quinnemanuel.com |