**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 | FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3170**

WRITER'S INTERNET ADDRESS
**christayback@quinnemanuel.com**

February 9, 2021

The Honorable Jed R. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *United States v. Weigand, et al.*, 20 cr. 188

Dear Judge Rakoff:

On behalf of Defendant Hamid "Ray" Akhavan, undersigned counsel respectfully responds to the Government's letter request dated February 5, 2021 (the "Letter") that this Court rule on the admissibility of certain documents the Government has obtained from Eaze and from financial institutions on the basis that such documents are business records. *See* Dkt. 135.

## I.   THE APPLICATION IS PREMATURE

As an initial matter, the Government's application is premature. The Government requests the Court commit to the admission of the 544 documents listed in Exhibit A pursuant to Federal Rules of Evidence 803(6) and 902(11), and complains that the Defendants have refused to stipulate to their admission as business records. However, the listing of documents attached to the Government's application includes materials that the Government had not previously provided for the defense to consider.[1] Further, the Government has not provided (and does not appear to yet have) certifications for twelve of the proposed sets of exhibits that would be subject to the

---

[1] On Friday, February 5, 2021, the same day the Government filed the Letter, the Government provided an updated exhibit list. GX 4301 of Exhibit A had not been brought to defense counsel's attention prior to the filing of the Letter. Further GX 2207-GX 2214, GX 2309, GX 2414-GX 2428, GX 2509, GX 2604-GX 2612, GX 2717, GX 3001, GX 3002, and GX 3402-GX 3403 are entirely new exhibits, of which GX 2611 and GX 2612 have not been produced. Finally, the Government had previously made a general request that the defense stipulate to all Eaze records as business records, but first identified the subset presented in its Letter on February 5, 2021.

**quinn emanuel urquhart & sullivan, llp**
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

stipulation.² The defense is entitled to receive and inspect such certificates in order to have an opportunity to challenge them. Fed. R. Evid. 902(11). Yet the Government seeks an order from this Court even in their absence.

## II. EMAIL RECORDS ARE NOT PER SE BUSINESS RECORDS

Among the documents the Government seeks to admit as "business records" are numerous emails. The Government asserts that email records are business records, and therefore the Court should admit 272 exhibits without further inquiry. While the defense acknowledges that it is possible for an email record to be a business record, email correspondence is not a business record absent a showing that satisfies *all* requirements of the hearsay exception, including that the creators of such records had some obligation to create and preserve them. Importantly, for purposes of establishing a foundation for admission under Rule 803(6), it is not sufficient to merely say that "emails are kept as a regular operation of the business[.]" *Hampson v. State Farm Mut. Auto Ins. Co.*, No. 112CV258BKSCFH, 2015 WL 12733388, at *7 (N.D.N.Y. Oct. 22, 2015) (quotations omitted). In *Park West Radiology v. CareCore National, LLC*, 675 F. Supp. 2d 314, 333 (S.D.N.Y. 2009), the court held that the emails in question were not admissible as business records because the "employees were not under an obligation to create the emails as a record of regularly conducted business activity." *See also New World Trading Co. v. 2 Feet Prods., Inc.*, No. 11 CIV. 6219 SAS, 2014 WL 988475, at *1 (S.D.N.Y. Mar. 13, 2014) (holding that the emails at issue "contain unique and sporadic communications, not created as a record of any 'regularly conducted business activity[,]'" and, thus, were not admissible under Rule 803(6)).

The Government's cases are not to the contrary. The Government is not seeking a stipulation that records were sent or received from an email provider, as in *United States v. Ayeloton*, 917 F.3d 394, 401-03 (5th Cir. 2019). Nor is the Government seeking to admit emails where a custodian has already certified that such records meet all required criteria, as in *U.S. Bank National Ass'n v. PHL Variable Life Insurance Co.*, 112 F. Supp. 3d 122, 141 (S.D.N.Y. 2015) —the Government has offered no such statement from any Eaze custodian, and it seems at least unlikely that every one of the pieces of correspondence was required pursuant to Eaze's company policies.³ Indeed, the defense has been given nothing to suggest such policies exist or applied here.

