

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 9, 2021

**BY ECF / EMAIL**

Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
New York, New York 10007

    Re:    *United States v. Hamid Akhavan*, S3 20 Cr. 188 (JSR)

Dear Judge Rakoff:

    The Government submits this letter in opposition to the defendant's motion dated February 5, 2021, which seeks to have Akhavan released on bond pending trial on March 2, 2021.  (*See* Dkt. No. 136-1, the "Bail Motion").   For the reasons described below, there are no conditions that can adequately assure the safety of the community and others.   Akhavan was recently found in possession of firearms, including a loaded, high-capacity, semi-automatic pistol, while on bond in this case, and, based on the Government's review of jail calls, Akhavan appears to be attempting to threaten and interfere with at least one witnesses in connection with his pending state firearm case.   Akhavan has also repeatedly lied to this Court and to Pretrial Services, and has demonstrated a complete inability—or unwillingness—to comply with the condition of release prohibiting use of illegal drugs, thus demonstrating that there are no conditions under which he can be adequately supervised.   The Court should accordingly deny the defendant's Bail Motion and order that he remain detained pending trial in this case.

### A.    The Charges

    On or about March 9, 2020, a grand jury empaneled in the Southern District of New York returned a superseding indictment, S3 20 Cr. 188 (JSR) (the "Indictment"), charging Ruben Weigand and Hamid Akhavan, a/k/a "Ray Akhavan" ("Akhavan"), with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, from in or around 2016, through at least in or around 2019.  (Dkt No. 16).  The Government assumes the Court's familiarity with the charged scheme based on prior filings in this case and has therefore not restated the allegations herein.

Honorable Jed S. Rakoff
February 9, 2021

**B.     The Defendant**

Akhavan is a 42-year old, naturalized U.S. citizen who was born in Iran and resided, prior to his detention in November 2020, in the vicinity of Los Angeles, California. His parents and wife, from whom he is separated, also live in California. He has one child, age three, with whom he shares custody with his wife. The defendant is self-employed and appears to have significant personal wealth. Akhavan has no close family in or ties to New York.

Akhavan has prior California state convictions for illegal possession of an assault weapon and making a threat with intent to terrorize, both stemming from an October 11, 2019 arrest, for which he was sentenced to three years' probation. Akhavan also was arrested on January 21, 2020, on California state charges for making a threat with intent to terrorize, and on March 6, 2020, on California state charges for making a threat with intent to terrorize. Those charges remain pending.

**C.     Procedural History**

On March 27, 2020, Akhavan was arrested and presented in the Central District of California ("CDCA") in connection with this case. A bail hearing was held in front of Magistrate Judge John E. McDermott in CDCA that same day, who ordered the defendant released on a set of bail conditions, including a $5 million bond secured by a $250,000 cash deposit and three financially responsible co-signers. Among other conditions, the defendant was prohibited from using or possessing any illegal drugs, or possessing any firearms, ammunition, or other dangerous weapons. Akhavan was also required to return, upon release, to a residential drug treatment program and to reside there as long as required.

<u>July-August 2020 Violations</u>

Akhavan was discharged from the residential drug program on June 22, 2020. On July 7, 2020, after claiming that he could not provide a urine sample, Akhavan admitted to using, and tested positive for, cocaine. He was then referred by Pretrial Services to another inpatient treatment program, which he entered on July 22, 2020. After testing positive for cocaine on August 3, 2020 and suboxone on August 21, 2020, he was unfavorably discharged from the program.

On September 3, 2020, Your Honor held a conference regarding the defendant's violations, and ordered the defendant to return to an inpatient treatment program in California, with all other bail conditions to remain in place. During that hearing, Akhavan acknowledged having relapsed but claimed that he had "never, ever lied to anybody, pretrial or anybody else." Sept. 3, 2020 Tr. at 17. Your Honor noted, however, that "it is much more likely than not that [the defendant] has lied to pretrial services and tried to manipulate the pretrial services" with regard to his drug use. Tr. at 13. Moreover, in ruling that Akhavan could remain out on bond, the Court warned:

> I . . . want you to understand that, in my view, I've gone out on a limb here a little bit. If you violate any of the conditions of supervised release that were just imposed and are going to be implemented in the next few days, you leave me with

> no choice but to remand you, which is not a good thing for you, not a good thing for your defense, not a good thing for anyone . . . ."

