UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- against -

HAMID "RAY" AKHAVAN, and
RUBEN WEIGAND,

Defendants.

20-CR-188-JSR

**MEMORANDUM OF LAW IN SUPPORT OF HAMID ("RAY") AKHAVAN'S MOTION *IN LIMINE* #1: TO EXCLUDE EVIDENCE RELATING TO MR. AKHAVAN'S CRIMINAL CONVICTIONS, ARREST AND UNCHARGED OR IRRELEVANT ACTS**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....1
ARGUMENT ....2
I. MR. AKHAVAN'S CONVICTIONS SHOULD BE INADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 609(A)(1) ....2
A. The Impeachment Value of the Prior Crime ....3
B. The Date of the Conviction and the Defendant's Subsequent History ....4
C. The Degree of Similarity Between the Past Crime and the Current Crime ....5
D. The Centrality of the Defendant's Credibility in the Case ....6
E. The Importance of the Defendant's Testimony ....7
II. SHOULD THE GOVERNMENT BE PERMITTED TO INQUIRE, IT MUST BE LIMITED TO THE CONVICTION NOT THE UNDERLYING FACTS OR CIRCUMSTANCES ....7
III. SHOULD THE GOVERNMENT BE PERMITTED TO INQUIRE, IT MUST NOT BE ALLOWED TO INTRODUCE ALL SIX CONVICTIONS ....8
IV. MR. AKHAVAN'S NOVEMBER 2020 ARREST IS INADMISSIBLE ....9
V. PREJUDICIAL EVIDENCE RELATED TO MR. AKHAVAN'S PERSONAL LIFE SHOULD NOT BE ADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 608(B) ....9
VI. THE COURT SHOULD EXCLUDE ARGUMENT, EVIDENCE, AND REFERENCE TO MR. AKHAVAN'S WEALTH AND OTHER BUSINESS ACTIVITIES ....11
A. Argument, Evidence, and Reference to Mr. Akhavan's Wealth and Other Business Activities Is Irrelevant ....11
B. Argument, Evidence, And Reference To Mr. Akhavan's Wealth and Other Legal Business Activity Is Likely to Confuse the Jury and is Substantially More Prejudicial Than Probative ....12
CONCLUSION ....14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Daniels v. Loizzo*,
986 F.Supp. 245 (S.D.N.Y. 1997) ........................................ 4, 8, 9

*Doe v. Lima*,
2020 WL 728813 (S.D.N.Y. Feb. 13, 2020)........................................ 8

*Furtado v. Bishop*,
604 F.2d 80 (1st Cir. 1979)........................................ 4

*Giles v. Rhodes*,
2000 WL 1510004 (S.D.N.Y. Oct. 10, 2000)........................................ 8

*Gordon v. United States*,
383 F. 2d 936 (D.C. Cir. 1967)........................................ 4

*Lewis v. Velez*,
149 F.R.D. 474 (S.D.N.Y.1993)........................................ 4

*Somerville v. Saunders*,
2014 WL 272415 (N.D.N.Y. Jan. 24, 2014)........................................ 3

*United States v. Estrada*,
430 F.3d 606 (2d. Cir. 2005)........................................ 3

*United States v. Vasquez*,
840 F. Supp. 2d 564 (E.D.N.Y. 2011)........................................ 2, 5, 6, 10

*United States v. Agostini*,
280 F. Supp. 2d 260 (S.D.N.Y. 2003)........................................ 4

*United States v. Brown*,
606 F. Supp. 2d 306 (E.D.N.Y. 2009)........................................ passim

*United States v. Colella*,
1989 U.S. Dist. LEXIS 9160 (E.D. Pa. Aug. 1, 1989)........................................ 10

*United States v. Dowtin*,
2012 WL 7679552 (E.D.N.Y. Nov. 20, 2012)........................................ 14

*United States v. Ferguson*,
2007 WL 4240782 (D. Conn. Nov. 30, 2007)........................................ 12

