| | |
|---|---|
| **From:** | Harid, Shriram |
| **To:** | LaMorte, Tara (USANYS); Folly, Nicholas (USANYS); DiMase, Christopher (USANYS); Deininger, Emily (USANYS) |
| **Cc:** | Gilbert, Michael; EXT michaelartan@yahoo.com; Pellechi, Steven |
| **Subject:** | United States v. Weigand & Akhavan, 20 cr. 188 (Defense Exhibits & Vilfer Testimony) |
| **Date:** | Tuesday, January 19, 2021 12:53:55 PM |

Dear Chris, Nick, Tara, and Emily:  We write to follow up on two open issues we had previously discussed: (1) the Government's request that we produce a more particularized defense exhibit list; and (2) the Government's request for additional clarity on Donald E. Vilfer's expected testimony.

**Defense Exhibit List**

In our pre-trial disclosure to the Government on December 21, 2020, we noted that "[w]e are, of course, unable to determine before hearing the Government's case exactly which witnesses Mr. Weigand may call and which exhibits he may seek to offer during his direct case, if any." Nevertheless, we reserved our right "to introduce as evidence discovery produced by the Government to the defense pursuant to Federal Rule of Criminal Procedure 16, including, but not limited to, any exhibit identified on the Government's preliminary exhibit list as of November 3, 2020."

We stand by our previously stated position that it is very difficult for us to determine exactly which documents Mr. Weigand may seek to offer during his direct case, without a clear understanding of the evidence the Government intends to put forward.  Such an understanding has been impeded by the substantial overbreadth of the Government's preliminary exhibit list, which consists of over 8,700 files and numerous exhibits that actually include multiple sub-folders and constituent files, not all of which could realistically be offered during a two to three-week trial.  For instance, of the 715 Government "exhibits" identified as "Documents from Weigand Laptop" (1000 series – 1800 series), several "exhibits" contain dozens of files (*see, e.g.*, the exhibits in the 1000 series).

If the Government is able to narrow its preliminary exhibit list to give us a more accurate sense of the materials it intends to introduce at trial, it will aid our efforts to identify for the Government those documents in the discovery that Mr. Weigand may seek to introduce during his direct case.  As previously discussed, we reserve our right to offer as evidence any of the exhibits listed on the Government's preliminary exhibit list.  We also do not intend to identify for the Government those documents we plan to use for purposes of impeachment.

**Expert Disclosure for Donald E. Vilfer**

On November 3, 2020, the Government produced to the defense an expert notice for witnesses whose "expected testimony would not constitute expert testimony under Federal Rules of Evidence 702, 703, or 705," according to the Government.  Those witnesses included "an FBI analyst and/or Investigative Analyst with the United States Attorney's Office for the Southern District of New York" whose expected testimony would concern "forensic searches and analyses of electronic devices that were seized from the defendants and others (the "Devices.")."

The Government did not include in its notice the witnesses' expected "opinions [and] the bases and reasons for those opinions." Fed. R. Crim. P. 16(a)(1)(G).  Instead, the Government noted that it "may not seek to offer these witnesses as expert witnesses, as the focus of their

testimony will be on what they found on the Devices rather than any area of specialized knowledge on which they relied in conducting their examinations."

For the reasons cited in the Government's November 3 notice, Mr. Vilfer, whose expected testimony would concern the contents of the devices seized from Mr. Weigand based on his analysis of forensic images of those devices, is likewise not an "expert witness" for whom additional disclosures are required under the Federal Rules, beyond those already provided to the Government.

As we noted in our supplemental expert disclosure on December 21, 2020, one of the bases for Mr. Vilfer's potential testimony is "[a] USB drive that appears to be the source of the materials identified under the 1800 series on the Government's preliminary exhibit list . . . and which may be the source of other materials the Government located on Mr. Weigand's Laptop (*i.e.*, 1000 Series–1700 Series)." Notwithstanding our position on Mr. Vilfer's status an "expert witness" under the Federal Rules, we note that Mr. Vilfer may rely on the USB drive mentioned in our supplemental disclosure to provide testimony on the source of certain materials located on Mr. Weigand's Laptop.

**Shriram Harid**
Associate

**Dechert LLP**
+1 212 649 8744   Direct
shriram.harid@dechert.com
dechert.com

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.