UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- against -

RUBEN WEIGAND and
HAMID "RAY" AKHAVAN,

Defendants.

20-CR-188-JSR

**DEFENDANTS' REQUEST TO CHARGE**

# TABLE OF CONTENTS

Page

Instruction No. 1: Duty of the Court ............................................................................1

Instruction No. 2: Role of the Jury..............................................................................2

Instruction No. 3: Duty of Impartiality .......................................................................4

Instruction No. 4: Presumption of Innocence and Burden of Proof .................................5

Instruction No. 5: Reasonable Doubt............................................................................6

Instruction No. 6: Direct and Circumstantial Evidence ................................................7

Instruction No. 7: Credibility of Witnesses .................................................................8

Instruction No. 8: Credibility of Witnesses: Impeachment by Prior Inconsistent Statement ........10

Instruction No. 9: Defendant's Right to Not Testify ...................................................11

Instruction No. 10: Consider Each Defendant Separately ............................................12

Instruction No. 11: Definitions: Knowingly, Intentionally/Willfully ...........................13

Instruction No. 12: Definitions: Specific Intent and Intent to Defraud .........................14

Instruction No. 13: Summary of the Charge ...............................................................15

Instruction No. 14: Elements: Financial Institution ....................................................17

Instruction No. 15: Elements: Conspiracy .................................................................18

Instruction No. 16: Elements – Scheme to Defraud a Financial Institution ...................20

Instruction No. 17: Elements – Scheme to Obtain Money or Property Under Bank's Control ...............................................................................................22

Instruction No. 18: Good Faith ................................................................................25

Instruction No. 19: Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court ..............................................................26

Instruction No. 20: Verdict; Need for Unanimity; Duty to Consult .............................27

# INTRODUCTORY INSTRUCTIONS[1]

## Instruction No. 1: Duty of the Court

You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. These are the final and binding instructions, which entirely replace the preliminary instruction I gave you earlier. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

---

[1] Unless otherwise noted, these instructions are adapted from the Court's instructions in *United States v. Petit*, 20-cr-188 (JSR) (S.D.N.Y.), ECF No. 127.

<u>Instruction No. 2: Role of the Jury</u>

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollections of the evidence. To aid in your recollection, we will send you a thumb-drive containing all the exhibits at the start of your deliberations, and if you need to review particular items of testimony, we can also arrange to provide them to you in transcript of read-back form.

What the lawyers have said—for instance, in opening statements, in closing arguments, in objections, or in questions—is not evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

You should bear in mind particularly that questions put to witnesses, although they can provide the context to answers, are not themselves evidence. It is only the answers that are evidence.

The evidence before you consists of the answers given by witnesses and the exhibits presented.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer

that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence. For example, there is no legal requirement that the Government prove its case through a particular witness or by use of a particular law enforcement technique. Nor should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial or what his or her situation may be. Your focus should be entirely on assessing the evidence that was presented here for your consideration.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## Instruction No. 3: Duty of Impartiality

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that given to any other party to this litigation. By the same token, the Government is entitled to no less consideration. All parties, whether Government or individuals, stand as equals.

The question of possible punishment of the defendant is of no concern to you, the members of the jury, and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court.

It must be clear to you that if you were to let bias, or prejudice, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

Instruction No. 4: Presumption of Innocence and Burden of Proof

Mr. Weigand and Mr. Akhavan are each charged with one federal crime, about which I will instruct you shortly. Bear in mind that the charges, or counts, are not themselves evidence of anything.

Mr. Weigand and Mr. Akhavan pleaded not guilty to the charges against them, and you must consider the evidence against each of them individually. As a result of a plea of not guilty, the burden is on the Government to prove each essential element of the charge for each defendant beyond a reasonable doubt. This burden never shifts to Mr. Weigand and Mr. Akhavan for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

In other words, they start with a clean slate and are presumed innocent until such time, if ever, that you as a jury are convinced that the Government has proven their guilt beyond a reasonable doubt as to each charge.

