# EXHIBIT A



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...............................................................x
UNITED STATES OF AMERICA       :
                               :
        -v-                    :            S3 08 Cr. 1234 (JSR)
                               :
FELIX NKANSAH,                 :
                               :
        Defendant.             :
...............................................................x

# THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

# TABLE OF CONTENTS

## I. GENERAL INSTRUCTIONS

1. Duty of the Court

2. Duty of the Jury

3. Duty of Impartiality

4. Burden of Proof

5. Reasonable Doubt

6. Direct and Circumstantial Evidence

7. Witness Credibility

8. Defendant's Testimony

## II. THE CHARGES

9. Multiple Charges

10. Count 1: Conspiracy to Defraud the United States

11. Count 2: Filing A False Claim with the United States

12. Count 3: Bank Fraud

13. Count 4: Aggravated Identity Theft

14. Count 5: Identity Theft

## III. CONCLUDING INSTRUCTIONS

15. Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with Court

16. Verdict; Need for Unanimity; Duty to Consult

# INSTRUCTION NO. 12

## Count 3: Bank Fraud

Count 3 charges Felix Nkansah with intentionally participating in a scheme to defraud a federally-insured bank.

In order for the defendant to be guilty of this charge, the Government must prove beyond a reasonable doubt each of the following three elements:

<u>First</u>, that at some time between early 2005 and August 2008, the defendant participated in a scheme to obtain money from a bank by means of false or fraudulent pretenses, representations or promises;

<u>Second</u>, that the defendant did so unlawfully, knowingly, and willfully and with an intent to defraud the bank; and

<u>Third</u>, that at the time the defendant participated in the alleged scheme, the bank was insured by the Federal Deposit Insurance Corporation.

With regard to the first element, the scheme in which the defendant is alleged to participate is a scheme by the defendant or others to obtain money from a bank by depositing and/or cashing tax refund checks in the names of third parties without the knowledge or permission of the third parties. It is not necessary, however, for the Government to prove that the bank suffered an actual loss of funds, as long as the Government proves beyond a reasonable doubt that the scheme placed the bank at a risk of loss.

As to the second element, these terms have already been defined in my previous instructions.

As to the third element, the parties have stipulated that the banks in question during the relevant time period were insured by the Federal Deposit Insurance Corporation. While the

Government has charged that the defendant participated in a scheme to defraud more than one federally-insured bank, it need only prove that the scheme involved a single bank as long as you are unanimous that that particular bank was a target of the scheme.