UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

   v.

Hamid Akhavan,
   a/k/a "Ray Akhavan,"

-and-

Ruben Weigand,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**S3 20 Cr. 188 (JSR)**

## THE GOVERNMENT'S REQUESTS TO CHARGE

AUDREY STRAUSS
United States Attorney
Southern District of New York

Nicholas Folly
Tara LaMorte
Emily Deininger
Assistant United States Attorneys

*- Of Counsel -*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :
                                            :
            v.                              :
                                            :
Hamid Akhavan,                              :      **S3 20 Cr. 188 (JSR)**
        a/k/a "Ray Akhavan,"                :
                                            :
-and-                                       :
                                            :
Ruben Weigand,                              :
                                            :
            Defendants.                     :
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## <u>THE GOVERNMENT'S REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury.

## TABLE OF CONTENTS

REQUEST NO. 1 GENERAL REQUESTS ............................................................................ **3**

REQUEST NO. 2 SUMMARY OF THE CHARGES ........................................................... **4**

REQUEST NO. 3 CONSPIRACY  (ELEMENTS) .............................................................. **5**

REQUEST NO. 4 BANK FRAUD CONSPIRACY  (ELEMENTS) ................................... **8**

REQUEST NO. 5 BANK FRAUD CONSPIRACY - ELEMENTS OF BANK FRAUD .............. **9**

REQUEST NO. 6 BANK FRAUD CONSPIRACY - EXISTENCE OF A SCHEME OR

      ARTIFICE .................................................................................................................**10**

REQUEST NO. 7 COUNT TWO: BANK FRAUD CONSPIRACY - INTENT TO DEFRAUD

      OR OBTAIN BANK MONEY ...............................................................................**13**

REQUEST NO. 8 CONSCIOUS AVOIDANCE ................................................................**16**

REQUEST NO. 9 COUNT TWO: BANK FRAUD CONSPIRACY - FEDERALLY INSURED

      FINANCIAL INSTITUTION...............................................................................**18**

REQUEST NO. 10 VENUE .................................................................................................**19**

REQUEST NO. 11 MOTIVE ...............................................................................................**20**

REQUEST NO. 12 DEFENDANT'S TESTIMONY [OR DEFENDANT'S RIGHT NOT TO

      TESTIFY] ...............................................................................................................**21**

REQUEST NO. 13 COOPERATING/IMMUNIZED WITNESS TESTIMONY...........................**22**

REQUEST NO. 14 ACCOMPLICE TESTIMONY ...........................................................**23**

REQUEST NO. 15 PREPARATION OF WITNESSES [IF APPLICABLE] ..................................**24**

REQUEST NO. 16 UNCALLED WITNESSES – EQUALLY AVAILABLE ...............................**25**

REQUEST NO. 17 PERSONS NOT ON TRIAL OR NOT INDICTED ..........................................**26**

REQUEST NO. 18 EXPERT WITNESSES [IF APPLICABLE] ........................................................**27**

REQUEST NO. 19 SUMMARY CHARTS - NOT ADMITTED AS EVIDENCE [IF

APPLICABLE] .......................................................................................................................**29**

REQUEST NO. 20 SUMMARY CHARTS - ADMITTED AS EVIDENCE [IF APPLICABLE]

..................................................................................................................................................**30**

REQUEST NO. 21 STIPULATIONS [IF APPLICABLE] ..................................................................**31**

REQUEST NO. 22 STATEMENTS OF THE DEFENDANT [IF APPLICABLE] ........................**32**

REQUEST NO. 23 RECORDINGS AND TRANSCRIPTS [IF APPLICABLE]............................**33**

REQUEST NO. 24 FALSE EXCULPATORY STATEMENTS [IF APPLICABLE] ....................**34**

REQUEST NO. 25 LAW ENFORCEMENT WITNESSES [IF APPLICABLE]............................**35**

REQUEST NO. 26 REDACTIONS [IF APPLICABLE] .....................................................................**36**

REQUEST NO. 27 USE OF EVIDENCE OBTAINED PURSUANT TO SEARCH.....................**37**

CONCLUSION ...............................................................................................................................**38**

