```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
UNITED STATES OF AMERICA,            :
                                     :     20-cr-188-2 (JSR)
          v.                         :
                                     :     MEMORANDUM ORDER
HAMID "RAY" AKHAVAN,                 :
                                     :
               Defendant.            :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

At the request of counsel for defendant Hamid ("Ray") Akhavan, this Court long delayed the transfer of Akhavan from California to New York so that his California-based counsel could have freer access to him while preparing for trial. Even as multiple trial dates approached (first December 1, 2020; then January 25, 2021), the Court made every effort to ensure counsel's continued access to Akhavan in California. On December 9, 2020, the Court allowed a writ of habeas corpus ad prosequendum, but did not require Akhavan's transfer to this District until January 4, 2021 (three weeks before the then-scheduled trial). The U.S. Marshals Service transported him to this District on or about December 28, 2020.

The trial date was again delayed by the pandemic and is now firmly fixed for Monday, March 1, 2021. Akhavan is not in a position to complain in the slightest that he is not ready for trial given the Court's great efforts to accommodate his months-long access to counsel in California and given that the Metropolitan Correctional Center ("MCC"), where he is detained,

permits attorney-client visits. Nevertheless, in response to defense counsel's entreaties, and despite the Government's assertion that Akhavan was a flight risk and a danger to the community, the Court tried to further accommodate Akhavan by granting his temporary release pending trial to enable still further contact between Akhavan and counsel. Specifically, on February 12, 2021, the Court ordered that "once all custodial holds are lifted (including any imposed by the California state authorities), Akhavan shall be released pending trial on" several conditions. Memorandum Order, ECF No. 150, at 9. One of these conditions (in accordance with the currently established pandemic protocols in this courthouse) was that, immediately upon his release, Akhavan quarantine for four days and obtain a SARS-CoV-2 test on the fifth day. Id. at 10.

Yet, in response to this Court's February 12 Order, Akhavan and his counsel unreasonably delayed taking the necessary steps to effectuate his timely release. Instead, last night, Akhavan asked that the Court modify its order to permit him to be released today, to quarantine for three days instead of four, and to be tested on the third or fourth day (depending how you look at it), i.e., Sunday, the day before trial. Because this approach would be inconsistent with the COVID-19 protocols adopted for the courthouse, the undersigned consulted with the Chief Judge and, indirectly, with the medical expert advising the Court on pandemic-

related protocols. Based on these conversations, the Court has concluded that Akhavan's further requested accommodation cannot be granted. There is no longer enough time for Akhavan to properly quarantine and test for COVID-19 following his release, without jeopardizing the health and safety of others. Accordingly, he must remain in custody at the MCC.

The Court expects that the MCC and the U.S. Marshals Service will permit Akhavan's counsel to consult with him regularly before and during trial, and the Court is confident that defense counsel will promptly bring to the Court's attention any unreasonable obstacles counsel encounters in that regard.

For the foregoing reasons, the Court hereby rescinds its Memorandum Order, ECF. No. 150, permitting Akhavan's temporary release pending trial, and remands Akhavan to the custody of the U.S. Marshals.

SO ORDERED.

Dated: New York, NY
February 25, 2021

JED S. RAKOFF, U.S.D.J.