UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAMID AKHAVAN and RUBEN WEIGAND | Crim. Action No. 1:20-cr-00188 |

**REPLY BRIEF IN SUPPORT OF JOINT MOTION OF NON-PARTIES BANK OF AMERICA, N.A., MICHAEL FARRELL, AND ROSEMARY STACK TO QUASH DEFENDANT HAMID AKHAVAN'S TRIAL SUBPOENAS AND IN <u>THE ALTERNATIVE TO ALLOW TESTIMONY BY VIDEO</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

    I.    DEFENDANT FAILS TO IDENTIFY A NON-DUPLICATIVE REASON FOR MS. STACK'S TESTIMONY ....................................................... 1

    II.    DEFENDANT FAILS TO IDENTIFY A NON-DUPLICATIVE REASON FOR MR. FARRELL'S TESTIMONY ................................................. 3

    III.    DEFENDANT DOES NOT DISPUTE THE BURDEN OF TRAVELING TO NEW YORK CITY ON SHORT NOTICE DURING A PANDEMIC............ 4

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Stern v. U.S. Dist. Ct. for Dist. of Mass.*,
    214 F.3d 4 (1st Cir. 2000)............................................................................................1, 2, 3

**OTHER AUTHORITIES**

Maggie Fox, *Researchers Find Worrying New Coronavirus Variant in New York City*, CNN (Feb. 25, 2021), https://www.cnn.com/2021/02/25/health/variants-coronavirus-new-york-city/index.html. ................................................................4

**PRELIMINARY STATEMENT**

Defendant's Opposition to Motion to Quash Subpoenas Issued to Rosemary Stack and Michael Farrell (Dkt. No. 206) ("Opposition" or "Opp.") largely fails to address the arguments laid out in the memorandum of law in support of the motion to quash ("Mem.") filed by non-parties Bank of America, N.A. ("Bank of America" or "the Bank"), Michael Farrell, and Rosemary Stack (Dkt. No. 198). Defendant does not dispute that traveling to New York City during a global pandemic is burdensome or that Mr. Farrell's testimony would be duplicative of other testimony and documents. And Defendant cannot specifically identify any testimony from Ms. Stack that is not duplicative of testimony from Rich Clow, the Bank of America employee whom the Bank has already offered for live, in-person testimony. Indeed, Defendant contends that—at most—Mr. Farrell and Ms. Stack "*may* be necessary witnesses" and admits that he "does not know if it will be necessary to call" either of them. Opp. 2 (emphasis added).

Accordingly, the Opposition makes clear that Defendant cannot meet his burden of showing "that the testimony sought is both relevant and material." *Stern v. U.S. Dist. Ct. for Dist. of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000). For that reason, and the reasons laid out in the opening brief, this Court should quash the subpoenas directed at Mr. Farrell and Ms. Stack or, at a minimum, allow them to testify via video.

**ARGUMENT**

**I.   DEFENDANT FAILS TO IDENTIFY A NON-DUPLICATIVE REASON FOR MS. STACK'S TESTIMONY**

Defendant's Opposition fails to establish that his subpoena to Ms. Stack is relevant and material to his defense and therefore should be quashed. Indeed, Defendant concedes his inability, prior to Mr. Clow's testimony, to identify specific, non-duplicative testimony that Ms. Stack would provide, admitting that the defense "may have no reason to call Ms. Stack" if Mr.

Clow "testifies consistently with what Ms. Stack told the government." Opp. 4. Defendant merely points to differences between Mr. Clow's and Ms. Stack's job responsibilities. *See* Opp. 1-2. This falls far short of Defendant's burden to show that the testimony sought *is*—as opposed to *may be*—both relevant and material. *See Stern*, 214 F.3d at 17.

