**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3170**

WRITER'S EMAIL ADDRESS
**christayback@quinnemanuel.com**

March 17, 2021

**VIA ECF**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    U.S. v. Akhavan, No. 20-cr-0188

Dear Judge Rakoff:

We write respectfully on behalf of Mr. Akhavan with respect to slide 5 of HAX-5014 (VISA008257).[1]  The slide that the defense seeks to offer is from 2019 (within the charged conspiracy) and contains Visa analysis of the size of the marijuana market in the United States. Portions of the transcript of Mr. Burck's cross examination about that document with Visa witness Martin Elliot are attached as Exhibit B.

The Court should not exclude HAX-5014 on Rule 403 grounds.  The government has repeatedly elicited testimony about purported policies against processing marijuana transactions, not only from Visa but also from Mastercard, Bank of America, Actors Federal Credit Union and Citibank.  *See, e.g.*, Trial Tr. (Mar. 3, 2021 at 443:16-19); Trial Tr. (Mar. 10, 2021) at 1129:16-1130:4; Trial Tr. (Mar. 16, 2021) at 1766:6–12; 1862:4–1863:5; 1865:4–1866:7; Trial Tr. (Mar. 17, 2021) at 2083:6–19.  The defense argues these purported policies were illusory.

Evidence presented to Visa's stakeholders about the size of the United States marijuana market is relevant to show the financial incentive of all parties—including the issuers—to process these transactions, notwithstanding any supposed policy, and bears on the credibility of Mr. Elliott's assertion that Visa did not permit marijuana transactions on its network during the charged conspiracy.  Projections of the anticipated size of the marijuana market in the near future also bear

---

[1]   An redacted copy of the exhibit is attached to this letter as Exhibit A.  The defense will provide unredacted copies of Exhibits A and C at the Court's request.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

on the financial motivations of all participants.  A reasonable juror could infer from this evidence that Visa and its clients and members had an incentive to take advantage of the growing marijuana market by allowing such transactions despite any purported public prohibition.  Motive is paradigmatic fodder for cross examination, and its probative value is certainly not "*substantially* outweighed by" the risk of "*unfair* prejudice" or of confusing or misleading the jury. Fed. R. Evid. 403 (emphases added).  Indeed, there is nothing particularly prejudicial or confusing about the 2019 presentation slide, which sets forth simple material regarding the marijuana market.

Notably, the government opened the door to this evidence.  During Mr. Elliott's direct examination, the government introduced two slides from a presentation by Elizabeth Scofield, a member of Mr. Elliott's team.  A redacted copy of that exhibit is attached as Exhibit C and the relevant portion of the March 16 transcript reflecting Mr. Elliott's testimony on direct examination about it is attached as Exhibit D.  The presentation introduced by the government, entitled "Cannabis and Hemp-Derived Products," was presented at the Visa Security Summit in August 2019, to attending acquiring banks and their agents for the purpose of client outreach and engagement on the topic. *See* Ex. D at 1863:17–1864:1.  HAX-5014, entitled "Cannabis and Hemp Products," was presented on the very same topic to Visa's Risk Executive Council in 2019, as noted on the title slide and slide 5.  As Mr. Elliot explained, the purpose of HAX-5014 was to educate a group of stakeholders—including issuing and acquiring banks. *See* Ex. B at 1957:17–1958:5.  The government introduced a public presentation on what Mr. Elliot testified was a similar topic to that in HAX-5014 from the same relevant timeframe. *See* Ex. B at 1954:13-1955:4.  Accordingly, the defense should be permitted to show the jury Visa's other presentation on this same topic to provide a complete picture of what Visa was conveying to its various members and stakeholders during the relevant time period.

Moreover, HAX-5014 is not hearsay because the defense is not offering the slide for its truth regarding the size and projected growth of the U.S. marijuana market, but rather for state of mind.  It is offered to show the effect of what Visa presented about the marijuana market on its audience—the issuing and acquiring banks that "are members of [Visa's] risk executive council." Ex. B at 1953:11-16.  It is specifically offered to show how that information impacted the issuing and acquiring bank policies on marijuana and influenced their (in)action with respect to marijuana card transactions.

Finally, Mr. Burck laid an adequate evidentiary foundation for the introduction of HAX 5014.  As the testimony reflected, the document is a presentation Mr. Elliot himself gave, and it should not excluded for lack of foundation. *See* Ex B. at 1953:1–10.  Further, the government did not object on foundation grounds when Mr. Burck sought to introduce the exhibit.  The government only objected on 403 grounds and motion in limine 2. *See* Ex. B at 1953:23-1954:6.  Had the government offered (and the Court sustained) a contemporaneous objection, Mr. Burck would have had an opportunity to lay further foundation.  That is no longer possible because the witness is no longer on the stand.  Thus, even if the Court might have sustained a contemporaneous objection on that ground, it would be unduly prejudicial to prevent the defense from offering HAX-5014 on foundation grounds under these circumstances.

The government's objection amounts to an attempt to relitigate whether the defense should be permitted to argue that banks and the card networks (like Visa) in fact had an incentive to process marijuana transactions because they profit from those transactions.  But the Court has

already ruled that such evidence is relevant and admissible.  *See* Trial Tr. (Mar. 1, 2021) at 57:22–24.  Accordingly, HAX-5014 should be admitted.

Very truly yours,

Christopher Tayback

CC:     All counsel of record (via ECF)