CT- Ex 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

......................................................................................x
UNITED STATES OF AMERICA           :
                                   :
          -v-                      :          20-cr-188 (JSR)
                                   :
HAMID ("RAY") AKHAVAN AND RUBEN WEIGAND,:
                                   :
          Defendants.              :
......................................................................................x


## THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

## TABLE OF CONTENTS

### I. GENERAL INSTRUCTIONS

1. Duty of the Court

2. Duty of the Jury

3. Duty of Impartiality

4. Burden of Proof

5. Reasonable Doubt

6. Direct and Circumstantial Evidence

7. Witness Credibility

8. A Defendant's Right to Not Testify

### II. THE CHARGE

9. Summary of the Charge

10. Conspiracy to Commit Federal Bank Fraud – Generally

11. First Element of Conspiracy: Existence and Object of the Conspiracy

12. Elements of Federal Bank Fraud

13. Second Element of Conspiracy: Membership in the Conspiracy

14. Venue

### III. CONCLUDING INSTRUCTIONS

15. Selection of Foreperson; Right to See Exhibits and Hear Testimony;
    Communications with the Court

16. Verdict; Need for Unanimity; Duty to Consult

2

## I. GENERAL INSTRUCTIONS

## INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. These are the final and binding instructions, which entirely replace the preliminary instruction I gave you earlier. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

INSTRUCTION NO. 2

Duty of The Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you at the start of your deliberations a thumb-drive containing all the exhibits, and an index of the exhibits. If you need to review particular items of testimony, we can also arrange to provide them to you in transcript, electronic, or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may

4

not consider anything you heard about the contents of any exhibit that was <u>not</u> received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence. For example, there is no legal requirement that the Government prove its case through a particular witness or by use of a particular law enforcement technique. Nor should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial or what his or her situation may be. Your focus should be entirely on assessing the evidence that was presented here for your consideration.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

5

## INSTRUCTION NO. 3

### Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and it should therefore not enter into or influence your deliberations in any way. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

6

## INSTRUCTION NO. 4

### Presumption of Innocence and Burden of Proof

The defendants here, Hamid (or Ray) Akhavan and Ruben Weigand, are each charged with a federal crime about which I will instruct you shortly. Please bear in mind, however, that the charge, or "count" as it is called, is not itself evidence of anything.

Both of the defendants have pleaded not guilty, and you must consider the evidence against each of them individually. To prevail against a given defendant, the Government must prove each essential element of the charge beyond a reasonable doubt as to that defendant. If the Government succeeds in meeting this burden, your verdict should be guilty as to that defendant; if it fails, your verdict must be not guilty on that charge. This burden never shifts to any defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proved that he is guilty of the charge beyond a reasonable doubt.

7

INSTRUCTION NO. 5

Reasonable Doubt

Since, to convict a defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must therefore be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible doubt: Proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to a given defendant's guilt with respect to the charge against him, you must find that defendant not guilty. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a given defendant's guilt with respect to the charge against him, you should not hesitate to find that defendant guilty.

8

INSTRUCTION NO. 6

Direct and Circumstantial Evidence

In deciding whether the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

9

## INSTRUCTION NO. 7

### Witness Credibility

It must be clear to you by now that counsel for the Government and counsel for the defendants are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or a defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the

10

witness to give you something other than a completely accurate account of the facts he or she testified to?

In this regard, you have heard testimony from witnesses who admitted to being involved in some of the alleged criminal activity with which the defendants are charged and testified either pursuant to a cooperation agreement with the Government or pursuant to a grant of immunity. Specifically, Michael Tassone, Darcy Cozzetto, and John Wang each testified pursuant to a grant of immunity, and Oliver Hargreaves and James Patterson each testified pursuant to a cooperation agreement with the Government. The law permits the use of testimony from such witnesses; indeed, such testimony, if found truthful by you, may be sufficient in itself to warrant conviction of a given defendant if it convinces you of that defendant's guilt beyond a reasonable doubt. However, the law requires that the testimony and motives of each such witness be scrutinized with particular care and caution. After carefully scrutinizing the testimony of a witness who is testifying pursuant to either an immunity order or a cooperation agreement and taking account of the special features of such agreements, you may give the testimony as little or as much weight as you deem appropriate.

