UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :    20-cr-188-2 (JSR)
         -v-                         :
                                     :    MEMORANDUM ORDER
HAMID AKHAVAN,                       :
                                     :
         Defendant.                  :
                                     :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

     Now before the Court is defendant Hamid Akhavan's second ex
parte request for leave to serve third-party subpoenas for
documents returnable in advance of trial pursuant to Federal Rule
of Criminal Procedure 17(c).  Familiarity with the underlying
evidentiary allegations of the case is here assumed.  For the
reasons that follow, the request is granted in part and denied in
part.

## Legal Standard

     The American civil discovery system is remarkably liberal.
Civil litigants may seek expansive and expensive discovery from
both party opponents and third parties.  In recent years, this
liberal discovery has even spawned a new industry of e-discovery
experts, with their algorithmic document review software and other
immodest innovations.

     Criminal cases are a different story. Besides the
Government's obvious ability to rely upon law enforcement to

conduct investigations, it also has an advantage in formal document discovery. The Government's subpoena powers, though taken in the name of the grand jury, are almost unlimited.  By contrast, the defendant is entitled to modest pre-trial discovery, and he must seek leave of Court prior to issuing a subpoena for documents returnable before trial.  See Fed. R. Crim. P. 17. Such judicial authorization should be granted, moreover, only if the defendant has demonstrated "(1) relevancy; (2) admissibility; and (3) specificity." United States v. Nixon, 418 U.S. 683, 700 (1974).

This Court joins those who have expressed doubt about the imbalance created by the Nixon standard. See, e.g., United States v. Tucker, 249 F.R.D. 58 (S.D.N.Y. 2008).  For example, Judge Scheindlin found that the standard, while appropriate in the unique context faced by the Supreme Court in Nixon, should not be unnecessarily expanded because it

> is inappropriate where production is requested by (A) a criminal defendant; (B) on the eve of trial; (C) from a non-party; (D) where the defendant has an articulable suspicion that the documents may be material to his defense.  A defendant in such a situation need only show that the request is (1) reasonable, construed as "material to the defense," and (2) not unduly oppressive for the producing party to respond.

Id. at 66.  This Court concurs.

### Analysis

The Court previously granted Akhavan's first ex parte motion for subpoenas under Rule 17(c), authorizing him to serve subpoenas

upon certain U.S. financial institutions, as well as Visa and Mastercard. Akhavan now requests authorization to issue three new categories of subpoenas.

First, after Akhavan served the previously authorized subpoenas upon certain U.S. financial institutions, those institutions identified their subsidiaries as the more appropriate recipients for such subpoenas. Akhavan seeks leave to serve the subpoenas on these subsidiaries.

Second, Akhavan previously served subpoenas upon Visa and Mastercard. He seeks leave to serve supplemental subpoenas upon Visa and Mastercard requiring production of agreements between Visa or Mastercard, on the one hand, and specified merchant banks and independent sales operators, on the other, concerning credit card processing and/or those entities' member status.

For the reasons stated in Akhavan's first application, the requested subpoenas in both categories are reasonable and not unduly oppressive, so the Court grants Akhavan's request as to these first two categories.

The third category is much broader. Akhavan seeks leave to serve a subpoena upon Eaze Technologies, Inc. ("Eaze"), the online marijuana marketplace company with which Akhavan was affiliated. It stands to reason that Eaze may have in its possession information material to Akhavan's defense. However, several of the nine categories of documents requested by Akhavan are extremely

broad.   For example, Akhavan seeks leave to subpoena Eaze for "documents and communications that reflect Eaze's communications with issuing banks in the U.S. in connection with Eaze addressing consumer disputes," regardless of the nature of the consumer dispute.   As another example, Akhavan seeks "documents and communications regarding Eaze's efforts to ensure dispensary compliance with state and local law, including, but not limited to, with regard to medical use regulations, dispensary licensing requirements, taxation, and banking and financial services." This could be read to cover, for example, emails regarding dispensaries' tax returns.  He also seeks "documents and communications regarding customer service complaints related to credit or debit card purchases through Eaze," regardless of the nature of the complaint.

There is, doubtless, relevant information among the nine categories of documents requested by Akhavan; but, without multiplying examples further, it is obvious that the requested subpoena is grossly over-broad and, therefore, unduly oppressive. This Court will not command Eaze to turn over the haystack so that Akhavan can extract the needle.  Accordingly, Akhavan's request to issue a subpoena as to Eaze is denied, without prejudice to renewal.   Should Akhavan renew his request, he must demonstrate that the request is reasonable (i.e., material to his defense) and not unduly oppressive.

For the foregoing reasons, Akhavan's second ex parte request for leave to issue third-party subpoenas is granted in part and denied in part.  To avoid disclosing information that could reveal Akhavan's trial strategy, the Court orders that this order be temporarily sealed.  It will be unsealed and docketed following the close of evidence at trial.

SO ORDERED.

Dated:    New York, NY
          November 9, 2020          JED S. RAKOFF, U.S.D.J.