UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
UNITED STATES OF AMERICA,                      :
:
:
     v.                                        :    No. 20 Cr. 188 (JSR)
:
RUBEN WEIGAND and                              :
HAMID "RAY" AKHAVAN,                           :
:
:
                    Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# HAMID AKHAVAN'S REPLY IN SUPPORT OF MOTION TO STAY THE FORFEITURE ORDER PENDING APPEAL

William A. Burck
Derek L. Shaffer
Brian McGrail
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW #900
Washington, D.C. 20005
Telephone:  (202) 538-8000
Email: williamburck@quinnemanuel.com
Email: derekshaffer@quinnemanuel.com
Email: brianmcgrail@quinnemanuel.com

Christopher Tayback
Mari Henderson
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Email: christayback@quinnemanuel.com
Email: marihenderson@quinnemanuel.com

Ira P. Rothken
Jared Smith
Rothken Law Firm
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone: (415) 92404250
Email: ira@techfirm.net
Email: jared@techfirm.net


Sara Clark
Quinn Emanuel Urquhart & Sullivan, LLP
Pennzoil Place
711 Louisiana St., Suite 500
Houston, TX 77002
Telephone:  (713) 221-7010
Email: saraclark@quinnemanuel.com

*Attorneys for Hamid "Ray" Akhavan*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1
ARGUMENT .................................................................................................................................. 2
    I.    MR. AKHAVAN HAS SHOWN A LIKELIHOOD OF SUCCESS ON APPEAL. ................................... 2
    II.   THE BALANCE OF HARMS FAVORS A STAY. ......................................................................... 5
CONCLUSION ............................................................................................................................... 7

## CASES

*Diesel v. Town of Lewisboro*,
　232 F.3d 92 (2d Cir. 2000).................................................................................................. 3

*Levy v. Young Adult Institute, Inc.*,
　103 F.Supp. 3d 426 (S.D.N.Y. 2015)................................................................................. 3

*Mohammed v. Reno*,
　309 F.3d 95 (2d Cir. 2002).................................................................................................. 2

*Thapa v. Gonzales*,
　460 F.3d 323 (2d Cir. 2004)................................................................................................ 2

*United States v. Christie*,
　249 F. Supp. 3d 739, 743 (S.D.N.Y. 2017)......................................................................... 1

*United States v. Grote*,
　961 F. 3d 105 (2d Cir. 2020).............................................................................................. 1

*Wells Fargo Bank, N.A. v. ESM Fund I, LP*,
　2012 U.S. Dist. LEXIS 102940 (S.D.N.Y. Apr. 3, 2012)................................................... 2

## OTHER AUTHORITIES

Fed. R. Crim. P. 32.2(d)............................................................................................................... 1

Defendant Hamid "Ray" Akhavan hereby respectfully submits this reply to the government's opposition to his motion to stay the forfeiture order pending appeal.

## PRELIMINARY STATEMENT

Federal Rule of Criminal Procedure 32.2(d) permits a court to "stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review." Fed. R. Crim. P. 32.2(d). "Under Rule 32.2, the Government bears the burden of showing that it is entitled to forfeiture on a standard of preponderance of evidence." *United States v. Christie*, 249 F. Supp. 3d 739, 743 (S.D.N.Y. 2017).[1]

Each of the four factors relevant to the Court's determination of whether to stay the forfeiture order pending appeal favors a stay.[2] First, Mr. Akhavan has made a strong showing that he is likely to succeed on the merits. Mr. Akhavan's appeal of his conviction will raise serious questions regarding materiality, intent to harm, and the application of the Confrontation Clause in a global pandemic—circumstances that were, as the Court recently noted, "extraordinarily unusual." *See* ECF 332 at 14. Beyond that, both the procedural and substantive foundations of the forfeiture order are shaky, and Mr. Akhavan's appeal from the forfeiture order will raise additional, substantial questions specifically as to the sums at issue. Second, the balance of hardships strongly favors a stay. Mr. Akhavan's few remaining assets are all that remain for him to provide for his family, and he and his family will suffer irreparable harm if the government is able to seize those assets pending appeal. On the other hand, neither the government nor the public has any interest in these assets in the interim, especially considering that there is no restitution and

---

[1] Unless otherwise noted, internal citations, quotation marks, and alterations are omitted from citations in this memorandum of law.

