UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :

UNITED STATES OF AMERICA
                                             :   **PRELIMINARY ORDER OF**

       - v. -                      :   **FORFEITURE AS TO**
                                             :   **<u>SUBSTITUTE ASSETS</u>**

HAMID AKHAVAN,
  a/k/a "Ray Akhavan"               :   S3 20 Cr. 188 (JSR)

                    Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, or about March 9, 2020, HAMID AKHAVAN (the "Defendant"), along with another, was charged in a Superseding Indictment, S3 20 Cr. 188 (JSR) (the "Indictment"), with conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 1349 (Count One);

        WHEREAS, on or about March 24, 2021, the Defendant was found guilty after trial of Count One of the Indictment;

        WHEREAS, on or about August 30, 2021, the Court entered an Opinion and Order imposing a forfeiture obligation of $103,750 against Defendant. (Dkt. 352);

        WHEREAS, on or about August 31, 2021, the Court entered Judgment against the Defendant with regard to Count One of the Indictment and ordered him to forfeit $103,750 (the "Forfeiture Obligation") (Dkt. 353).

        WHEREAS, to date, the entire Forfeiture Obligation against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

Any and all redemption and/or distributions payments in any form payable to HAMID AKHAVAN resulting from his investment in the private investment fund Solus 2 LLC, which is managed by Solus Alternative Asset Management LP located at 25 Maple Street, Summit, NJ 07901, up to the amount of $103,750.00 in United States currency

(the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.     All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.     Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure custody and control.

3.     Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Forfeiture Obligation entered against the Defendant.

4.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United

States shall publish for at least thirty (30) consecutive days on the official government internet

forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute

Assets and provide notice that any person, other than the Defendant in this case, claiming an

interest in the Substitute Assets must file a petition within sixty (60) days from the first day of

publication of the notice on this official government internet site, or no later than thirty-five (35)

days from the mailing of actual notice, whichever is earlier.

5.      The notice referenced in the preceding paragraph shall state that the petition

shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute

Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and

extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts

supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code,

Section 853(n).

6.      The United States may also, to the extent practicable, provide direct written

notice to any person, other than the Defendant, known to have an alleged interest in the Substitute

Assets, as a substitute for published notice as to those persons so notified.

7.      Upon adjudication of all third-party interests, this Court will enter a Final

Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code,

Section 853(n), in which all interests will be addressed.

8.      The Court shall retain jurisdiction to enforce this Preliminary Order of

Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of

Criminal Procedure 32.2(e).

Dated: New York, New York
~~April~~ 5, 2022

SO ORDERED:

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

4