UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | **FINAL ORDER OF FORFEITURE** |
| -v.- | S3 20 Cr. 188 (JSR) |
| HAMID AKHAVAN, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about May 5, 2022, this Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Assets Order") (D.E. 371), which ordered the forfeiture to the United States of all right, title and interest of HAMID AKHAVAN (the "Defendant") in the following property:

a. Any and all redemption and/or distributions payments in any form payable to HAMID AKHAVAN resulting from his investments in the private investment fund Solus 2 LLC, which is managed by Solus Alternative Asset Management LP located at 25 Maple Street, Summit, NJ, up to the amount of $103,750.00 in United States currency;

(the "Substitute Assets");

WHEREAS, the Substitute Assets Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Assets Order, notice of the United States' intent to dispose of the Substitute Assets, and the requirement that any person asserting a legal interest in the Substitute Assets must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Substitute Assets Order further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Assets and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Assets before the United States can have clear title to the Substitute Assets;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on May 28, 2022, for thirty (30) consecutive days, through June 26, 2022, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on August 2, 2022 (D.E. 372);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Substitute Assets have been filed;

WHEREAS, the Defendant is the only person an/or entity known by the Government to have a potential interest the Substitute Assets;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Substitute Assets is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.  Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Assets.

3.  The United States Marshals Service (or its designee) shall take possession of the Substitute Assets and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
       8/23/, 2022

SO ORDERED:

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

3