## III. THE GOVERNMENT HAS PROVIDED NO EXPLANATION NOR CERTIFICATIONS REGARDING THE PURPORTED "TRANSACTION LISTS"

The Government seeks the admission of several "transaction lists," but has failed to offer any explanation for the data contained therein that would allow defense counsel to assess whether the data presented actually constitutes a business record—i.e., whether the "compilation was prepared

---

² The Government claims to have produced certifications for Cathay Bank and Actors Federal Credit Union, but counsel for Mr. Akhavan has not been able to locate the purported certifications in the productions to date.

³ *See e.g.*, GX 402 (email correspondence between Keith McCarty and Roie Edery about sending Jim Patterson the Quantum API); GX 518 (email correspondence between Michael Tassone and John Wang about information needed regarding a bank account holder); and GX 533( email correspondence between Michael Tassone and Cathi Clay about initiating a wire transfer).

2

pursuant to a business duty in accordance with regular business practice." *See Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994) (quotation omitted). For at least some of these "lists" it appears they were created in specific response to government queries, rather than in the ordinary course of business.[4] However, defense counsel simply has no way to ascertain whether these lists were compiled pursuant to a business duty, or simply (as it appears) in response to the Government's request. Defense counsel should be able, at a minimum, to ascertain what the purported business record is and review certifications for the same before being asked to agree to any stipulation. As it stands, absent receipt of contrary information, the defense anticipates it will challenge that these compilations are, in fact, business records.

The above further highlights why this application is premature—with regard to three of the five transaction lists, the defense has not been provided with a business records certification to examine (and thus take a position on).[5] The Government has hardly facilitated this review, failing to identify or provide certifications for specific records prior to seeking relief from the Court.[6]

### IV. MR. AKHAVAN MAY BE WILLING TO STIPULATE TO THE BUSINESS RECORD FOUNDATION, BUT NOT ADMISSIBILITY, OF MANY OF THE DOCUMENTS ON THE GOVERNMENT'S LIST IF PRESENTED WITH A PROPER CERTIFICATE

The defense may be willing to enter into a foundational stipulation regarding certain of the enumerated financial records. Specifically, Mr. Akhavan may be willing to stipulate to the various policy statements produced that appear to be genuine bank records,[7] and to certain of the financial records that likewise appear to reflect regular account activity. For example, the defense may be willing to stipulate that the Bank Account Records listed for many of the banks are business records (e.g., GX 2602-2610; GX 2705-2716; GX 3002-3003, GX 3103; GX 3301; GX 3402-3404; GX 3503-3504), assuming the Government produces the proper certifications for inspection.

However, some of the purported Bank Account Records appear to be transaction compilations (i.e., GX 2419, GX 2420), while others have not yet been produced (i.e., GX 2611, GX 2612). The defense is unwilling to stipulate to anything regarding records not produced.

---

[4] *See e.g.*, GX 687 (collection of four separate images containing a list of what appear to be transaction totals by merchant on a blank page and a screenshot of a computer screen); GX 2101-2102, 2301-2302 (excel sheets listing what appears to be transaction information).

[5] Defense counsel has been able to locate what it presumes to be the certifications from Mastercard and Actors Federal Credit Union, though the Government has not provided bates numbers for the certifications it alleges have been produced and upon which it intends to rely. The Government does not appear to yet have any such certification from Eaze, Visa, or Capital One. *See* ECF 135, at 5 & Ex. A.

[6] Defense counsel has attempted to identify the certifications the Government intends to use. However, prior to any stipulation the defense would need to review the actual certifications proposed by the Government.

[7] Defense counsel notes that not even all of the purported "Policies and Rules" appear to be business records. For example, GX 2204 appears to be a PowerPoint presentation created for a specific conference. Defense counsel further notes that the Government seeks admission of "policies and rules" for Wells Fargo that have not yet been identified or produced. The defense cannot be expected to stipulate to records it has never seen.

Finally, the defense declines to stipulate to the ultimate admissibility of all the listed exhibits, preserving its right to object to their admissibility on any and all available grounds, including relevance.

## V. CONCLUSION

For the reasons above, the defense respectfully requests the Court deny the Government's application for an order admitting, in advance of trial, the records listed in Exhibit A to the Government's Letter.

Respectfully Submitted,

*[signature: Christopher Tayback]*

Christopher Tayback

CC:
AUSA Emily Deininger
AUSA Nicholas S. Folly
AUSA Tara LaMorte