Tr. at 25.

### September-October 2020 Violations

On September 4, 2020, the day after the violation hearing, the defendant tested positive for cocaine. The defendant entered an inpatient drug treatment on September 16, but subsequently tested positive for cocaine and oxycodone in tests administered on September 16, 19, 23, 28, and October 7. The defendant was discharged from the treatment program on October 23, 2020.[1]

On October 24, 2020, an officer with the Los Angeles Police Department ("LAPD") responded to an overdose radio call and found Akhavan being treated by the Los Angeles fire department for a drug overdose. Akhavan lied to the LAPD officer and told him that he was not on probation, even though he was then serving his term of probation in connection with his state convictions and was on pre-trial supervision in connection with this matter. *See* Nov. 5, 2020 Arrest Report, attached to U.S. Pretrial Services Officer Moscato's Violation Memorandum dated Nov. 10, 2020.

On November 5, 2020, LAPD officers conducted a probation compliance check at Akhavan's residence. During a search of his bedroom, they found two firearms—one of which was a loaded semi-automatic pistol, with a high-capacity magazine containing 12 rounds—and a prescription bottle that appeared to contain crack cocaine. *Id.* The defendant claimed that the guns were not his—notwithstanding that they were found in his bedroom—yet admitted that law enforcement would likely find his DNA on the weapons. *Id.* The defendant was arrested and detained on state charges for being a felon in possession of a firearm.

On or about January 7, 2020, Akhavan was transferred to the Southern District of New York on a writ and presented before Magistrate Judge Kevin N. Fox for the above described violations, at which time he was detained on consent without prejudice.

### Pending Investigations

The Government has been informed that Akhavan is under investigation by the United States Attorney's Office for the Central District of California for federal firearms violations related to his possession of the two firearms found on November 5, 2020, while on bond in this case.

**D.      Applicable Law**

Title 18, United States Code, Section 3142(e) provides that if a judicial officer concludes after a hearing that "no condition or combination of conditions will reasonably assure the

---

[1] Prior to Akhavan's discharge, the facility reported that Akhavan had made strides towards recovery. The preliminary results of Akhavan's positive October 7 test, however, were not received until October 23, after his discharge.

3

Honorable Jed S. Rakoff
February 9, 2021

appearance of the person as required and the safety of any other person and the community," the officer shall order the defendant detained pending trial.  18 U.S.C. § 3142(e).  In seeking detention, the Government bears the burden of establishing risk of flight by a preponderance of the evidence or dangerousness by clear and convincing evidence.  *Id.* § 3142(f).  The Government is not bound by the rules of evidence in discharging its burden, *see id.*, and may proceed by proffer, *see, e.g., United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995).  In considering the defendant's application for bail, the Court must consider (1) the nature and circumstances of the offenses charged, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

### E.   Discussion

As described above, when not detained, Akhavan has flagrantly violated the terms of his pretrial release, despite being explicitly warned by this Court that it would "have no choice" but to remand him if he did so.  While on pre-trial release, he repeatedly lied to Pretrial Services officers and other law enforcement agents, was found in possession of two firearms, including a loaded semi-automatic pistol with a high-capacity magazine, and repeatedly tested positive for illegal drugs, including cocaine, suboxone, and oxycodone.  Given Akhavan's drug use and history with firearms, he presents a serious danger to the community, particularly given that Akhavan appears to be attempting to threaten and interfere with at least one witness in his pending state gun case.  Moreover, nothing in his motion indicates that Akhavan will be able or willing to comply with any conditions of release.  Accordingly, as Pretrial Services recommended, Akhavan should be detained.