*United States v. Figueroa*,
618 F.2d 934 (2d Cir. 1980)........................................ 11

*United States v. Harvey*,
991 F.2d 981 (2d Cir. 1993)........................................ 13

*United States v. Hernandez*,
85 F. App'x 269 (2d Cir. 2004)........................................ 5

*United States v. Joe*,
2008 WL 2810169 (S.D.N.Y. Jul. 21, 2008)........................................ 7

*United States v. La Chance*,
788 F.2d 856 (2d Cir. 1986)........................................ 10

*United States v. McCallum*,
584 F.3d 471 (2d Cir. 2009) .......... 3

*United States v. Montrose*,
15 F. App'x 89 (4th Cir. 2001) .......... 10

*United States v. Morrow*,
2005 WL 3163801 (D.D.C. June 2, 2005) .......... 10

*United States v. Nosov*,
221 F. Supp. 2d 445 (S.D.N.Y. 2002), *aff'd*, 119 F. App'x 311 (2d Cir. 2004) .......... 13

*United States v. Ortiz,*
553 F.2d 782 (2d Cir.1977) .......... 4, 6, 9

*United States v. Quattrone*,
441 F.3d 153 (2d Cir. 2006) .......... 12

*United States v. Rosales*,
680 F.2d 1304 (10th Cir. 1981) .......... 3

*United States v. Stahl*,
616 F.2d 30 (2d Cir. 1980) .......... 11, 13

*United States v. Tomaiolo*,
249 F.2d 683 (2d Cir. 1957) .......... 7

*United States v. Vegas*,
27 F. 3d 773 (2d Cir. 1994) .......... 5

*United States v. Washington*,
746 F.2d 104 (2d Cir. 1984) .......... 7, 9

*United States v. Weichert*,
783 F.2d 23 (2d Cir. 1986) .......... 4

*United States v. White*,
312 F. Supp. 3d 355 (E.D.N.Y. 2018) .......... 4, 9

**Rules**

Fed. R. Evid. 402 .......... 12

Fed. R. Evid. 403 .......... 10, 12

Fed. R. Evid. 404 .......... 2

Fed. R. Evid. 609(a)(1) .......... 2, 3

Defendant Hamid ("Ray") Akhavan respectfully submits this memorandum of law in support of his motion *in limine* #1 to exclude evidence relating to his criminal convictions, arrests and other irrelevant and prejudicial uncharged acts.[1]

## PRELIMINARY STATEMENT

***October 2019 Arrest and January 2020 Conviction:*** The government produced evidence, including police reports, related to an October 2019 arrest, and January 2020 conviction in Los Angeles Superior Court, for criminal threats and weapons possession.

On October 15, 2019 Mr. Akhavan was charged with six felony counts: one count of Criminal Threats, against his wife, Nina Akhavan, under Penal Code section 422, and five counts of Possession of an Assault Weapon under Penal Code section 30605(a).

On January 16, 2020, Mr. Akhavan appeared before Judge Shellie Samuels, and pleaded no contest to all six counts, under an open plea to the judge. Under the terms of the open plea, Mr. Akhavan was placed on formal probation for three years, given credit for time served (a total of eight days), and ordered to submit a firearms relinquishment form, abide by a protective order and submit to controlled substance testing when requested by the probation officer.

***November 2020 Arrest:*** On November 5, 2020, Mr. Akhavan was arrested and subsequently charged with two counts of Possession of a Firearm by a Felon under Penal Code section 29800(a)(1) and one count of Possession of a Controlled Substance with a Firearm under Health and Safety Code section 11370.1(a). He has not been convicted of the charges. The case is currently pending in Los Angeles Superior Court.

***Other Prejudicial and Irrelevant Conduct:*** The government has also produced documents, including correspondence, referencing Mr. Akhavan's alleged drug use, marriage

[1] Mr. Akhavan also joins in the motions *in limine* filed by defendant Ruben Weigand.

and romantic life, and weapons possession. As explained below, such evidence is highly prejudicial, not at all probative to the case at bar and is improper impeachment material.