<u>Instruction No. 5: Reasonable Doubt</u>

In order to convict Mr. Weigand and Mr. Akhavan on the Indictment, the Government is required to prove that charge beyond a reasonable doubt. The question that naturally arises is, "What is a reasonable doubt?" The words almost define themselves. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must therefore be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible doubt: Proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to a given defendant's guilt with respect to a particular charge against him, you must find that defendant not guilty of that charge. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a given defendant's guilt with respect to a particular charge against him, you should not hesitate to find that defendant guilty of that charge.

## Instruction No. 6: Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that there are blinds on the courtroom windows that are drawn and that you cannot look outside. As you are sitting here, someone walks in with an umbrella that is dripping wet. Someone else then walks in with a raincoat that is also dripping wet. Now, you cannot look outside the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of the facts that I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

## Instruction No. 7: Credibility of Witnesses

It must be clear to you by now that counsel for the Government and counsel for the defendants are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or a defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

In this regard, you have heard testimony from witnesses who admitted to being involved in some of the alleged criminal activity with which the defendants are charged and testified either pursuant to a plea agreement or other agreement with the Government.

The law permits the use of testimony from such witnesses; indeed, such testimony, if found truthful by you, may be sufficient in itself to warrant conviction of a given defendant if it convinces you of that defendant's guilt beyond a reasonable doubt. However, the law requires that the testimony and motives of each such witness be scrutinized with particular care and caution. After carefully scrutinizing the testimony of a witness who is testifying pursuant to an agreement with the Government and taking account of the special features of such agreements, you may give the testimony as little or as much weight as you deem appropriate.

As to all witnesses, you should also consider whether a witness had an opportunity to observe the facts he or she testified about and whether the witness's recollection of the facts stands up in light of the other evidence in the case. In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

<u>Instruction No. 8: Credibility of Witnesses: Impeachment by Prior Inconsistent Statement</u>[2]

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

---

[2]  1 Leonard B. Sand *et al.*, Modern Federal Jury Instructions, Instruction 7-19 (2021).

## Instruction No. 9: Defendant's Right to Not Testify

Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Accordingly, you must not attach any significance to the fact that the defendant(s) did not testify. No adverse inference against either of the defendants may be drawn by you because that defendant did not take the witness stand, and you may not consider such silence against either of the defendants in any way in your deliberations in the jury room.

<u>Instruction No. 10: Consider Each Defendant Separately</u>[3]

In reaching a verdict you must bear in mind that guilt is individual. Your verdict as to each defendant must be determined separately with respect to him solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else. Whether you find a particular defendant guilty or not guilty as to one offense should have no bearing on your verdict as to the other offenses charged.

In addition, some of the evidence in this case was limited to one defendant. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations as to the other defendant.

---

[3]  Adapted from the Court's instruction in *United States v. Lebedev*, 15-cr-769 (AJN) (S.D.N.Y), ECF No. 442.

<u>Instruction No. 11: Definitions: Knowingly, Intentionally/Willfully</u>

Before I instruct you on each of the counts specifically, I will define some terms and concepts that will come up repeatedly throughout these instructions, and that relate to a given defendant's state of mind. Specifically, a defendant cannot be convicted of any crime unless, among other things, he acted "knowingly" and "intentionally" (or, as it is sometimes put, "willfully").

Knowingly means to act consciously and voluntarily, rather than by mistake or accident or mere inadvertence.

"Intentionally" and "willfully" mean to act deliberately and with a bad purpose, rather than innocently.

<u>Instruction No. 12: Definitions: Specific Intent and Intent to Defraud</u>

Specific intent means more than just a general intent to commit an act. To prove specific intent, the Government must prove that the defendant you're considering purposefully and knowingly did that which the law forbids.

Intent to defraud means to act with the specific intent to deceive, for the purpose of causing some financial or property loss to another.[4] Property loss includes loss of intangible interests such as the right to control the use of one's assets, but only where the loss of the right to control those assets can or does result in tangible economic harm.[5]

An intent to defraud is more than causing a person to enter into transactions they would otherwise avoid,[6] or inducing a person to enter into a discretionary economic transaction that they would not have entered but for the defendant's misrepresentations.[7]

The question of whether the defendants knew their course of conduct would likely harm another's tangible economic interest is a question of fact for you to determine, like any other fact question.