## <u>REQUEST NO. 1</u>

### <u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Duty of the Court

b.  Duty of the Jury

c.  Duty of Impartiality

d.  Presumption of Innocence and Burden of Proof

e.  Reasonable Doubt

f.  Direct and Circumstantial Evidence

g.  Witness Credibility

h.  Definitions: Knowingly, Intentionally/Willfully

i.  Selection of Foreperson

j.  Rights to See Exhibits and Hear Testimony

k.  Communications with the Court

l.  Verdict; Need for Unanimity; Duty to Consult

## REQUEST NO. 2

### Summary of the Charges

With these instructions in mind, let us turn to the specific charges against the defendants, Hamid Akhavan, a/k/a "Ray Akhavan," and Ruben Weigand.  These charges were originally set forth in what is called an indictment, which is simply a charging instrument and is not itself evidence, so it will not be presented to you.  The Indictment in this case contained one count.

Count One charges that the defendants conspired—that is, agreed with each other or with one or more other persons—to commit bank fraud, from in or about 2016 through in or about 2019.

In reaching your verdict, bear in mind that guilt is personal and individual.  The case against each defendant stands or falls upon the proof against that defendant alone.[1]

---

[1] Adapted from Sand et al., *Modern Federal Jury Instructions*, 3-1, 3-2; Jury Charge of Hon. Jed S. Rakoff in *United States v. Allen*, 14 Cr. 272 (S.D.N.Y. 2015); and Jury Charge of Hon. Jed S. Rakoff in *United States v. Petit*, 19 Cr. 850 (S.D.N.Y. 2020).

## **REQUEST NO. 3**

### **Conspiracy**

### **(Elements)**

In order for a defendant to be guilty of conspiracy, the Government must prove beyond reasonable doubt; first, that the charged conspiracy existed; and second, that at some point the defendant knowingly and willfully joined the conspiratorial agreement and thereby became a member of the conspiracy.

Starting with the first element, what is a conspiracy?  A conspiracy is an agreement or an understanding of two or more persons to accomplish by concerted action one or more unlawful purposes. In this case, the unlawful purpose alleged to be the object of the conspiracy is a bank fraud scheme which I will describe shortly.

Conspiracy is an entirely distinct and separate offense from any actual bank fraud.  The actual commission of the object of the conspiracy is not an essential element of the crime of conspiracy.  Rather, the government is required to prove beyond a reasonable doubt only that two or more persons, in some way or manner, explicitly or implicitly, came to an understanding to accomplish the unlawful objective of bank fraud.

Further, although the indictment charges that the alleged conspiracy to commit bank fraud began in or around 2016, and continued up to and or around 2019, it is not essential that the government prove that the conspiracy started and ended on those specific dates or that it existed throughout that entire period. Rather, it is sufficient to satisfy the first element that you find that in fact a conspiracy was formed and that it existed for any time within the charged period.

If you conclude that the government has proven beyond a reasonable doubt that the charged conspiracy existed, you must then consider the second essential element, which is that the defendant intentionally joined and participated in the conspiracy. To prove this element, the government must prove beyond a reasonable doubt that the defendant entered into the conspiracy to commit bank fraud and did so knowingly and willfully.  To act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently.  To act "willfully" means to act purposely and voluntarily and with the specific intent to disobey or disregard the law.

In this regard, it is not necessary that a defendant be fully informed of all the details of the conspiracy in order to justify the inference of participation on his part. Nor does the given defendant need to know the full extent of the conspiracy or all its participants. Indeed, it is not necessary that the defendant know more than one other member of the conspiracy. It is also not necessary that a defendant receive any monetary benefit from participating in the conspiracy. Furthermore, the law does not require that a given defendant join the conspiracy through a written or verbal agreement; a tacit agreement or understanding is sufficient.

The law does not require that each conspirator have an equal role in the conspiracy. Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy if it meets the essential requirements I have described.  The defendant also need not have joined the conspiracy at the outset. The defendant may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined as well as all that was done during the conspiracy's existence while the defendant was a member.

However, I want to caution you that mere association by one person with another person does not make that first person a member of the conspiracy even when coupled with knowledge that the second person is committing a crime. Mere presence at the scene of a crime, even

coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and with intent to aid in that accomplishment of its unlawful purpose.