And apart from being speculative, the idea that Mr. Clow's testimony may be inconsistent with prior testimony Ms. Stack gave to the government during her interview, *see* Opp. 2-4, is wrong. Indeed, Ms. Stack's interview, the documents produced to Defendant by the Bank, and Mr. Clow's likely testimony all tell one story: Bank personnel worked diligently to execute the Bank's procedures for reviewing transactions to flag and address marijuana transactions. When the government and the Defendant issued trial subpoenas to Bank of America, a nonparty, for testimony on its topics of interest, the Bank made available a local witness, Mr. Clow, who could travel to trial and testify as a witness for both Defendant and the government. The Bank also produced to Defendant and the government hundreds of pages of documents speaking to the Bank's policies and procedures for the monitoring, review, and escalation of potential marijuana purchases, as well as examples of these procedures in practice, about which Mr. Clow is capable of testifying. The Bank has more than cooperated with Defendant throughout this process and should not be required to make available another witness on the *possibility* that her testimony will be needed—especially when that witness will need to travel and quarantine due to the pandemic. Such testimony would be duplicative—and if not duplicative, then clearly irrelevant or easily procured from another source.[1]

---

[1] Perhaps recognizing that his theory of relevance and materiality is insufficient, Defendant contends—for the first time, despite several conversations with counsel for Ms. Stack regarding the need for her testimony, including one with this Court's Chambers—that Ms. Stack's testimony is necessary because she is "on emails regarding Bank of America's marijuana transaction monitoring program that the defense seeks to introduce, which Mr. Clow is not on."

2

## II. DEFENDANT FAILS TO IDENTIFY A NON-DUPLICATIVE REASON FOR MR. FARRELL'S TESTIMONY

Defendant's proffered justification for Mr. Farrell's testimony is even more flimsy. When counsel for Defendant initially sought Mr. Farrell's testimony, they stated that it was needed to authenticate emails that counsel for Defendant believed would not be self-authenticating business records. Now, counsel for Defendant contend that Mr. Farrell's testimony is needed to discuss his statements in one email chain in particular that neither Ms. Stack nor Mr. Clow is on.[2] *See* Opp. 4-5. But Defendant fails to "show that the testimony sought is both relevant and material." *Stern*, 214 F.3d at 17.

Indeed, the email chain in question is irrelevant and immaterial to the defense. Like the other documents Defendant wishes to introduce, it is an example of Bank of America employees doing their jobs to ensure that marijuana transactions are identified and properly addressed. Rather than explain how such statements are helpful to the defense's argument, which hinges on a contention that Bank of America "do[es] not care about whether their cardholders are purchasing marijuana," Dkt. No. 177 at 10, Defendant implores the Court merely to trust him that testimony about the statements will be relevant. Movants do not quarrel with Defendant's

---

Opp. 3. These are a portion of the emails that Mr. Farrell is on; as discussed *infra*, they are irrelevant and duplicative of the assortment of documents that will be admitted at trial that demonstrate the same facts about the Bank's monitoring.

[2] In each of the three email chains involving Mr. Farrell, the most recent message in the chain (i.e., the "top" message) was sent to him. The opening brief thus properly noted that Mr. Farrell was a recipient of all three emails. *See* Mem. 8. Defendant contends that characterizing Mr. Farrell as a recipient was "false" because one of the chains contains earlier email messages that he himself wrote. Opp. 6. The statement in the opening brief was entirely accurate—it concerned the three email chains, each of which Mr. Farrell received, and not the individual messages that make up each chain. Regardless, Defendant's charge is a distraction. The subpoena should be quashed, not because others were involved in the bulk of the communications reflected in the emails, but because the statements in the email chains, whether authored by Mr. Farrell or others, are irrelevant and duplicative.

assertion that he is "best positioned to determine what will be helpful for his defense," Opp. 6, but this does not absolve him of his burden to show the relevance of the evidence he has subpoenaed. Defendant has failed to do so.

Moreover, all three email chains are duplicated by the wealth of documents already produced by the Bank that will be admissible based on Mr. Clow's declaration and that also speak to the Bank's active interest in and steps towards monitoring against marijuana transactions. Mr. Clow will also testify to the very same efforts undertaken by the Bank. Defendant should not be permitted to call an additional witness into court to reiterate what will be plain from the record: Bank of America carefully monitors transactions and takes reasonable steps to prevent marijuana purchases using its cards.