As to all witnesses, you should also consider whether a witness had an opportunity to observe the facts he or she testified about and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

11

## INSTRUCTION NO. 8

### A Defendant's Right to Not Testify

The defendants did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Accordingly, you must not attach any significance to the fact that the defendants did not testify. No adverse inference against either of the defendants may be drawn by you because that defendant did not take the witness stand, and you may not consider such silence against either of the defendants in any way in your deliberations in the jury room.

12

## II. THE CHARGE

## INSTRUCTION NO. 9

### Summary of the Charge

With these preliminary instructions in mind, let us turn to the specific charge against the defendants, Ray Akhavan and Ruben Weigand. This charge was originally set forth in what is called an indictment, which is simply a charging instrument and is not itself evidence, so it will not be presented to you. The indictment in this case contains one charge or "count." Specifically, the sole count of the indictment charges that at some time during the years 2016 through 2019, the defendants conspired—that is, agreed with each other and/or with one or more other persons—to commit federal bank fraud.

I will instruct you in a moment concerning the three elements of that charge. At the outset, however, let me instruct you that before either defendant can be convicted of the charge, the Government must prove every essential element of the charge against that particular defendant beyond a reasonable doubt. In your deliberations and in reaching your verdict, you must consider each defendant separately and determine whether the Government has carried its burden of proof with respect to each element of the charge as to the defendant you are considering.

13

INSTRUCTION NO. 10

Count One: Conspiracy to Commit Federal Bank Fraud - Generally

In order for a given defendant to be guilty of the charge of conspiracy to commit federal bank fraud, the Government must prove beyond a reasonable doubt each of the following two elements:

First, the existence of a conspiracy to commit federal bank fraud at any time during the charged time period of 2016 through 2019; and

Second, that the defendant you are considering knowingly, willfully, and with specific intent to defraud joined and participated in this conspiracy.

I will now instruct you regarding each of these two elements.

14

## INSTRUCTION NO. 11

### First Element: Existence and Object of the Conspiracy

Starting with the first element, what is a conspiracy? A conspiracy is an agreement, or an understanding, of two or more persons to accomplish by concerted action one or more unlawful purposes, known as the "objects" of the conspiracy. Here, the object of the alleged conspiracy was federal bank fraud.

To prove the charge in this case, the Government need not prove that a defendant actually committed federal bank fraud. Rather, to establish the first element, the Government must only prove beyond a reasonable doubt that two or more persons reached an agreement or understanding to commit federal bank fraud. But in order to determine whether there was such a conspiracy, you need to know the elements of federal bank fraud.

15

## INSTRUCTION NO. 12

### Elements of Federal Bank Fraud

The elements of federal bank fraud, as applicable here, are three:

First, that a person devised a scheme to defraud a federally insured bank or credit union by means of misrepresentations.

Second, that one or more of the misrepresentations was material.

Third, that the perpetrator devised the scheme knowingly, willfully, and with a specific intent to defraud.

Let me now say a brief word about each of these elements of bank fraud.

As to the first element, a scheme to defraud a bank or credit union means a scheme to use one or more misrepresentations to obtain money or property from a bank or credit union. Here, the alleged bank fraud was a scheme to deceive banks into effectuating credit and debit card purchases of marijuana by disguising those purchases as being for other kinds of goods. A federally insured bank is one that is insured by the Federal Deposit Insurance Corporation, and a federally insured credit union is one that is insured by the National Credit Union Share Insurance Fund. Banks and credit unions outside the United States are not federally insured, nor are credit card companies, so the scheme, to be bank fraud, must impact a U.S.-based federally insured bank or credit union. However, the perpetrator of federal bank fraud is not required to personally know that the bank or credit union was federally insured. Also, the Government does not need to prove that the scheme succeeded, only that it was planned. Also, the Government does not need to prove that a bank suffered any financial loss. Further, the Government does not need to prove that the

16

misrepresentations were made directly to a federally insured bank or credit union, but only that the federally insured bank or credit union was induced to authorize the transactions by means of the misrepresentations.