[2] The government and defense agree on the factors governing a stay pending appeal, as set forth in *United States v. Grote*. *See* 961 F. 3d 105, 122–23 (2d Cir. 2020); Response (ECF 330) at 4, n.2.

1

no harm to any of the alleged "victims" of the scheme in this case. In these circumstances, the status quo should be preserved and a stay is appropriate. *See Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) ("The necessary level or degree of possibility of success will vary according to the court's assessment of the other stay factors. . . . The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one excuses less of the other."); *Wells Fargo Bank, N.A. v. ESM Fund I, LP*, 2012 U.S. Dist. LEXIS 102940, at *10 (S.D.N.Y. Apr. 3, 2012) (noting that where the movant "shows serious questions going to the merits of its appeal as well as irreparable harm, the stay may be granted if the balance of hardships tips decidedly in favor of the moving party"); *Thapa v. Gonzales*, 460 F.3d 323, 335 (2d Cir. 2004) (explaining that a stay may be appropriate if the movant can demonstrate "some possibility of success and the balance of hardships tips decidedly in his favor").

## ARGUMENT

### I.   Mr. Akhavan has shown a likelihood of success on appeal.

***Conviction.*** The defense and government both reference their arguments in the Rule 29 and Rule 33 briefing with regard to Mr. Akhavan's likelihood of success on appeal of his conviction—arguments that the defense will not repeat here. But it bears noting, in light of this Court's recent order denying those motions, that Mr. Akhavan's appeal will raise substantial questions, some likely of first impression. First, the defense has identified no prior bank fraud case involving neither intended nor actual harm. Second, the defense is unaware of any other bank fraud case in which materiality was adjudged through a *post hoc* lens, as it has been here. Nor is there record evidence indicating that, if the issuing banks had received accurate information, any issuing bank would have declined the transaction. Finally, as the Court noted, Mr. Akhavan's Confrontation Clause challenge arises in the context of the global COVID-19 pandemic, during

which this was among only a handful of criminal trials that proceeded before vaccines became widely available. No on-point appellate precedent has balanced competing interests in advancing criminal trials versus protecting the rights of the accused as this Court has. At a minimum, these circumstances together present substantial grounds for appeal and counsel in favor of a stay.

***Forfeiture.*** The defense respectfully submits that the premises of the forfeiture order may not hold up on appeal. As issued, the verbal order of forfeiture adopts an under-developed, under-supported alternative theory that the government floated as an afterthought, in the absence of proper procedure or evidentiary basis. It suffices to note that the validity of the forfeiture order will be substantially in question on appeal, on multiple grounds apart from questions surrounding the underlying conviction. To the extent the Court does not hold an evidentiary hearing to revisit the basis and contours of the forfeiture order, as also respectfully requested, stay of the order is appropriate pending appellate resolution.

It comes with poor grace for the Government now to suggest that Mr. Akhavan was untimely in requesting an evidentiary hearing as to the forfeiture at issue. *See* ECF 330 at 2, 8. Although the Government does not so acknowledge, it offered its operative theory of forfeiture only in a footnote prior to the sentencing hearing. *See* ECF 313 at 9, n.4. Such footnote-based arguments generally are not considered properly presented or preserved. *See Diesel v. Town of Lewisboro*, 232 F.3d 92, 110 (2d Cir. 2000); *Levy v. Young Adult Institute, Inc.*, 103 F.Supp. 3d 426, 441 (S.D.N.Y. 2015). Nor did the government's proposed order in any way preview the alternative theory of forfeiture that the Court wound up adopting. *See* ECF 313-1. When attention turned at the sentencing hearing to the specifics of the forfeiture now at issue, the Court asked Mr. Akhavan if he would like an evidentiary hearing, and Mr. Akhavan thereafter requested one. In denying the request, the Court did not suggest that it took the defense's request as untimely. *See*

3

Sentencing Tr. at 36:17 – 37:1; 38:8-11.  If anything is procedurally suspect, it is the Government's effort to recover more than $17 million based on three sentences of sketchy reasoning in an obscure footnote—not Mr. Akhavan's request to subject that reasoning to evidentiary testing as soon as the Government pivoted to this as its operative forfeiture theory.