*First*, Akhavan's recent conduct clearly demonstrates that he poses a general danger to the community and also a particular danger to witnesses in the cases against him.  As noted above, while on pre-trial release, and after being warned by this Court that any further violations of his conditions of release would result in remand, Akhavan was found in possession of two firearms, including one semi-automatic pistol with a high-capacity magazine, which was loaded with 12 rounds of ammunition.  As noted above, those firearms were found along with a vial of suspected crack, and within days of a drug overdose.

Moreover, in telephone calls placed by Akhavan while he was detained in California, Akhavan talked to an unknown male ("UM") about steps that could be taken to get an individual, referred to as "Sal," to sign an affidavit representing that the guns found on November 5 did not belong to Akhavan.  In a November 13 telephone call, Akhavan told UM that Akhavan "took [the guns] to give them to Sean," and that his DNA was on the guns because Akhavan was the one that hid them, but that UM should "tell Sal, and tell them, that they better write their affidavit or they're fucking done."  A few days later, on November 15, Akhavan reiterated to UM that "[i]f he doesn't [sign the affidavit], I'm going to fuck him so hard he's not going to know what do."  When UM asked for "some ideas on how to fuck him," Akhavan responded that he would "think about some things for him," and added that Akhavan was "done protecting him."  In short, Akhavan was actively attempting to tamper with at least one witness with information relevant to the firearms charges, and appears to be threatening potential physical harm to that witness if he does not comply with Akhavan's demands.  If released on bond, even under stringent conditions of confinement, Akhavan may well redouble his efforts to interfere with and intimidate witnesses.  Notably, the

Honorable Jed S. Rakoff
February 9, 2021

Government disclosed its initial witness list to defendants on November 3, 2020, and recently produced an updated witness list, and therefore the identities of the Government's witnesses, including individuals that Akhavan interacted with personally during the course of the charged conspiracy, are known to Akhavan.

*Second*, Akhavan's argument that he should be released to focus on his health in light of his "significant and continuing efforts to overcome his addiction" is belied by his prior conduct while on release on bond. Not only did Akhavan continue to use cocaine and other illegal substances while on pre-trial release, he did so even when enrolled in an inpatient treatment program, and he has repeatedly lied to Pretrial Services and the relevant treatment professionals about doing so. There is therefore no reason to credit Akhavan's contention that he wishes to be released in order to resume counseling and drug treatment.

*Third*, while Akhavan contends that the MCC failed to provide medical treatment after he suffered a seizure, Akhavan's medical records from the BOP as of February 7, 2021 make clear that he has been repeatedly seen by BOP medical staff and has received requested medications. Those records, which the Government is filing under seal as Exhibit A, demonstrate that the defendant has been seen by medical staff on six occasions since his arrival at the MCC, including, most recently, on January 31, 2021. The medical records do not indicate that Akhavan has reported experiencing a seizure, or requested anti-seizure medication, on any of those occasions. Rather, the medical records show that on at least December 30, 2020, and January 6, 2021, Akhavan denied having a history of seizures.

*Fourth,* Akhavan argues that he will be unable to adequately prepare for trial unless he is released. But the defendant has had access to the majority of the discovery for many months, including well before he was detained on November 5, 2020. And as the defendant's submission acknowledges, the MCC is currently allowing in-person visits, as well as arranging for calls and video conference sessions, with defense counsel. Any difficulties faced in preparing for trial under these circumstances, moreover, apply no more to Akhavan than to any other incarcerated defendant facing an approaching trial date. Accepting Akhavan's argument would effectively mean accepting that every defendant in a case of similar complexity must be released in the weeks approaching trial whereas, in reality, as this Court is well aware, many defendants are required to, and do in fact, prepare for trial while detained.

Honorable Jed S. Rakoff
February 9, 2021

## **CONCLUSION**

    For the foregoing reasons, no condition or combination of conditions can reasonably assure the safety of others and the community.   Akhavan should therefore remain detained.

                                    Respectfully submitted,

                                    AUDREY STRAUSS
                                  United States Attorney

By:       /s/
                                 Nicholas Folly/ Tara LaMorte / Emily Deininger
                                 Assistant United States Attorneys
                                 (212) 637-1060 / -1041 / -2472