**ARGUMENT**

## I. MR. AKHAVAN'S CONVICTIONS SHOULD BE INADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 609(A)(1)

Should Mr. Akhavan take the stand and testify, the government likely will seek to cross-examine him on his criminal convictions for impeachment purposes under Federal Rule of Evidence 609(a)(1). However, the probative value of such evidence does **not** outweigh its prejudicial effect to Mr. Akhavan.

As explained in *United States v. Vasquez*, "the standard for admissibility of a prior conviction under Rule 609(a)(1) is heightened when the witness is an 'accused.'" 840 F. Supp. 2d 564, 567 (E.D.N.Y. 2011).[2] Unlike for any other witness, whose prior conviction will be found inadmissible only if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury under Federal Rule of Evidence 403, the standard for admission of a defendant's prior conviction is higher. *Id*. For a defendant, the prior conviction must be admitted if the court determines that the "probative value of admitting this evidence *outweighs* its prejudicial effect to the defendant." Fed. R. Evid. 609(a)(1)(B) (emphasis added).

A special balancing test is used to determine the admissibility of a defendant's prior convictions for impeachment purposes because "the defendant faces a unique risk of prejudice—*i.e.*, the danger that convictions that would be excluded under Fed. R. Evid. 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes."

[2] Unless otherwise noted, we have omitted internal citations, quotation marks, and alterations from citations in this brief.

*Vasquez*, 840 F. Supp. 567 (quoting Fed. R. Evid. 609 advisory committee's note). District courts are cautious with evidence relating to prior convictions because "prior convictions are far more likely to be received as potent evidence of propensity than other prior bad acts." *United States v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009). "[E]vidence of prior convictions merits particularly searching, conscientious scrutiny" because such evidence is likely to lead the jury to "generalized reasoning about a defendant's criminal propensity" to engage in illegal activity, and would thereby undermine the presumption of innocence. *Id.*

In weighing the probative value of admitting the prior conviction against its prejudicial effect, courts in the Second Circuit consider the following factors: "[1] the impeachment value of the prior crimes, [2] the date of the conviction and the Defendant's subsequent history, [3] the degree of similarity between the past crime and the current crime, [4] the centrality of the Defendant's credibility in the case, and [5] the importance of the Defendant's testimony." *United States v. Brown*, 606 F. Supp. 2d 306, 311–12 (E.D.N.Y. 2009) (quoting *United States v. Jenkins*, 2003 WL 21047761, at *2 (S.D.N.Y. May 8, 2003)) (brackets in original). In balancing these five factors, it is clear that the probative value of Mr. Akhavan's criminal convictions does not outweigh their prejudicial effect.

**A. The Impeachment Value of the Prior Crime**

The probative value of Mr. Akhavan's prior criminal threats and weapons possession convictions as to his character for truthfulness are minimal at best. Not all Rule 609(a)(1) felonies are "equally probative of credibility." *United States v. Estrada*, 430 F.3d 606, 617 (2d. Cir. 2005).

A conviction for illegal possession of a firearm is "not normally suggest[ive of] the special probative value on the issue of credibility contemplated by Fed. R. Evid. 609(a)(1)." *United States v. Rosales*, 680 F.2d 1304, 1306 (10th Cir. 1981); *Somerville v. Saunders*, 2014

WL 272415, at *8 (N.D.N.Y. Jan. 24, 2014) ("Convictions for … weapons possession are generally not particularly probative as to honesty or veracity.") (citing *Estrada*, 430 F.3d at 617–18). "Illegally possessing a firearm is not an example of prior untruthfulness nor is it a crime of deception, and such a conviction does not offer insight into how credible a witness … would be." *United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003).