---

[4] *United States v. Finazzo*, 850 F.3d 94, 111 (2d Cir. 2017); 2 Sand *et al.*, Modern Federal Jury Instructions, Instruction 44-5 (2021).

[5] *Finazzo*, 850 F.3d at 111; *see also United States v. Jabar*, 2017 WL 4276652, at *3–4 (W.D.N.Y. Sept. 27, 2017) (fraudulent intent necessarily includes an intent to cause harm that is more than "metaphysical") (citing *United States v. Starr*, 816 F.2d at 98, 100 (2d Cir. 1987)).

[6] *Jabar*, 2017 WL 4276652, at *5 (quoting *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007), and *United States v. Novak*, 443 F.3d 150, 159 (2d Cir. 2006))).

[7] *United States v. Davis*, 2017 WL 3328240, at *8 (S.D.N.Y. Aug. 3, 2017) (citing *United States v. Binday*, 804 F.3d 558, 570 (2d Cir. 2015)); *see also Jabar*, 2017 WL 4276652, at *3 (quoting *Shellef*, 507 F.3d at 108).

# CHARGES

## Instruction No. 13: Summary of the Charge[8]

The defendants were originally charged in what is called an indictment, which is simply a charging instrument and is not evidence, so it will not be presented to you. The indictment in this case contains one count.

The single count charges that the defendants conspired—that is, agreed with each other or with one or more persons—to engage in a scheme to deceive United States banks into processing dollars in credit and debit card payments for the purchase and delivery of marijuana products.

The bank fraud statute, Title 18, Section 1344 of the United States Code, provides:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—
>
> (1)     to defraud a financial institution; or
>
> (2)     to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be [guilty of a crime].

The conspiracy to commit bank fraud statute, Title 18, Section 1349 of the United States Code provides:

> Any person who ... conspires to commit any offense under this chapter [including bank fraud under Section 1344] shall be [guilty of a crime].

The statute thus sets out two different forms of bank fraud: (1) a scheme to defraud a bank; and (2) a scheme to obtain money under a bank's control by means of false representations. The Indictment charges both forms of bank fraud. You will be instructed separately on each one. The order does not matter.

---

[8]   This instruction is adapted from the Court's instructions in *United States v. Nejad*, 18-cr-224 (AJN) (S.D.N.Y.), ECF No. 308, and *Petit*.

You may find Mr. Weigand and Mr. Akhavan guilty of conspiracy to commit bank fraud if you find each and every element of conspiracy to commit one form of bank fraud proven beyond a reasonable doubt. You do not need to find both forms proven. But to find Mr. Weigand and Mr. Akhavan guilty, you must be unanimous as to which theory of bank fraud you find, and you must find every element of that theory proven beyond a reasonable doubt.

Instruction No. 14: Elements: Financial Institution[9]

I use the common term "bank" throughout these instructions as a matter of convenience in lieu of repeating the phrase "financial institution."  However, you are instructed that the term financial institution has a very specific meaning in the context of a bank fraud prosecution, like this one. In this case, you are instructed that the Government must prove beyond a reasonable doubt that any financial institutions, however referred to, that were the object of the fraud were either federally insured depository institutions or credit unions with accounts insured by the National Credit Union Share Insurance Fund at the time of the alleged conspiracy. You are instructed that any reference to a "bank" in these instructions is a reference to a financial institution.

During this trial you have heard about banking and financial sector entities in Europe, as well as Visa and MasterCard.

It remains the government's burden to prove beyond a reasonable doubt that any objects of the bank fraud charge—whether referred to as a bank, credit union, or any other shorthand—were federally insured financial institutions that meet the definition set forth here.

It is not necessary for the Government to prove that the Defendant knew the identity of a particular financial institution or that the Defendant knew that the financial institution was insured by the Federal Deposit Insurance Corporation.

---

[9]  This instruction is adapted from 2 Sand *et al.*, Modern Federal Jury Instructions, Instruction 44-12 (2021).