In short, in order to satisfy the second essential element of the conspiracy charge, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful character of the charged conspiracy, knowingly, willfully and with an intent to defraud joined and participated in the conspiracy for the purpose of furthering its unlawful object.[2]

---

[2] [2] Adapted from the charge of the Honorable Jed. S. Rakoff in *United States v. Petit*, 19 cr. 850 and *United States v. Margulies*, 17 Cr. 638 (JSR).

## **REQUEST NO. 4**

## **Bank Fraud Conspiracy**

### **(Elements)**

Count One charges the defendants with conspiring to commit bank fraud, in violation of Title 18, United States Code, Section 1349.  Count One charges:

*[The Court is respectfully requested to read Count One].*

## REQUEST NO. 5

### Bank Fraud Conspiracy - Elements of Bank Fraud

The object of the conspiracy is bank fraud.  The elements of bank fraud are as follows:

First, that there was a scheme to defraud a bank or credit union or a scheme to obtain money owned by or under the custody or control of a bank or credit union, by means of false or fraudulent pretenses, representations, or promises;

Second, that the defendant executed or attempted to execute the scheme with the intent either to defraud the bank or credit union or to obtain money or funds owned by or under the custody or control of the bank or credit union; and

Third, that the bank or credit union involved was federally insured.[3]

---

[3] Adapted from the charge of the Honorable Shira A. Scheindlin in *United States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); Sand, *Modern Federal Jury Instructions*, Instr. 44-9.  *See* 18 U.S.C. § 1344.

9

## REQUEST NO. 6

### Bank Fraud Conspiracy - Existence of a Scheme or Artifice

The first element of bank fraud is that that there was a scheme to defraud a bank or credit union or a scheme to obtain money owned by or under the custody or control of a bank or credit union, by means of false or fraudulent pretenses, representations, or promises;

This element requires proof of the existence of only one of these. That is, either that there existed a scheme to defraud a bank or credit union or a scheme to obtain property under the custody or control of a bank or credit union by means of fraudulent pretenses, representations, or promises.

In order to prove the first theory of bank fraud, that there was a "scheme to defraud a bank or credit union," the Government must prove beyond a reasonable doubt that there was a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank or credit union into releasing property.

A fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.[4]

---

[4] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-10.

In order to prove the second theory of bank fraud, the government must prove beyond a reasonable doubt that there was a scheme to obtain money or property owned by or under the custody and control of a bank or credit union by means of false or fraudulent pretenses, representations or promises. A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

With respect to the second theory of bank fraud, it is not necessary that the false or fraudulent pretenses, representations, or promises were made directly to the bank itself.  It is sufficient if they were made to any person, so long as the false or fraudulent pretenses, representations or promises were the mechanism naturally inducing the bank (or custodian of bank property) to part with money in its control.[5]

As to either theory, the deception need not be premised upon spoken or written words alone. The arrangement of the words, the omission of words, or the circumstances in which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

In considering this element of bank fraud, it is unimportant whether a bank actually relied on a misrepresentation.  It is sufficient if the misrepresentation is one that is merely capable of influencing the bank's decision.[6]

---

[5] *See Loughrin v. United States*, 573 U.S. 351, 363 (2014) ("Section 1344(2)'s 'by means of' language is satisfied when, as here, the defendant's false statement is the mechanism naturally inducing a bank (or custodian of bank property) to part with money in its control.").

[6] *See Neder v. United States*, 527 U.S. 1, 25 (1999) (holding that federal fraud statutes do not incorporate a reliance element); *United States v. Shapiro*, 29 F. App'x 33, 35 (2d Cir. 2002) ("[A]ctual reliance is not

It is not necessary for the Government to prove that the financial institutions actually lost money or were deprived of property as a result of the scheme. A scheme to defraud a bank also exists when a bank is provided false or fraudulent information that, if believed, would prevent the bank from being able to make informed economic decisions about what to do with its money or property.[7]

It also does not matter whether any of the banks involved might have discovered the fraud had the bank probed further.  If you find that a scheme or artifice existed, it is irrelevant whether you believe that any of the banks involved was careless, gullible, or even negligent.[8]

---

an element of bank fraud."); *United States v. Rodriguez,* 140 F.3d 163, 167 (2d Cir.1998) ("A misrepresentation is material if it's capable of influencing the bank's actions.").

[7] *See*, *e.g.*, *United States v. Atilla*, 15 Cr. 867 (RMB).