### III. DEFENDANT DOES NOT DISPUTE THE BURDEN OF TRAVELING TO NEW YORK CITY ON SHORT NOTICE DURING A PANDEMIC

Defendant does not dispute that giving two nonparty witnesses less than a week to travel to New York City across multiple state lines during a global pandemic is burdensome.[3] *See* Opp. 2. Instead, Defendant merely contends that "all non-local witnesses will have this same burden at any trial that takes place during the pandemic." *Id.* But the fact that all non-local witnesses are burdened does not minimize the burden *to these witnesses*. To avoid such a burden, the Bank has identified a *local* witness, Mr. Clow, who can testify on the Defendant's identified topics. And the burden on these additional non-local witnesses is exacerbated by the lack of time provided to Mr. Farrell and Ms. Stack to comply with the necessary COVID-19 protocols.

Defendant's fallback argument is that the subpoenas are "not 'unduly burdensome or

---

[3] New York City, in particular, has suffered greatly from this deadly pandemic, and continues to do so, making traveling to the City from out of state particularly onerous and dangerous. *See, e.g.*, Maggie Fox, *Researchers Find Worrying New Coronavirus Variant in New York City*, CNN (Feb. 25, 2021), https://www.cnn.com/2021/02/25/health/variants-coronavirus-new-york-city/index.html.

oppressive'" given "the possibility of remote testimony." Opp. 4. But Mr. Farrell and Ms. Stack were subpoenaed to appear *in person*—not to testify remotely. Further, Defendant's statement that he will "endeavor to make an expeditious decision on whether testimony by Ms. Stack or Mr. Farrell might still be necessary as soon as possible after Mr. Clow completes his testimony," Opp. 4 n.4, is hardly helpful given the significant complications associated with planning travel and navigating COVID protocols. Witnesses cannot drop everything, board a flight, and appear in court on short notice during a pandemic.

At the very least, if the subpoenas are not quashed and the Court determines that Mr. Farrell and/or Ms. Stack's testimony is in fact necessary, Mr. Farrell and Ms. Stack respectfully request that the Court modify the subpoenas to allow remote video testimony. Defendant does not oppose such a modification, *see* Opp. 4 n.3, and the Court has already approved of another third-party witness testifying in this manner. *See* Minute Entry (Feb. 19, 2021). Given the uncertainty of Defendant's need for Mr. Farrell or Ms. Stack's testimony, the ongoing COVID-19 pandemic, and the lack of relevance or materiality to any potential testimony from these witnesses, remote video testimony would more than suffice, as opposed to forcing Mr. Farrell and Ms. Stack to travel to New York City on the off-chance that Defendant decides he actually needs their testimony.

**CONCLUSION**

For the foregoing reasons as well as the reasons stated in the opening brief, Defendant's Subpoenas to Mr. Farrell and Ms. Stack should be quashed or, in the alternative, modified to allow for video testimony.

Dated: February 28, 2021                    Respectfully submitted,

                                                     /s/ Justin Goodyear
                                                   Justin Goodyear
                                                   WILMER CUTLER PICKERING HALE AND DORR LLP
                                                   250 Greenwich Street
                                                   New York, NY 10007
                                                   Tel:  (212) 230-8800
                                                   Fax:  (212) 230-8888
                                                   Justin.Goodyear@wilmerhale.com

                                                   Michael J. Leotta
                                                   Brian C. Smith
                                                   WILMER CUTLER PICKERING HALE AND DORR LLP
                                                   1875 Pennsylvania Avenue, N.W.
                                                   Washington, DC 20006
                                                   Tel:  (202) 663-6000
                                                   Fax:  (202) 663-6363
                                                   Michael.Leotta@wilmerhale.com
                                                   Brian.Smith@wilmerhale.com

                                                   *Attorneys for Non-Parties Bank of America, N.A., Michael Farrell, and Rosemary Stack*