As to the second element, a material fact, as applicable here, is a fact that a reasonable banker would be reasonably likely to consider in making a decision authorizing a bank transaction involving the transfer of money or property. For example, if a perpetrator made misrepresentations designed to make marijuana purchases look like the purchases of other goods, the misrepresentations would be material if, had the banker known that the purchases were disguised and really were for marijuana, such knowledge would be reasonably likely to influence a reasonable banker in deciding whether to authorize the purchases. Keep in mind that the test of materiality is what a reasonable banker would think and do. The Government does not need to prove that any bank actually relied on a misrepresentation.

As to the third element, "knowingly" means to act consciously and voluntarily, rather than by mistake or accident or mere inadvertence. "Willfully" means to act deliberately and with a bad purpose, rather than innocently. A "specific intent to defraud" means an intent to use misrepresentation to obtain money or property from a federally insured bank, directly or indirectly.

17

## INSTRUCTION NO. 13

### Second Element: Membership in the Conspiracy

I have now instructed you regarding the elements of federal bank fraud, the alleged object of the conspiracy. But please remember that the Government is not required to prove that any actual bank fraud was committed, but only that there existed a conspiracy the object of which was an agreement to commit bank fraud. Thus, if you find that the Government has proved beyond a reasonable doubt the existence of a conspiracy to commit bank fraud during the relevant period, then you must consider the second element of the charge of conspiracy, namely, that the defendant you are considering intentionally joined and participated in that conspiracy. To prove this element as to a given defendant, the Government must prove beyond a reasonable doubt that he entered into the conspiracy -- that is, joined in the agreement to commit bank fraud -- and did so knowingly, intentionally, and with the specific intent to defraud, as I have previously described those terms to you.

Please note that it is not necessary that the defendant you are considering be fully informed of all the details of the conspiracy in order to justify an inference of participation on his part. Nor does the defendant need to know the full extent of the conspiracy or all its participants. Indeed, it is not necessary that the defendant know more than one other member of the conspiracy. Nor is it necessary that the defendant actually receive any monetary or other benefit from participating in the conspiracy. Furthermore, the law does not require that a given defendant join the conspiracy through a written or verbal agreement -- a tacit agreement or understanding is sufficient.

18

Nor does the law require that each conspirator have an equal role in the conspiracy. The defendant also need not have joined the conspiracy at the outset. The defendant may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined as well as all that was done during the conspiracy's existence while the defendant was a member.

However, I want to caution you that the mere association by one person with another person or group of persons does not make that first person a member of the conspiracy, even when coupled with knowledge that the second person (or group of persons) is taking part in a conspiracy. In other words, knowledge without participation is not sufficient. Likewise, even if a defendant himself caused a misrepresentation to be made but did so in good faith and without an intent to defraud, he would not be guilty of this conspiracy. What is necessary is that the defendant you are considering participated in the conspiracy with knowledge of its unlawful object, namely, bank fraud, and with intent to aid in the accomplishment of that object.

In short, in order to satisfy the second essential element of the charged offense as to a given defendant, you must find beyond a reasonable doubt that the defendant you are considering, with an understanding of the unlawful character of the charged conspiracy, knowingly, intentionally, and with an intent to defraud, joined and participated in the conspiracy for the purpose of committing bank fraud.



## INSTRUCTION NO. 14

### Venue

One last requirement.  Before either defendant can be convicted, the Government must also establish what is called "venue," that is, that some act in furtherance of the conspiracy occurred in the Southern District of New York.  The Southern District of New York is the judicial district that includes the Bronx and Manhattan, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.  Venue is proven if any act in furtherance of the conspiracy occurred in the Southern District of New York, regardless of whether it was the act of either charged defendant or anyone else.  Finally, on the issue of venue -- and on this issue alone -- the Government can meet its burden by a preponderance of the evidence, that is, by showing that it was more likely than not that an act in furtherance of the conspiracy occurred in the Southern District of New York.

## III. CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 15

### Selection of Foreperson; Right to See Exhibits and Hear Testimony;

### Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room a thumb-drive with all the exhibits that were admitted into evidence and an index to help you find what you need. If you want any of the testimony provided, that can also be done, in either transcript, electronic, or read-back form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## INSTRUCTION NO. 16

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the Government, to prevail against a particular defendant, must prove each essential element of the conspiracy charge beyond a reasonable doubt. If the Government carries this burden with respect to a defendant, you should find that defendant guilty of that charge. Otherwise, you must find that defendant not guilty of that charge.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change an opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.

22