It is difficult to understand the government's assertion that there was "extensive" argument about this particular forfeiture.  Treatment of the $17-million figure is limited to two-and-a-half pages of transcript, of which only 12 lines reflect the defense speaking, including where the defense unsuccessfully requested a separate hearing.  Sentencing Tr. at 35:19 – 37:25.  That is no substitute for the process, including an evidentiary hearing, that is contemplated by rule and was specifically requested by the defense.

The substantive questions surrounding the forfeiture are part and parcel of the procedure surrounding it, and they too are substantial.  At the sentencing hearing, there was neither substantive argument nor discussion of evidence regarding the soundness of the government's calculation.  This calculation evinces much the same defects the Court identified in the government's theory that the forfeiture amounts should be $156 million:  namely, the amount is untethered to anything Mr. Akhavan made or that any of the victims lost.  Instead, it reflects nothing more than momentary transfers through accounts Mr. Akhavan did not control.  *See* Sentencing Tr. at 32:17-23.  Such defects call into question the $17 million figure no less than the $156 million figure.

The government cannot change the calculus with its belated attempt now to shore up the record in its response.  As set forth in Mr. Akhavan's Motion to Stay (ECF 323), the evidence in the trial record does not establish Mr. Akhavan's control of any of the funds once actual processing began.  Nor does specific evidence now cited establish it.  For example, GX 1709 does not show

4

the transfer of any funds to Mr. Akhavan.  To the contrary, it reflects a conversation among alleged co-conspirators, *excluding* Mr. Akhavan, about getting funds transferred to the dispensaries in U.S. dollars (rather than in Euros).  As set forth in his Motion to Stay, the rest of the cited evidence goes no further toward establishing beyond mere speculation that Mr. Akhavan ever controlled any of the funds that flowed through the scheme, much less $17 million.  *See* ECF 323 at 8-10.

Especially considering that the forfeiture order is untethered to any loss or gain attributable to Mr. Akhavan yet represents 17 times the statutory maximum fine (accepting the government's theory for the sake of argument only), it presents substantial questions on appeal, including as to whether the order violates Mr. Akhavan's Eighth Amendment right to be free from excessive fines. *See* ECF 317 at 12-14.

## II.     The balance of harms favors a stay.

Unless stayed, the forfeiture order poses irreparable harm to Mr. Akhavan and his family. As the government is well aware, Mr. Akhavan lacks sufficient liquid assets to satisfy the forfeiture order.[3]  Mr. Akhavan's present liabilities, including tax liabilities, far exceed his assets.  The few assets Mr. Akhavan does have with any significant monetary value—his life insurance policy and the home he shares with his parents—both implicate the interests of innocent third parties. Opening the door for the government to move forward with a seizure of those assets will only

---

[3]  The government reiterates its belief that Mr. Akhavan has money hidden in an offshore trust, based on one messenger conversation in which Mr. Akhavan did not participate.  *See* ECF 330 at 13 and GX 1733.  As set forth in his sentencing memorandum, the referenced Trust was never funded, and does not contain any assets.  *See* ECF 313 at 8, n. 13 (citing Declaration of P. Phancao).  Put simply, Mr. Akhavan does not have offshore accounts—and the government has never identified any credible evidence to the contrary.

needlessly multiply litigation costs for those innocent parties—namely, Mr. Akhavan's ex-wife, children and elderly parents.[4]

Nor does the government change the stay calculus by noting that it has yet to move "for a separate order of forfeiture for specific substitute assets." ECF 330 at 11. If the government thereby means to suggest that it has no intention of collecting on the forfeiture judgment during the pendency of appeal, then it has no reason to oppose the instant stay request. Alternatively, if the government *does* envision pursuing collection and potentially seeking such a follow-on order assuming stay is denied, then there is no reason not to resolve the issue now; doing so will promote judicial economy and afford security and certainty to innocent third parties whose vital interests hang in the balance. This Court has good reason to account here and now for the overall balance of equities and to preserve the status quo via an appropriate stay as the appeal proceeds, rather than inviting serial motions and collection efforts by the government.