While the criminal threats conviction involved words alone, even a conviction for assault has been found to be "not particularly probative of credibility." *Furtado v. Bishop*, 604 F.2d 80, 93–94 (1st Cir. 1979); *Lewis v. Velez*, 149 F.R.D. 474, 481–82 (S.D.N.Y. 1993) ("Neither drug crimes nor assault involve dishonesty or false statement."); *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (An "assault and firearm conviction does not involve crimes generally considered probative of veracity."). Unlike crimes involving deceit, fraud, and theft, acts "which may result from a short temper, a combative nature, extreme provocation, or other causes[] generally have little or no direct bearing on honesty and veracity." *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967); *United States v. White*, 312 F. Supp. 3d 355, 362 (E.D.N.Y. 2018).

The fact that both of Mr. Akhavan's past convictions are not particularly probative of his propensity to testify truthfully should weigh heavily in the Court's decision on admissibility. "Although all of the[] factors are relevant, 'prime among them is ... whether the crime, by its nature, is probative of a lack of *veracity*.'" *Brown*, 606 F. Supp. 2d at 312 (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)).

**B. <u>The Date of the Conviction and the Defendant's Subsequent History</u>**

Remoteness is measured from the date of trial. *United States v. Weichert*, 783 F.2d 23, 26 (2d Cir. 1986). When Mr. Akhavan's trial begins, his prior convictions will be slightly more than one year old. In exercising its discretion, one of the factors courts must consider is

"whether the witness has 'mended his ways.'" *Loizzo*, 986 F. Supp. at 252. While his prior convictions are not particularly remote, Mr. Akhavan has sought to better himself over the last year through both inpatient and outpatient drug treatment and therapy. Moreover, Mr. Akhavan is 42 years old. Prior to 2020, he had no criminal history whatsoever. His past lack of criminal history should also weigh heavily in favor of excluding these more recent convictions.

Additionally, the convictions Mr. Akhavan suffered are for crimes that are "wobblers," which could have been charged as misdemeanors. Because misdemeanors are not punishable by death or imprisonment in excess of one year, misdemeanor convictions are not admissible for impeachment purposes under Rule 609(a)(1). While Mr. Akhavan was charged with these crimes as felonies, he was sentenced only to eight days in jail, a sentence akin to a misdemeanor crime. Accordingly, Mr. Akhavan's ultimate sentence for his convictions weighs against admitting his convictions for impeachment.

**C. <u>The Degree of Similarity Between the Past Crime and the Current Crime</u>**

The particular offenses of Mr. Akhavan's prior convictions for criminal threats and assault weapons possession are not direct evidence of the defendant's charged conduct. However, the past convictions may be viewed as intertwined with the charged conduct. Although Mr. Akhavan is charged with conspiracy to commit bank fraud, marijuana is central to this case. Some jurors may associate marijuana with being an illicit drug since it is federally illegal, a topic that will be addressed at trial. As a result, "[a]lthough in this case the prior convictions are not similar to the offense being charged at trial, their potential to improperly influence the mind of the jurors is great, given the connections people draw between guns and drugs." *Vasquez,* 840 F. Supp. 2d at 571. The *Vasquez* court found persuasive the argument that "guns and drugs are commonly perceived as inextricably linked," in deciding that the similarity of crimes cuts against admissibility. *Id*. (citing *United States v. Hernandez*, 85 F. App'x 269,

271 (2d Cir. 2004) ("[G]uns are frequently tools of the drug trade."); *United States v. Vegas*, 27 F.3d 773, 778 (2d Cir. 1994) ("[D]rug dealers commonly 'keep firearms on their premises as tools of the trade.'")). Here, Mr. Akhavan risks unfair prejudice if his convictions for assault weapons were admitted because jurors may wrongly and unfairly characterize his activity as a drug trade.

**D. <u>The Centrality of the Defendant's Credibility in the Case</u>**

"Where the credibility of a given witness is particularly important because there is little other documentary or supporting evidence and success at trial probably hinges entirely on the witness's credibility with the jury, these factors weigh in favor of admission of the prior conviction." *Vasquez*, 840 F. Supp. 2d at 572.