Instruction No. 15: Elements: Conspiracy[10]

In order to find Mr. Weigand and Mr. Akhavan guilty of conspiracy to commit bank fraud, you must first find that an unlawful conspiracy to commit bank fraud existed. The Government must therefore prove the following two elements beyond a reasonable doubt:

1.     First, the Government must prove that the conspiracy existed. That is, that there was an agreement or understanding among at least two people to commit bank fraud.

2.     Second, the Government must prove that Mr. Weigand and Mr. Akhavan knowingly and willfully became members of that conspiracy, with knowledge of its unlawful objective.

The first element the Government must prove is that there was a conspiracy. A conspiracy is an agreement, or an understanding, of two or more persons to accomplish by concerted action one or more unlawful purposes, or "objects," of the conspiracy. In this case the only charged object of the conspiracy is to commit bank fraud. The object may be satisfied by either provision of the bank fraud statute, which I will discuss shortly.

If you conclude that the Government as proved beyond a reasonable doubt that the charged conspiracy existed and had bank fraud as its object, you must then consider whether the Government has proved beyond a reasonable doubt that Mr. Weigand and/or Mr. Akhavan intentionally joined in and participated in the conspiracy. To prove this element, the Government must prove beyond a reasonable doubt that the defendant you are considering entered into the conspiracy and did so knowingly and willfully and with knowledge of its unlawful objective. I have instructed you on the meaning of "knowingly" and "intentionally."

---

[10]    This instruction is adapted from the Court's instructions regarding conspiracy in *Petit* (Instructions 15, 16, and 20).

I want to caution you that the mere association by one person with another person or group of persons does not make that first person a member of the conspiracy, even when coupled with knowledge that the second person (or group of persons) is taking part in a conspiracy. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant you are considering participated in the conspiracy with knowledge of its unlawful purpose and with intent to aid in the accomplishment of its unlawful purpose.

In short, in order to satisfy the second essential element of the charged offense as to a given defendant, you must find beyond a reasonable doubt that the defendant you are considering, with an understanding of the unlawful character of the charged conspiracy, knowingly and intentionally, joined and participated in the conspiracy for the purpose of furthering its unlawful object.

<u>Instruction No. 16: Elements – Scheme to Defraud a Financial Institution</u>

In order to prove Mr. Weigand and Mr. Akhavan guilty of conspiring to knowingly execute a scheme to defraud a bank under Section 1344(1), the Government must prove each of the following elements beyond a reasonable doubt, in addition to the two elements required to prove a conspiracy:

1. First, there existed a scheme to defraud a bank;

2. Second, that the defendants executed or attempted to execute the scheme knowingly, willfully and with intent to defraud a bank;

3. Third, that the defendants executed or attempted to execute the scheme through a misrepresentation or concealment of a fact and that misrepresented or concealed fact was material; and

4. Fourth, that at the time of the execution of the scheme, the bank met the legal requirements to qualify as a financial institution.

The first element the Government must prove beyond a reasonable doubt is that there was a scheme to defraud a bank. A "scheme" is simply a plan that is designed to accomplish an objective. A "scheme to defraud" is a pattern or course of conduct concerning a material matter designed to deceive a bank into releasing property with the intent to harm the bank's property interest. This subsection requires that the defendants intended to deceive the bank specifically; deception of a person or entity that is not a bank is not sufficient.[11]

The second element the Government must prove beyond a reasonable doubt is that the defendants intended to execute or attempted to execute the scheme knowingly, willfully, and with

---

[11]  *Shaw v. United States*, 137 S. Ct. 462, 469 (2016).

an intent to defraud. I have already instructed you on the meaning of the terms "knowingly," "willfully," and "intent to defraud."

The third element the government must prove beyond a reasonable doubt is that the defendants executed the scheme through a misrepresentation or concealment of a fact and that misrepresented or concealed fact was material. A material fact is one you would reasonably expect to be of concern to a reasonable and prudent bank in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must also determine whether that statement was one that a reasonable bank would have considered important in making its decision. It does not matter whether the bank actually relied on the misrepresentation; however, the misrepresentation had to be capable of influencing the bank. The same requirements applies to fraudulent half-truths or the concealment of material facts where that concealment makes an affirmative statement misleading.