[8] *See United States v. Cherico*, No. 08 Cr. 786 (S.D.N.Y.) (CM), Oct. 31, 2011 Tr. at 1498:20-24.

**REQUEST NO. 7**

**Count Two: Bank Fraud Conspiracy - Intent to Defraud or Obtain Bank Money**

The second element of bank fraud is about the defendant's intent.  There are two ways that this element can be met.

The first way this element can be met is if the defendant executed, attempted to execute, or participated in the scheme or artifice knowingly, willfully, and with the intent to defraud the bank or credit union.  I've already provided you with the definitions of knowingly and willfully and you should apply those same definitions here.  To act with a "specific intent to defraud" requires the defendant intended, at least in part, to deceive one or more federally insured banks or credit unions.  The defendants need not intend to cause the banks or credit unions any financial loss.  In this case, the Government alleges that the defendants intended to deprive the issuing banks and credit unions of certain property rights in funds that were used for credit and debit card transactions.

The second way this element can be met is if the defendant executed or attempted to execute the scheme knowingly and willfully and with the intent to obtain money or funds owned or under the custody or control of the bank.  It is not necessary that the defendant intended to defraud a bank.[9]  It is also not necessary that the defendant intended to cause harm to the issuing bank or credit union (such as by causing them to lose money), or to anyone else.[10]

This element requires that the defendant engaged in, or participated in, the scheme alleged with an understanding of its fraudulent or deceptive character and with an intention to

_____

[9] *See Loughrin v. United States*, 573 U.S. 351, 355-356 (2014) (holding that Section 1344(2) of the bank fraud statute does not require that a defendant intended to defraud a bank).

[10] *United States v. Nejad*, No. 18-CR-224 (AJN), 2020 WL 883500, at *3 (S.D.N.Y. Feb. 24, 2020) (citing *Loughrin*, 573 U.S. at 355-57; *United States v. Lebedev*, 932 F.3d 40, 49 (2d Cir. 2019))

help it succeed.  It is not required that the defendant participate in or have knowledge of all the operations of the scheme.  The guilt of the defendant is not governed by the extent of his participation.  It also is not necessary that the defendant originated the scheme to defraud, or that the defendant participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

The questions of whether a person acted knowingly, willfully, and with intent to defraud are questions of fact for you to determine, like any other fact question.  These questions involve the state of mind of the defendant.

Direct proof of knowledge and fraudulent intent is often unavailable.  Indeed, it is not typical that a person writes or states that as of a given time in the past he or she committed an act with fraudulent intent.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

When deciding whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.[11]

A defendant's good faith is a complete defense to this charge. A statement made with good faith belief in its accuracy does not amount to an intentional false or misleading statement, and is not a crime. This is so even if the statement is itself inaccurate or misleading. If the defendant believed in good faith he was acting properly in making such a statement or causing it to be made, even if he was mistaken in that belief and even if others were injured by his conduct, there would be no crime. A defendant is under no burden to prove his or her good faith.[12] Rather, the burden of proof of establishing criminal intent and lack of good faith rests upon the government.

---

[11] Adapted from the charge of the Honorable Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); Sand, *Modern Federal Jury Instructions*, Instrs. 44-5, 44-11. *See also United States v. Schwartz*, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); *United States v. King*, 860 F.2d 54, 55 (2d Cir. 1988) (same); *United States v. Karro*, 257 F.3d 112, 118 (2d Cir. 2001) (defendant who intentionally provides false information to lender about her identity to obtain credit card has intent to defraud, whether or not she intended to repay debts).

[12] Adapted from the charge of the Honorable Jed. S. Rakoff in *United States v. Margulies*, 17 Cr. 638 (JSR).

## REQUEST NO. 8

### Conscious Avoidance

As I have explained, Count One requires the Government to prove that the defendant acted knowingly.  In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

I would like to point out that the necessary knowledge on the part of the defendant with respect to any particular charge cannot be established by showing that that defendant was careless, negligent, or foolish.  However, one may not willfully and intentionally remain ignorant of a fact material and important to his conduct in order to escape the consequences of criminal law.  The law calls this "conscious avoidance" or "willful blindness."  In other words, the Government can prove either that the defendant actually knew the objective of the conspiracy or he consciously avoided knowledge of the object of the conspiracy.