Nor is there any substance to the government's concerns that Mr. Akhavan will dissipate, sell, or transfer his assets in a way that will harm the government's interest. Mr. Akhavan's current expenditures are being made to cover his obligations, primarily with regard to taxes, loan servicing, mortgage payments, and maintenance on his remaining physical assets. There is no indication and no reason to suspect that Mr. Akhavan, who is incarcerated, is doing anything other than trying to keep up with his ongoing payment obligations to maintain the very few assets he has left (which obligations will almost certainly outstrip his assets in the near term). Had Mr. Akhavan wanted to liquidate or transfer his assets for some nefarious purpose, he might have done so in the 18 months

---

[4] Notably, there is no reason to believe the value of either of these particular assets will diminish with time.

prior to this order. He has not, and he will not, because those assets are what he has left to support his family, which has always been, and continues to be, his priority.[5]

By contrast, neither the government nor the public will be harmed by a stay. In this no-loss case, the public has no interest in Mr. Akhavan's few remaining assets. Nor does the government stand to lose anything by the stay. Mr. Akhavan's financial worth is already in the red, and there is no argument that the government will be able to step in front of either the IRS or secured lenders to execute on its judgement in the short term. If the government ultimately prevails, it will have the same right to seek to collect from whatever remains or by executing on whatever future wealth Mr. Akhavan may amass after he serves his sentence. There is no harm in waiting for a final resolution, rather than putting Mr. Akhavan and innocent third parties through drawn out and costly litigation in the meantime.

## **CONCLUSION**

For the foregoing reasons, the Mr. Akhavan respectfully requests the Court stay the order of forfeiture pending resolution of Mr. Akhavan's appeal.

---

[5] To the extent the Court is concerned with any particular expenditure, Mr. Akhavan would propose a mechanism by which regular, ordinary course expenditures (such as taxes, property maintenance, legal bills, etc.) can be approved by the government or the Court, and by which sales of other assets in *bona fide*, fair market transactions can be carried out, in order to meet these obligations and preserve the overall value of Mr. Akhavan's remaining estate. The government has indicated it would be amendable to an arrangement under which these types of transactions would be permissible if approved in writing by the government or, alternatively, with Court approval. Mr. Akhavan has no objection to such an arrangement.

| | |
|---|---|
| July 6, 2021 | Respectfully submitted, |
| ROTHKEN LAW FIRM | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| */s/ Ira Rothken* | */s/ William A. Burck* |
| Ira Rothken | William A. Burck |
| Jared Smith | Derek L. Shaffer |
| 3 Hamilton Landing | Brian McGrail |
| Suite 280 | 1300 I St. NW #900 |
| Novato, CA 94949 | Washington, DC 20005 |
| Telephone: (415) 92404250 | Telephone: (202) 538-8000 |
| Email: ira@techfirm.net | Fax: (202) 538-8100 |
| Email: jared@techfirm.net | Email: williamburck@quinnemanuel.com |
| | Email: derekshaffer@quinnemauel.com |
| | Email: brianmcgrail@quinnemanuel.com |
| | |
| | Christopher Tayback |
| | Mari Henderson |
| | 865 S Figueroa Street 10th Floor |
| | Los Angeles, CA 90017 |
| | Telephone: (213) 443-3000 |
| | Fax: (213) 443-3100 |
| | Email: christayback@quinnemanuel.com |
| | Email: marihenderson@quinnemanuel.com |
| | |
| | Sara C. Clark |
| | 711 Louisiana St., Ste. 500 |
| | Houston, Texas 77002 |
| | Telephone: (713) 221-7000 |
| | Fax: (713) 221-7100 |
| | Email: saraclark@quinnemanuel.com |