Here, the credibility of Mr. Akhavan's testimony is **<u>not</u>** central to the government's prosecution. This is not a situation where the case could be "narrowed to the credibility of two persons—the accused and his accuser." *Ortiz*, 553 F.2d at 785. Rather, like in *United States v. Brown*, "the government in the instant case intends to present a parade of witnesses to prove its case, as well as introduce [evidence] of confidential informants … and alleged co-conspirators engaged in criminal activity... Moreover, some of the witnesses will be federal agents … whose credibility is generally less reproachable than that of a witness with an 'extensive criminal record.'" 606 F. Supp. 2d 306, 317 n.6 (E.D.N.Y. 2009). In *Brown*, the court declined to conclude that the presentation of evidence presents a "compelling reason for exploring *all avenues* which would shed light on" witness believability. *Id.* (quoting *Ortiz*, 553 F.2d at 785). Here, too, the government's planned presentation of evidence, which is based almost entirely on documentary evidence, cuts against the argument that Mr. Akhavan's credibility is central to the case. As a result, this factor also weighs against admission of his prior convictions.

### E. The Importance of the Defendant's Testimony

The more important a defendant's potential testimony is to his defense, "the more it weighs *against* the admissibility of his prior convictions." *Brown*, 606 F. Supp. 2d at 314 n.5. Namely, the court must "compare the relevance of the prior conviction to credibility with the importance to defendant's defense of having him testify free from the prejudice which might be created by reference to it." *United States v. Washington*, 746 F.2d 104, 106 (2d Cir. 1984). It is obvious that Mr. Akhavan's testimony would be key to his defense.

In balancing these five factors, it is clear that the probative value of the evidence of Mr. Akhavan's convictions should he testify does **not** outweigh its prejudicial effect. As a result, the government should be barred from inquiring about the convictions, including for impeachment purposes.

## II. SHOULD THE GOVERNMENT BE PERMITTED TO INQUIRE, IT MUST BE LIMITED TO THE CONVICTION NOT THE UNDERLYING FACTS OR CIRCUMSTANCES

Since the risk of unfair prejudice to the defendant substantially outweighs the minimal probative value of his convictions, such evidence should be excluded. However, to the extent the Court allows the government to cross-examine the defendant on his prior convictions, the examination should be limited to elicit the fact that he was convicted, but not as to the facts and circumstances of his conviction.

Evidence of prior convictions should be no more detailed than is necessary to impeach credibility. *United States v. Tomaiolo*, 249 F.2d 683, 687 (2d Cir. 1957). In introducing evidence of the prior conviction, the impeaching party "is generally limited to establishing the bare or essential facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence." *Brown*, 606 F. Supp. 2d at 312. The court may also further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense. *Id.*;

*United States v. Joe*, 2008 WL 2810169, at *4 (S.D.N.Y. July 21, 2008) (restricting the government to inquire only about the date of the prior felony conviction and the sentence imposed and precluding the government from "inquir[ing] into the statutory name of the offense or the facts underlying the conviction"). "[N]umerous courts have exercised their discretion to admit evidence of the fact that a witness has been convicted of a felony while barring evidence of the underlying details of the offense." *Giles v. Rhodes*, 2000 WL 1510004, *1 (S.D.N.Y. Oct. 10, 2000) (defendants permitted to cross-examine plaintiff "concerning the fact that he is a convicted felon sentenced to more than one year in prison" but not as to acts and circumstances of his conviction and length of his sentence); *Loizzo*, 986 F. Supp. at 251 ("limiting Defendants' use of the conviction to the fact and date of the conviction" to offset danger of creating unfair prejudice in the minds of the jurors); *Doe v. Lima*, 2020 WL 728813, at *7 (S.D.N.Y. Feb. 13, 2020) ("[W]hen Rule 609 evidence is received at a jury trial, it generally is limited to the 'essential facts' of the conviction, and it is generally improper to admit details of a witness's offense beyond that 'necessary to establish a criminal conviction.'").