The fourth element the Government must prove beyond a reasonable doubt is that the object of the scheme was a financial institution as that term is defined under the law. I have defined that term for you previously and you should apply that definition here. It is the Government's burden to prove to you beyond a reasonable doubt that any bank, credit union or other entity that it alleges was the object of the conspiracy meets that definition.

<u>Instruction No. 17: Elements – Scheme to Obtain Money or Property Under Bank's Control</u>[12]

In order to prove Mr. Weigand and Mr. Akhavan guilty of conspiring to execute a scheme to obtain money or property owned by or under a bank's custody or control under Section 1344(2), the Government must prove each of the following elements beyond a reasonable doubt, in addition to the two elements required to prove a conspiracy:

1. First, that there was a scheme to obtain money or property owned by or under the custody or control of a bank by means of false or fraudulent pretenses, representations, or promises as charged in the Indictment;

2. Second, that the false or fraudulent pretenses, representations, or promises were material to a bank;[13]

3. Third, that the defendants executed or attempted to execute the scheme knowingly, willfully, and with an intent to defraud;[14] and

---

[12] This instruction is adapted from the Court's instructions in *Nejad* and *United States v. Nkansah*, No. 8-cr-1234 (JSR) (S.D.N.Y.) (attached in relevant part as Exhibit A).

[13] Absent a meaningful requirement of materiality under this subsection, the Government could pursue a theory of federal bank fraud based on *any* alleged deviation from a bank or credit-card company's claimed policy (no matter how arbitrary) and obtain a conviction based on a finding that a particular transaction (no matter how voluntary, productive and legal it would otherwise be) might not have been processed absent the deviation. In *Finazzo*, the Second Circuit considered a hypothetical "in which a clothing retailer does business with a supplier, and the supplier misrepresents its identity to the retailer." 850 F.3d at 111 n.18. "[W]hat if [a] supplier misrepresents its identity merely because [a] retailer's board of directors has agreed not to transact business with the supplier due to inter-personal animus?" *Id.* Even though "the Government would likely be able to easily prove that the supplier's misrepresentation affected the retailer's decisionmaking," the Second Circuit has held that this kind of misrepresentation cannot support a "scheme to defraud." *Id.*

[14] *Loughrin v. United States* held that intent to defraud *a bank* is not an element under subsection 2. 573 U.S. 351 (2014). But even after *Loughrin*, intent to defraud *someone* is an element under subsection 2. *See* 2 O'Malley *et al.*, Federal Jury Practice & Instructions § 47:11 (6th ed.) (last updated February 2021); *United States v. Ajayi*, 808 F.3d 1113, 1119 (7th Cir. 2015); *United States v. Chittenden*, 848 F.3d 188, 195 n.4 (4th Cir.), *rev'd on other grounds*, 138 S. Ct. 447 (2017); *United States v. Kerley*, 784 F.3d 327, 343 (6th Cir. 2015); Ninth Circuit Pattern Jury Instruction § 8.127 (instruction last updated March 2015); Eighth Circuit Pattern Jury Instructions § 6.18.1344

4.     Fourth, that at the time of the execution of the scheme, the bank met the legal requirements to qualify as a financial institution.

The first element that the Government must prove beyond a reasonable doubt is that there was a scheme to obtain money or property owned by or under the custody or control of a bank by means of false or fraudulent pretenses, representations or promises as described in the Indictment. It is essential for this element that the charged false or fraudulent pretenses, representations or promises be the means by which defendant obtains the property at issue—*i.e.*, that they be causally related to the bank's relinquishment of the control of its property.[15] You must be convinced beyond a reasonable doubt that the defendants intended that a false statement would reach such a bank (or a custodian of the bank's property).[16]

---

(last updated July 2017); Seventh Circuit Pattern Jury Instructions 18 U.S.C. § 1344(2) (2020 ed.); *see also United States v. Kipp*, 2017 WL 2662983, at *21 (W.D.N.C. June 20, 2017) (acquitting a defendant charged under subsection 2 after a bench trial because the government failed to meet its "burden of showing specific intent to defraud"), *aff'd*, 793 F. App'x 166 (4th Cir. 2019); *cf. United States ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650, 658 (2d Cir. 2016) ("[A] representation is fraudulent only if made with the contemporaneous intent to defraud.").