Thus, if you find beyond a reasonable doubt that the defendant  was aware that there was a high probability a crime was being committed, but that the defendant deliberately and consciously avoided confirming this fact, such as by purposely closing his or her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he was not engaged in such unlawful behavior.  In other words, a defendant cannot avoid criminal responsibility for his own conduct by "deliberately closing his eyes," or remaining purposefully ignorant of facts which would confirm to him that he was engaged in unlawful conduct.

You must also keep in mind that there is an important difference between knowingly and intentionally participating in the conspiracy – which I just explained to you – and knowing the

16

specific objective of the conspiracy on the other. You may consider conscious avoidance in deciding whether the defendant knew the objective of the conspiracy, that is, whether he reasonably believed that there was a high probability that a goal of the conspiracy was to commit the crime charged as objects of the conspiracy and took deliberate and conscious action to avoid confirming that fact but participated in the conspiracy anyway.  But conscious avoidance cannot be used as a substitute for finding that the defendant knowingly and intentionally joined the conspiracy in the first place.  It is logically impossible for a defendant to intend and agree to join a conspiracy if he or she does not actually know it exists.  However, if you find beyond a reasonable doubt that the defendant knowingly chose to participate in such a joint undertaking, you may consider whether the defendant took deliberate and conscious action to avoid confirming otherwise obvious facts about the purpose of that undertaking.

In sum, if you find that a defendant believed there was a high probability that a fact was so and that the defendant took deliberate and conscious action to avoid learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact.  However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact.[13]

---

[13] Adapted from Jury Charge of Hon. P. Kevin Castel, *United States v. William Walters*, 16 Cr. 338 (S.D.N.Y. 2017); Sand, et al., *Modern Federal Jury Instructions*, Instr. 3A-2.

## <u>REQUEST NO. 9</u>

### <u>Count Two: Bank Fraud Conspiracy - Federally Insured Financial Institution</u>

The third element of the crime of bank fraud is that a financial institution in question was federally insured at the time of the scheme.  This simply means that the financial institution was a bank insured by the Federal Deposit Insurance Corporation or a credit union with accounts insured by the National Credit Union Share Insurance Fund during the time frame alleged in the Indictment.  The Government need not show that the defendant knew that a financial institution was federally insured to satisfy this third element.[14]

---

[14] *See* Sand, *Modern Federal Jury Instructions*, Instr. 44-11; 18 U.S.C. § 20(1) & (2).

## REQUEST NO. 10

## Venue

The Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York. This is called establishing venue. The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that the defendant was ever in the Southern District of New York. It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District. The act itself may not be a criminal act. And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

Specifically, with respect to Count One, you need to find that it is more likely than not that an overt act in furtherance of the charged conspiracy was committed or caused to be committed in the Southern District of New York by the defendant or a coconspirator during the life of the conspiracy.

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence. A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.[15]

---

[15] Adapted from Jury Charge of Hon. Laura T. Swain in *United States v. Stewart*, 15 Cr. 287 (S.D.N.Y. 2016); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## REQUEST NO. 11

## Motive

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged. Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty. If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what that defendant's motive for the crime or crimes may be, or whether the defendant's motive was shown at all. The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.[16]

---

[16] Adapted from Sand et al., *Modern Federal Jury Instructions*, 6-18; the Hon. Deborah A. Batts's instructions in *United States v. Gupta*, 07 Cr. 177.

## REQUEST NO. 12

## Defendant's Testimony [or Defendant's Right Not to Testify]

[*If any defendant testifies:*] A defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and each defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate defendant's testimony just as you would the testimony of any witness with an interest in the outcome of the case.

[*If any defendant does not testify and requests an instruction concerning his election not to do so:*] [The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.

A defendant is never required to prove that he is innocent.  Therefore, you must not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.[17]

---

[17] Adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## **REQUEST NO. 13**

### **Cooperating/Immunized Witness Testimony**

You have also heard from witness(es) who testified that they pled guilty to criminal charges.  They each testified pursuant to an agreement to cooperate with the Government.  The law allows the use of testimony from cooperating witnesses.