The fact that Mr. Akhavan is a convicted felon is sufficient to impeach his credibility. Any further description, including the names, nature, and sentence of his convictions would risk biasing and confusing the jurors and add minimal probative value.

## III. SHOULD THE GOVERNMENT BE PERMITTED TO INQUIRE, IT MUST NOT BE ALLOWED TO INTRODUCE ALL SIX CONVICTIONS

If the Court allows the government to cross-examine Mr. Akhavan on his prior felony history, the examination should be limited to one conviction. All six convictions stem from a single case. Mr. Akhavan only pleaded guilty to all six charges because it was part of an open plea to the judge. If the jury was informed that Mr. Akhavan had six convictions, not only would it risk unfair prejudice to Mr. Akhavan, the jury would also likely wrongly assume these were

separate instances. Regardless, courts in the Second Circuit have made it clear there is no more probative value in eliciting multiple convictions than a single one. Quite the opposite, the introduction of each conviction increases the risk of unfair prejudice and the needless presentation of cumulative evidence. *See Loizzo,* 986 F. Supp. at 252. "Once a prior felony has been presented to the jury, the incremental value of additional convictions may be diminished." *White*, 312 F. Supp. 3d at 362 (citing *Washington*, 746 F.2d at 107 (Newman, J., concurring)); *Brown*, 606 F. Supp. 2d at 314 ("[t]he court will not permit the government to resort to a 'piling on' effect by introducing the defendant's other] conviction.")).

## IV. MR. AKHAVAN'S NOVEMBER 2020 ARREST IS INADMISSIBLE

Mr. Akhavan has not been convicted of any charges as a result of his most recent arrest, nor has he admitted that he violated his probation. Without a conviction, the government is barred from cross-examining Mr. Akhavan about his arrests under Rule 609. According to the Advisory Committee Notes on Federal Rules of Evidence Rule 609, "[a]s a means of impeachment, evidence of conviction of crime is significant only because it stands as proof of the commission of the underlying criminal act." Here, without a conviction, there is no proof of commission of Mr. Akhavan's criminal acts for felon in possession of a firearm and possession of a controlled substance with a firearm. *See Ortiz*, 553 F.2d at 788 n.3 (Mansfield, J., dissenting) (convictions must be distinguished from arrests because only the former could be properly explored in the jury's presence).

## V. PREJUDICIAL EVIDENCE RELATED TO MR. AKHAVAN'S PERSONAL LIFE SHOULD NOT BE ADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 608(B)

Should Mr. Akhavan testify, any cross-examination related to his alleged drug use, marriage and romantic life, and weapons possession must be excluded as irrelevant, highly prejudicial and not at all probative in proving he committed conspiracy to commit bank fraud.

The only possible theory under which details of Mr. Akhavan's personal life might be even remotely relevant would be under Federal Rule of Evidence 608(b). However, it is clear that none of these specific instances of conduct are probative of his character for untruthfulness.

Evidence admitted under Rule 608(b) is subject to the probative-prejudice balancing test in Rule 403. *Vasquez*, 840 F. Supp. 2d at 574. Rule 608(b) is "designed to avoid jury distraction and confusion through the trial of collateral matters on the excuse of an impeachment purpose." *United States v. La Chance*, 788 F.2d 856, 877 (2d Cir. 1986). While Mr. Akhavan's purported drug use could have violated his pretrial release and probation conditions, courts have consistently held that such violations do not in any way bear on character for truthfulness. *See United States v. Montrose*, 15 F. App'x 89, 90 (4th Cir. 2001) (affirming district court's decision to disallow impeachment based on a witness's probation violation because there was no dishonesty involved); *United States v. Morrow*, 2005 WL 3163801, at *4 (D.D.C. June 2, 2005) ("[S]everal federal courts have concluded that violations of probation[] [and] conditions of release … do not involve dishonesty and do not bear on a witness's truthfulness; as such, these courts have found that such topics fall outside of the parameters of Federal Rule of Evidence 608(b) and have restricted attempted impeachment.") (collecting cases); *United States v. Colella*, 1989 U.S. Dist. LEXIS 9160, at *9–10 (E.D. Pa. Aug. 1, 1989) (finding that alleged violations of probation do not bear on a witness's truthfulness within the meaning of Rule 608(b)).