For the same reasons noted *supra*, the intent to deceive needs to be oriented specifically around the bank's property or economic interests that the statute protects.  *See, e.g.*, Ninth Circuit Pattern Jury Instruction § 8.127 (listing as separate elements that the defendant "knowingly carried out a scheme or plan to obtain money or property from [a financial institution] by making false statements or promises" and that "the defendant acted with intent to defraud"). "[O]nly a showing of intended harm will satisfy the element of fraudulent intent." *Novak*, 443 F.3d at 156. And mere intent to obtain property in the ordinary course of legitimate banking should not be mistaken for requisite fraudulent intent in this context. Otherwise, benign misrepresentations about someone's race, political affiliation, or weight could ground prosecutions for bank fraud to the extent that banks allegedly discriminate based on those inputs (however unexpectedly) when deciding to process transactions, merely because a defendant *intended* to obtain money or property. *See Finazzo,* 850 F.3d at 111 n.18; *cf. United States v. Phillips*, 731 F.3d 649, 652 (7th Cir. 2013) (en banc) (Posner, J.) (employing similar reasoning in 18 U.S.C. § 1014 prosecution).

[15]   *Loughrin*, 573 U.S. at 363

[16]   *See United States v. Weigand*, 2020 WL 5105481, at *5–6 (S.D.N.Y. Aug. 31, 2020), as corrected (Sept. 2, 2020).

The second element the Government must prove beyond a reasonable doubt is that the false or fraudulent pretenses, representations or promises must relate to a material fact or matter. I have instructed you on what makes a fact "material," and you should follow that instruction here.

The third element the Government must prove beyond a reasonable doubt is that the defendants executed or attempted to execute the scheme knowingly, willfully, and with an intent to defraud. I have instructed you on the terms "knowingly," "willfully," and "intent to defraud."

The fourth element the Government must prove beyond a reasonable doubt is that the object of the scheme was a financial institution as that term is defined under the law. I have defined that term for you previously and you should apply that definition here. It is the Government's burden to prove to you beyond a reasonable doubt that any bank, credit union or other entity that it alleges was the object of the conspiracy meets that definition.

<u>Instruction No. 18: Good Faith</u>[17]

A defendant's good faith is a complete defense to the charge in this case. If Mr. Akhavan and Mr. Weigand believed in good-faith that they were acting properly, even if they were mistaken in that belief, there would be no crime of bank fraud by them. Likewise, a genuine belief that the scheme never exposed the victim to loss or risk of loss in the first place would demonstrate a lack of fraudulent intent.[18]

Good-faith on the part of Mr. Akhavan and Mr. Weigand is a complete defense on the charge of bank fraud. Mr. Akhavan and Mr. Weigand, however, do not have the burden of establishing or proving a defense in good-faith. They have no burden at all. The burden is on the Government to prove guilty knowledge, criminal intent, and a lack of good-faith beyond a reasonable doubt for each defendant as to the charge you are considering.

---

[17] This instruction adapted from the Court's good-faith instruction in *Petit* (Instruction 13).

[18] *United States v. Calderon*, 944 F.3d 72, 91 (2d Cir. 2019).

# CONCLUDING INSTRUCTIONS

## Instruction No. 19: Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room a thumb-drive with all the exhibits that were admitted into evidence. If you want any of the testimony provided, that can also be done, in either transcript or read-back form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## Instruction No. 20: Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the Government, to prevail on a particular charge against a particular defendant, must prove each essential element of that charge beyond a reasonable doubt. If the Government carries this burden with respect to a defendant, you should find that defendant guilty of that charge.

Otherwise, you must find that defendant not guilty of that charge.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change an opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.