Some witnesses in this case testified pursuant to an immunity order issued by the Court. These court order required these witnesses to testify at the trial, and granted the witnesses immunity from prosecution based on any statements they made during their testimony, so long as they provided truthful testimony.  Unlike cooperating witnesses, witnesses testifying pursuant to immunity orders have not entered into any agreement with the Government.  The fact that these witnesses testified pursuant to a grant of immunity does not mean that they have done anything wrong and should not be considered as reflecting negatively in any way on the defendants.

You cannot draw any inferences of any kind about the guilt of the defendants in this case merely from the fact that certain witnesses at this trial entered into agreement with the Government, or received immunity orders for their testimony, or pleaded guilty to crimes that may be similar or related to the crimes with which the defendants are charged.

Your concern is whether a witness has given truthful testimony in this courtroom.  In addition to using all of the other considerations I have described to evaluate testimony, in evaluating the testimony of those witnesses, you should also consider what effect, if any the agreement or immunity order has had on the witness's motive to tell the truth.[18]

---

[18] Adapted from Jury Charge of Hon. Jed S. Rakoff in *United States v. Allen*, 14 Cr. 272 (S.D.N.Y. 2005); Jury Charge of Hon. Denise L. Cote in *United States v. Lopez*, 18 Cr. 6 (S.D.N.Y. 2019).

**REQUEST NO. 14**

**Accomplice Testimony**

You have heard from witnesses who testified that they were actually involved in the crimes related to those charged in the Indictment. The law allows use of this testimony. Indeed, such testimony, if found truthful by you, may be enough in itself to warrant conviction if it convinces you of a given defendant's guilt beyond a reasonable doubt. Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

However, such testimony must be scrutinized with great care and viewed with particular caution. The fact that a witness is an accomplice can be considered by you as bearing on the witness' credibility. It does not follow, however, that simply because a person has admitted to participating in a crime, that that person is incapable of giving a truthful version of what happened. After carefully scrutinizing the testimony of such witnesses, you may give it as little or as much weigh as you deem appropriate.[19]

---

[19] Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-5; Jury Charge of Hon. Jed S. Rakoff in *United States v. Allen*, 14 Cr. 272 (S.D.N.Y. 2005); Jury Charge of Hon. Denise L. Cote in *United States v. Lopez*, 18 Cr. 6 (S.D.N.Y. 2019).

## REQUEST NO. 15

### Preparation of Witnesses [If Applicable]

You have heard evidence that, prior to appearing in court, witnesses have discussed the facts of the case and their testimony with attorneys.  Although you may consider this fact when you are evaluating a witness's credibility, I should tell you that there is nothing either improper or unusual about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about, and can focus on those subjects and have the opportunity to prepare or review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.[20]

---

[20] Adapted from Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## **REQUEST NO. 16**

## **Uncalled Witnesses – Equally Available**

There are people whose names you heard during the course of the trial that did not appear in court to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have said if they had been witnesses in this case.  Their absence should not affect your judgment in any way about what any witness would have testified about if he or she had been called as a witness.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence whatsoever, and that the burden always rests with the Government to prove a defendant's guilt beyond a reasonable doubt.[21]

---

[21] Adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## **REQUEST NO. 17**

### **Persons Not on Trial Or Not Indicted**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors. [22]

---

[22] Adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## REQUEST NO. 18

### Expert Witnesses [If Applicable]

The law permits parties to offer opinion testimony from witnesses who were not involved in the underlying events of the case, but who by education or experience have expertise in a specialized area of knowledge.  In this case, [Jeff Rankin/Monica MacGregor/John Vardaman] was offered as such a witness by defendant Akhavan, while [Stephen Mott/Donald Vilfer] was offered as such a witness by defendant Weigand.  Specialized testimony is presented to you on the theory that someone who is learned in the field may be able to assist you in understanding specialized aspects of the evidence.

However, your role in judging credibility and assessing weight applies just as much to these witnesses as to other witnesses.  In weighing expert testimony, you may consider that witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves. For example, a specialized witness necessarily bases his or her opinions, in part or in whole, on what the witness learned from others, and you may conclude that the weight given the witness' opinions may be affected by how accurate or inaccurate that underlying information is.  More generally, if you find that the opinions of a specialized witness were not based on sufficient data, education, or experience, or if you should conclude that the trustworthiness or credibility of such a witness is questionable, or if the opinion of the witness is outweighed, in your judgement, by other evidence in the case, then you may, if you wish, disregard the opinions of that witness, either entirely or in part.  On the other hand, if you find that a specialized witness is credible, and that the witness' opinions are based on sufficient data, education, and experience, and that the

other evidence does not give you reason to doubt the witness' conclusions, you may, if you wish, rely on that witness' opinions and give them whatever weight you deem appropriate.