Evidence related to weapons, drugs, and a defendant's marriage and romantic life do not "involve an element of deceit, untruthfulness, or falsification in the nature of *crimen falsi* such as perjury, false statement, fraud, embezzlement, or smuggling." *Vasquez,* 840 F. Supp. 2d at 575. Even if this Court were to find that details of Mr. Akhavan's personal and private life are minimally probative of credibility, these details would not come close to satisfying the balancing

test under Rule 403 because their probative value would be substantially outweighed by the danger of unfair prejudice to the defendant. *See* Fed. R. Evid. 403. The Second Circuit has cautioned that trial courts must be vigilant where there is a "tendency of the evidence [in question] to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *United States v. Figueroa,* 618 F.2d 934, 943 (2d Cir. 1980). Accordingly, all such evidence must be excluded.

## VI. THE COURT SHOULD EXCLUDE ARGUMENT, EVIDENCE, AND REFERENCE TO MR. AKHAVAN'S WEALTH AND OTHER BUSINESS ACTIVITIES

### A. Argument, Evidence, and Reference to Mr. Akhavan's Wealth and Other Business Activities Is Irrelevant

The government's evidence, including reports of statements by witnesses Michael Tassone, Nick Fassano, James Patterson, and Oliver Hargreaves contains myriad references to Mr. Akhavan's wealth independent of the alleged scheme, including the type and number of cars he owns, his access to private transport, and his stays in luxury accommodations. Other evidence and statements discuss Mr. Akhavan's other business ventures, including credit card processing services provided to the pornography industry, as well as references to an arms business. However, the Indictment does not allege, and there is no evidence to support, that Mr. Akhavan profited from the charged conduct, or that his other business ventures were in any way related to the alleged scheme. None of the evidence produced to date suggests any link, financial or otherwise, between Mr. Akhavan's other businesses and Eaze. This evidence and argument related to it should be excluded as irrelevant.

Courts have recognized the danger of "arous[ing] class prejudice" in the jury by reference to a defendant's wealth, though limited references to wealth may be permitted where the wealth is relevant to the crime charged—*e.g.*, as a motive or to show enrichment. *United States v. Stahl*,

616 F.2d 30, 33 (2d Cir. 1980) (overturning conviction based on prosecution's repeated and inflammatory references to the defendant's wealth which was unrelated to the charged conduct); *United States v. Ferguson*, 2007 WL 4240782, at *1 (D. Conn. Nov. 30, 2007) (excluding evidence of salary and bonus compensation that was unrelated to the ends of the alleged fraud scheme but permitting evidence of benefits that were tied in value to an alleged fraud scheme).

Here, there is nothing from which to infer Mr. Akhavan's prior wealth or success was in any way related to, or could reasonably be inferred to have motivated, the charged conduct. This is not a case where fraud is alleged based on the defendant's need or desire to maintain his financial position, to profit, or to otherwise protect himself economically, whether at the time of the alleged scheme or in the future. *Cf. United States v. Quattrone*, 441 F.3d 153, 187 (2d Cir. 2006) (district court did not abuse its discretion in admitting evidence of employment and salary where such evidence was potentially relevant to defendant's motivation to protect company and reputation).

Further, references to Mr. Akhavan's other businesses are irrelevant to any issue in this case. There is no evidence to suggest that Mr. Akhavan's other business ventures were intertwined with his work at Eaze. Rather, the Eaze project was a separate and distinct venture. References to other businesses ventures are irrelevant to the scheme, and should not be permitted. Because such evidence is not relevant, it is not admissible. Fed. R. Evid. 402.