You may not substitute the expert's opinion for your own reason, judgment, and common sense.  The determination of the facts in this case rest solely with you.[23]

---

[23] Adapted from Jury Charge of Hon. Jed S. Rakoff in *United States v. Allen*, 14 Cr. 272 (S.D.N.Y. 2014).

**REQUEST NO. 19**

**Summary Charts - Not Admitted as Evidence [If Applicable]**

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence.  At the time that they were shown to you, I had noted this fact to you.  For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.[24]

---

[24] Adapted from Jury Charge of Hon. Ronnie Abrams in *United States v. Galanis*, 16 Cr. 371 (S.D.N.Y. 2018), and Sand et al., *Modern Federal Jury Instructions*, Instr. 5-13.

## **REQUEST NO. 20**

## **Summary Charts - Admitted as Evidence [If Applicable]**

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.[25]

---

[25] Adapted from the charge of the Hon. Ronnie Abrams in *United States v. Galanis*, 16 Cr. 371 (S.D.N.Y. 2018), and Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-12. *See also* Fed. R. Evid. 1006.

## REQUEST NO. 21

## Stipulations [If Applicable]

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.[26]

---

[26] Adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## REQUEST NO. 22

## Statements of the Defendant [If Applicable]

There has been evidence that a defendant made statements to law enforcement authorities.  Evidence of these statements was properly admitted in this case, and may be properly considered by you.  You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.  Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that no one's rights were violated and that the Government's use of this evidence is entirely lawful.[27]

---

[27] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-19, and from the charge of the Honorable Lewis A. Kaplan in *United States v. Sterling*, 16 Cr. 488 (LAK).

## **REQUEST NO. 23**

### **Recordings and Transcripts [If Applicable]**

You have heard a recording of certain statements that defendant Weigand made to law enforcement authorities.  In connection with that recording, you were provided with transcripts of the conversations to assist you while listening to the recordings.  I instructed you then, and I remind you now, that the transcripts are not evidence.  The transcripts were provided only as an aid to you in listening to the recordings.  It is for you to decide whether the transcripts correctly present the conversations recorded on the recordings that you heard.[28]

---

[28] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-19.

## REQUEST NO. 24

### False Exculpatory Statements [If Applicable]

You have heard testimony that a defendant made statements in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to the defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.[29]

---

[29] Sand *et al.*, *Modern Federal Jury Instructions*, 6-11.

## REQUEST NO. 25

### Law Enforcement Witnesses [If Applicable]

You have heard the testimony of law enforcement officials. The fact that a witness may be, or may have been, employed by the Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of other witnesses. At the same time, in considering the credibility of such a witness, you are entitled to consider whether the testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witnesses and to give that testimony whatever weight you find it deserves.[30]

---

[30] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 7-16; and from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

## **REQUEST NO. 26**

## **Redactions [If Applicable]**

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was covered over or taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been covered over or deleted.[31]

---

[31] Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Kevin Sterling*, S4 16 Cr. 488 (LAK).

## REQUEST NO. 27

### Use of Evidence Obtained Pursuant to Search

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.  Such searches were entirely appropriate law enforcement actions.

Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has met its burden of proof.[32]

---

[32] Adapted from the Jury Charge of the Hon. Robert Sweet in *United States v. Mejia*, 16 Cr. 45 (S.D.N.Y. 2016); Judge Charge of the Hon. Katherine B. Forrest in *United States v. Morales*, 15 Cr. 879 (KBF) (S.D.N.Y. 2017).

## **CONCLUSION**

In submitting these requests to charge, the Government respectfully reserves the right to

submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
February 23, 2021

                                       Respectfully submitted,

                                       AUDREY STRAUSS
                                       United States Attorney

By:           /s/
                            Nicholas Folly / Tara LaMorte / Emily Deininger
                            Assistant United States Attorneys
                            (212) 637-1060 / 1040 / 2472