### B. Argument, Evidence, And Reference To Mr. Akhavan's Wealth and Other Legal Business Activity Is Likely to Confuse the Jury and is Substantially More Prejudicial Than Probative

Even if evidence, argument, or reference to Mr. Akhavan's wealth or other business ventures were relevant under Rule 401, the "probative value" of testimony about them "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading a jury, undue delay, [and] wasting time." Fed. R. Evid. 403. Permitting the government to present

evidence and argue to the jury about how much money Mr. Akhavan has, or had at the time of the alleged conduct, will likely only confuse the jury, including by either causing them to equate Mr. Akhavan's financial status with gains from the alleged scheme (for which there is no evidence) or by appealing to class bias against Mr. Akhavan based on his wealth. *See Stahl*, 616 F.2d at 33 (overturning conviction based on prosecution's repeated and inflammatory references to the defendant's wealth and noting such references seemed intended to appeal to class bias).

Further, Mr. Akhavan's other business ventures involve industries that can carry negative connotations. Mr. Akhavan provided credit card processing for adult content websites, the legality of which is not in question here. Nevertheless, references to pornography and adult content are likely to have the effect of inflaming the jury and causing them to condemn Mr. Akhavan for conduct they view as morally corrupt, even though such conduct is legal, rather than focusing on the entirely unrelated crime actually charged. The same is true of Mr. Akhavan's arms business.

Courts have recognized the risk posed by references to the pornographic nature of a business or content and excluded such references where they were not necessary. *See United States v. Nosov*, 221 F. Supp. 2d 445, 448 (S.D.N.Y. 2002), *aff'd*, 119 F. App'x 311 (2d Cir. 2004) (prohibiting defense counsel from inquiring in to the pornographic nature of a trafficking conspiracy entered into by one of the government's cooperating witnesses, but allowing inquiry into other aspects of the proposed venture, because the pornographic nature of the venture had little to no bearing on the witness's capacity for truthfulness); *United States v. Harvey*, 991 F.2d 981, 995 (2d Cir. 1993) (finding trial court erred in admitting evidence regarding content of "X-rated" video tapes received by defendants in child pornography prosecution to the extent tapes depicted pornography not involving or simulating child pornography because such content was

irrelevant and only likely to prejudice the jury). Mr. Akhavan should not be subject to a trial on the morality or values underlying his business ventures that are entirely unrelated to the charged scheme, are not illegal, and may be inflammatory. *United States v. Dowtin*, 2012 WL 7679552, at *5 (E.D.N.Y. Nov. 20, 2012) ("[C]ourts must be scrupulous to avoid the specter of guilt by association—or, more likely, guilt by confusion.").

## CONCLUSION

For the foregoing reasons, the Court should exclude evidence of Mr. Akhavan's convictions, arrests and other uncharged or irrelevant acts.

Dated: February 16, 2021

ROTHKEN LAW FIRM
*/s/ Ira Rothken*
Ira Rothken
Jared Smith
3 Hamilton Landing
Suite 280
Novato, CA 94949
Telephone: (415) 924-0425
Email: ira@techfirm.net
Email: jared@techfirm.net

QUINN EMANUEL URQUHART & SULLIVAN, LLP
*/s/ William A. Burck*
William A. Burck
Derek L. Shaffer
777 6th Street NW 11th floor
Washington, DC 20005
Telephone: (202) 538-8000
Fax: (202) 538-8100
Email: williamburck@quinnemanuel.com
Email: derekshaffer@quinnemauel.com

Christopher Tayback
Mari F. Henderson
865 S Figueroa Street 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
Email: christayback@quinnemanuel.com
Email: marihenderson@quinnemanuel.com

Sara C. Clark
711 Louisiana St., Ste. 500
Houston, Texas 77002
Telephone: (713) 221-7000
Fax: (713) 221-7100
Email: saraclark@quinnemanuel.com